FILED

**FOLEY & LARDNER LLP**
555 SOUTH FLOWER STREET, SUITE 3500
LOS ANGELES, CA 90071-2411
TELEPHONE: 213.972.4500
FACSIMILE: 213.486.0065

2012 OCT 30 AM 11: 26

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

JOHN G. YSLAS, CA Bar No. 187324, jyslas@foley.com
CHRISTOPHER WARD CA Bar No. 23877, cward@foley.com
JEREMY C. WOODEN CA Bar No. 253088, jwooden@foley.com
ATTORNEYS FOR DEFENDANTS UNIVERSAL CITY STUDIOS
PRODUCTIONS LLLP (FORMERLY KNOWN AND SUED HEREIN
AS VIVENDI UNIVERSAL ENTERTAINMENT LLLP),
UNIVERSAL CITY STUDIOS LLC, NBCUNIVERSAL MEDIA,
LLC, UNIVERSAL STUDIOS COMPANY LLC (FORMERLY
KNOWN AS AND SUED HEREIN AS UNIVERSAL STUDIOS, INC.),
COMCAST CORPORATION, AND LARRY KURZWEIL

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

URIEL LUNA, individually, and on behalf of all others similarly situated,

Plaintiffs,

v.

VIVENDI UNIVERSAL ENTERTAINMENT, LLLP, a Delaware limited liability limited partnership; UNIVERSAL CITY STUDIOS, LLC, a Delaware limited liability company; NBCUNIVERSAL MEDIA, LLC, a Delaware limited liability corporation; UNIVERSAL STUDIOS, INC., a Delaware corporation; COMCAST CORPORATION, a Pennsylvania corporation; LARRY KURZWEIL, an individual; and DOES 1 through 100, inclusive,

Defendants.

Case No. **CV12-09286-PSG(SSx)**

**DEFENDANTS' NOTICE OF REMOVAL (FEDERAL QUESTION, DIVERSITY AND CAFA JURISDICTION)**

*[Filed concurrently with Declaration of Gabriela Garcia Kornzweig, Declaration of Mark Higginbotham, Declaration of Larry Kurzweil and Declaration of John G. Yslas in support]*

CASE FILED: AUGUST 21, 2012

## TO THE CLERK OF THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA – WESTERN

## DIVISION:

**PLEASE TAKE NOTICE** that Defendants Universal City Studios

Productions LLLP (formerly known and sued herein as Vivendi Universal

Entertainment LLLP), Universal City Studios LLC, NBCUniversal Media, LLC, Universal Studios Company LLC (formerly known and sued herein as Universal Studios, Inc.), Comcast Corporation, and Larry Kurzweil (hereinafter collectively "Defendants") hereby invoke this Court's jurisdiction under the provisions of 28 U.S.C. §§ 1331, 1332, 1441, & 1446, as amended by the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 118 Stat. 4 ("CAFA"), as well as the provisions of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185 *et seq*., and state the following grounds for removal to the United States District Court for the Central District of California:

1.     Plaintiff Uriel Luna ("Plaintiff") commenced this action on or about August 21, 2012 by filing an unverified Complaint in the Superior Court of the State of California, County of Los Angeles, entitled "*Uriel Luna, individually, and on behalf of all others similarly situated v. Vivendi Universal Entertainment LLLP, et al.*," Case No. BC 490392.  A true and correct copy of the Summons and Complaint and all other process and pleadings in this matter are attached hereto as Exhibit "A" and incorporated herein by reference.

2.     The Complaint contains ten purported causes of action asserting that Defendants violated various California wage and hour laws.  Specifically, the Complaint alleges the following theories of liability in connection with Plaintiff's employment, as well as the employment of a putative class of "similarly situated" individuals: (1) Failure to Provide Required Meal Periods; (2) Failure to Provide Required Rest Periods; (3) Failure to Provide Overtime Wages; (4) Failure to Pay Minimum Wage; (5) Failure to Pay All Wages Due to Discharged and Quitting Employees; (6) Failure to Maintain Required Records; (7) Failure to Furnish Accurate Itemized Statements; (8) Failure to Indemnify Employees for Necessary Expenditures Incurred in Discharge of Duties; (9) Unfair and Unlawful Business Practices; and (10) Penalties under the Labor Code Private Attorneys General Act ("PAGA") representative action.

DEFENDANTS' NOTICE OF REMOVAL
CASE NO.

4816-8558-2609.2

3.     As demonstrated below, this Court has original jurisdiction over each of these claims.

## FEDERAL QUESTION JURISDICTION

4.     During his employment, Plaintiff has been a member of and represented by UNITE HERE Local 11 (the "Union").  [*See* Declaration of Mark Higginbotham ("Higginbotham Decl."), p. 2, ¶ 2.]

5.     Defendant Universal City Studios LLC and the Union representing Plaintiff are parties to a collective bargaining agreement and related memorandums of agreement (the "Local 11 CBA") that was in force for the duration of Plaintiff's employment.  [Higginbotham Decl., p. 2, ¶ 3.[1]]  The Local 11 CBA addresses wages, hours, and terms and conditions of employment for employees, including Plaintiff during his employment.  [Higginbotham Decl., p. 2, ¶ 3.]

6.     Specifically, the Local 11 CBA contains express provisions regarding overtime provisions and when and how employees covered by the Local 11 CBA are entitled to premium wages for hours worked in excess of certain daily and weekly thresholds.  [Higginbotham Decl., p. 2, ¶ 3, Exhibit A, pp. 4 and 9.]  The Local 11 CBA also contains provisions pertaining to penalties for purportedly missed meal periods.  [Higginbotham Decl., p. 2, ¶ 3, Exhibit A, pp. 4 and 6.]  Additionally, the Local 11 CBA contains provisions regarding payment of costs to covered employees associated with potential expenses associated with wearing and maintaining employee uniforms.  [Higginbotham Decl., p. 2, ¶ 3, Exhibit A, pp. 8 and 10.]

7.     California Labor Code § 510 establishes California's requirement for payment of overtime wages for hours of work in excess of eight in one day and/or 40 in one week.  However, Section 514 of the Labor Code provides that Section

---

[1] More precisely, the agreements were between 1) Universal City Studios LLC (memorandum of agreement, 2011-2014); 2) Universal City Studios LLLP (memorandum of agreement, 2006-2011); and 3) Universal City Studios, Inc. (agreement, 2001-2006).  [Higginbotham Decl., p.2, ¶3, Exhibit A.]

3

510's requirements "do not apply to an employee covered by a valid collective bargaining agreement if the agreement expressly provides for the wages, hours of work, and working conditions of the employees, and if the agreement provides premium wage rates for all overtime hours worked."

8.     Labor Code Section 512(d) also states that if an employee is covered by a valid collective bargaining agreement that provides for meal periods and includes a monetary remedy if the employee does not receive a meal period required by the agreement, then the terms, conditions and remedies of the agreement pertaining to meal periods apply in lieu of the otherwise applicable provisions pertaining to meal periods in Labor Code § 226.7(a) and Industrial Welfare Commission Wage Orders 11 and 12.

9.     The Local 11 CBA expressly provides for wages, hours of work and working conditions of covered employees, and further provides for premium wages for overtime hours.  [Higginbotham Decl., p. 2, ¶ 3, Exhibit A, pp. 4 and 9.] Accordingly, per the express provisions of Labor Code § 514, the overtime requirements of Labor Code § 510 do not apply to Plaintiff and other similarly situated individuals he seeks to represent who are covered by the Local 11 CBA.

10.     The Local 11 CBA also expressly provides for a monetary remedy if the employee purportedly does not receive a meal period.  [Higginbotham Decl., p. 2, ¶ 3, Exhibit A, pp. 4 and 6.]  Accordingly, per the express provisions of Labor Code § 512(d), Labor Code § 226.7(a) and the meal period provisions of Wage Orders 11 and 12 do not apply to Plaintiff or to other similarly situated individuals he seeks to represent who are covered by the Local 11 CBA.

11.     Plaintiff alleges in the Third Cause of Action that Defendants failed to properly pay overtime to himself and others under the requirements of Labor Code § 510.  However, Plaintiff's overtime allegations are not dependent exclusively upon the state overtime rights created by Labor Code § 510.  Rather, because California's statutory overtime provisions do not apply to employees covered by a

4

collective bargaining agreement that independently addresses overtime hours and premium pay, Plaintiff's allegations of improper overtime pay are in actuality allegations of failure to abide by the terms of the Local 11 CBA.  *See Firestone v. So. Cal. Gas Co.*, 219 F.3d 1063, 1068 (9th Cir. 2000) (noting that where employees have opted out of California's overtime provisions through a collective bargaining agreement, a claim for unpaid overtime is preempted by the LMRA).

12.    Further, Plaintiff alleges in his First Cause of Action and Prayer for Relief that Defendants failed to properly provide meal periods to him and others under the requirements of Labor Code §§ 226.7(a) and 512, as well as Wage Order 10.[2]  However, Plaintiff's meal period allegations are not dependent exclusively upon the meal period rights created by these provisions.  Rather, because California's statutory meal period penalty provisions do not apply to employees covered by a collective bargaining agreement that independently addresses penalty and premium pay, Plaintiff's allegations of improper meal periods and associated alleged penalties are in actuality allegations of failure to abide by the terms of the Local 11 CBA.

13.    Labor Code § 2802 additionally requires that employers indemnify employees for all necessary expenditures incurred by the employee in direct discharge of the employee's duties.  However, the California Supreme Court has expressly recognized that under Labor Code § 2802, rates of reimbursement for employee-incurred expenses may be properly the subject of negotiation and agreement between the employer and employees provided that the agreement provides reimbursement for anticipated employee expenses.  *See Gattuso v. Harte-Hanks Shoppers, Inc.*, 42 Cal. 4th 554, 569-70 (2007).

14.    In Plaintiff's Eighth Cause of Action, Plaintiff alleges that Defendants failed to indemnify him and others for expenses including expenses relating to

---

[2] Defendants dispute these factual allegations and Plaintiff's assertions of law, including the specific Wage Order which he contends applies to his individual situation.

DEFENDANTS' NOTICE OF REMOVAL
CASE NO.

uniform use.  The CBA expressly provides for a weekly uniform allowance such that, in accordance with *Gattuso*, employees such as Plaintiff have negotiated rates for payment of costs to covered employees associated with potential expenses associated with wearing and maintaining employee uniforms above what is required by law.  [Higginbotham Decl., p. 2, ¶ 3, Exhibit A, pp. 8 and 10.]

15.     Section 301 of the LMRA, 29 U.S.C. § 185 provides that "[s]uits for violation of contracts between an employer and a labor organization representing employees . . . may be brought in any district court of the United States having jurisdiction of the parties . . . ."  29 U.S.C. § 185(a).  The United States Supreme Court has stated that federal law should govern actions concerning the interpretation and enforcement of collective bargaining agreements.  *See Steelworkers v. Rawson,* 495 U.S. 362, 368 (1990); *Textile Workers v. Lincoln Mills*, 353 U.S. 448 (1957).  Section 301 thus completely preempts all state law claims that are based upon, or require interpretation of, a collective bargaining agreement.  *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985); *Cramer v. Consol. Freightways, Inc.*, 255 F.3d 683, 693 (9th Cir. 2001) (en banc).  Furthermore, because Section 301 preempts state law claims that allege a violation of or require interpretation of a collective bargaining agreement, the United States District Court has original jurisdiction over such claims and state law actions may be properly removed to federal court.  *Ramirez v. Fox Television Station, Inc.*, 998 F.2d 743, 747 (9th Cir. 1993).

16.     In the present matter, because payment of overtime, meal periods and potential penalties are subjects of the Local 11 CBA as is proper under Labor Code §§ 226.7(a), 512(d) and 514, Plaintiff's claims for failure to pay proper overtime and meal periods are dependent upon proof of a violation of the terms of the Local 11 CBA with respect to both himself and all others who he seeks to represent covered by the Local 11 CBA.  The issue of whether Plaintiff and others have been paid proper overtime and/or for alleged missed or otherwise allegedly unlawful

DEFENDANTS' NOTICE OF REMOVAL
CASE NO.

meal periods thus cannot be resolved without interpreting the overtime provisions of the Local 11 CBA itself.

17.     Additionally, the Local 11 CBA also provides for reimbursement of employee related expenses, including uniform expenses.  To determine whether Plaintiff has any possible claim under Labor Code § 2802, interpretation of the Local 11 CBA will be required to assess whether the expenses claimed by Plaintiff and those he seeks to represent are covered by the reimbursement provisions of the Local 11 CBA.  Plaintiff's failure to indemnify employee expenses allegations thus cannot be resolved without reference to, and interpretation and application of, the reimbursement and employee expense provisions of the Local 11 CBA

18.     Further, in addition to the employees subject to the Local 11 CBA, various employee groups working for Universal Studios in Universal City, California are covered by collective bargaining agreements that have been negotiated with several different unions  – separate and apart from the Local 11 CBA – which also address wages, hours, and other terms and conditions of employment.  [Higginbotham Decl., p. 2, ¶ 2.]

19.     Because Plaintiff's overtime, meal period and expense indemnification claims each require interpretation of the Local 11 CBA, those claims are completely preempted by § 301 of the LMRA and this Court has original federal question jurisdiction over such claims.  *Rawson,* 495 U.S. at 368; *Lueck*, 471 U.S. at 220; *Cramer*, 255 F.3d at 693.  This Court likewise has original federal jurisdiction over the alleged overtime, meal period and expense indemnification class claims Plaintiff purports to bring on behalf of other Universal Studios employees covered by different collective bargaining agreements.  Removal of such claims is thus proper under 28 U.S.C. §§ 1331 and 1441 as one in which the federal district courts have original jurisdiction.  *Ramirez*, 998 F.2d at 747.

20.     Because this Court has original jurisdiction over Plaintiff's overtime,

7

1   meal period and reimbursement claims, it further has jurisdiction over the entire

2   action because, where a plaintiff brings both preempted and non-preempted state

3   law claims as part of the same action, the non-preempted state law claims are also

4   properly removable under 28 U.S.C. § 1367.  *See Beneficial Nat'l Bank v.*

5   *Anderson*, 535 U.S. 1, 8 n.3 (2003).

6          21.    Removal of entire Complaint is thus proper under 28 U.S.C. §§ 1331,

7   1367 and 1441 as one in which the federal district courts have original jurisdiction.

8   *Ramirez*, 998 F.2d at 747.

9                              **CAFA JURISDICTION**

10         22.    Removal jurisdiction exists under CAFA over (a) a class action

11  complaint where, (b) there are at least 100 class members, (c) the matter in

12  controversy exceeds the sum or value of $5,000,000, exclusive of interest and

13  costs, and (d) there exists minimal diversity between plaintiffs and defendant.  *See*

14  28 U.S.C. §§ 1332(d)(1)(B), (d)(5)(B), (d)(2), and (d)(2)(A)-(C).  Plaintiff's

15  Complaint meets these jurisdictional requirements for CAFA removal.

16       **Plaintiff's Complaint Is A Class Action Removable Under CAFA**

17         23.    In his Complaint, Plaintiff seeks certification of a representative class

18  action, apparently based on California Code of Civil Procedure § 382.  [Complaint,

19  Exhibit A, p. 29, ¶15.]  Indeed, on the caption, Plaintiff specifically identifies this

20  matter as a "CLASS ACTION."  [Complaint, Exhibit A, p. 25.]

21         24.    CAFA permits removal where, as here, a complaint initiates a "civil

22  action under . . .  State statute or rule of judicial procedure authorizing an action to

23  be brought by 1 or more representative persons as a class action."  28 U.S.C.

24  § 1332(d)(1)(B).

25     **Plaintiff Seeks To Represent A Class Of Approximately 9,600 Members**

26         25.    Plaintiff purports to represent a proposed class consisting of all

27  "current and former non-exempt employees of Defendants in the State of

28  California at any time during the four (4) years preceding the filing of this action,

8

and continuing while this action is pending."  [Complaint, Exhibit A, p. 26, ¶ 2.]
Based on a good faith review of the information currently available, Defendants
have determined that under the NBCUniversal entities, not including Comcast
employees, there are approximately 9,600 non-exempt employees in the State of
California.   [Higginbotham Decl., p. 3, ¶ 4.]  As a result, taking Plaintiff's
allegations as true, there are more than 100 members in the proposed class.

### Both Minimal And Complete Diversity Exist

26.    Plaintiff is a citizen of the State of California and is domiciled in
California.  [Complaint, Exhibit A, p. 25, ¶ 1.]

27.    Defendant Comcast Corporation is a citizen of Pennsylvania.
Comcast Corporation is a Pennsylvania corporation with its principal place of
business in Philadelphia.  [Declaration of Gabriela Garcia Kornzweig
("Kornzweig Decl."), p. 2, ¶ 2.a.]  According to the citizenship test established by
the Supreme Court in *Hertz Corp. v. Friend*, 130 S. Ct. 1181 (2010), a corporation
is a citizen of the state of its incorporation and the state where its principal place of
business is located.

28.    None of the other corporate defendants, each of which is a limited
liability limited partnership or a limited liability company, are citizens of
California.  A limited liability company is a citizen of any state where any of its
members is a citizen, and its location of operation(s) is disregarded for diversity
citizenship purposes.  *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d
894, 899 (9th Cir. 2006), 437 F.3d at 899; *Hartstein v. Rembrandt IP Solutions,
LLC*, No. 12-CV-02270, 2012 U.S. Dist. LEXIS 66488, at *3 (N.D. Cal. May 11,
2012).  The citizenship of a limited partnership is based upon the citizenship of
each of its general and limited partners.  *Carden v. Arkoma Assocs.*, 494 U.S. 185,
195-96, 110 S. Ct. 1015, 108 L. Ed. 2d 157 (1990); *Johnson*, 437 F.3d at 899.

29.    Defendant NBCUniversal Media, LLC is a citizen of Connecticut,
Delaware, and Pennsylvania.  NBCUniversal Media, LLC is a Delaware limited

liability company.  [Kornzweig Decl., p. 2, ¶ 2.b.]  Its sole member is NBCUniversal, LLC, a Delaware limited liability company.  [Kornzweig Decl., p. 2, ¶ 2.b.]  The members of NBCUniversal, LLC are: (i) Comcast Navy Acquisition, LLC, a Delaware limited liability company, (ii) Comcast Navy Contribution, LLC, a Delaware limited liability company, and (iii) Navy Holdings, Inc., a Delaware corporation with its principal place of business in Connecticut.  [*Id.*]  The sole member of Comcast Navy Acquisition, LLC is Comcast Corporation, which, as established above, is a citizen of Pennsylvania.  [*Id.*]  All of the entities in the corporate structure between Comcast Navy Contribution, LLC and Comcast Corporation are either (i) Delaware limited liability companies whose member ultimately is a corporation incorporated in Delaware or Pennsylvania, with a principal place of business in either Pennsylvania or Connecticut or (ii) is a corporation incorporated in Delaware or Pennsylvania, with a principal place of business in either Pennsylvania or Connecticut.  [*Id.*]

30.   Similarly, Universal Studios Company LLC (formerly known and sued herein as Universal City Studios, Inc.), Universal City Studios LLC and Universal City Studios Productions LLLP, are citizens of Connecticut, Delaware, and Pennsylvania.  The principal place of business of these entities is disregarded for purposes of diversity citizenship, which is determined by the citizenship of their partners and member(s).  As set forth below, each of these entities are indirect subsidiaries of NBCUniversal Media, LLC.  All of the entities in the corporate structure between VUE NewCo LLC and NBCUniversal Media, LLC are limited liability companies formed under the laws of Delaware.  [Kornzweig Decl., p. 3, ¶ 2.c.]

31.   Universal Studios Company LLC is a Delaware limited liability company; its sole member is NBCU Acquisition Sub LLC.  [Kornzweig Decl., p. 3, ¶ 2.d.]  NBCU Acquisition Sub LLC is a Delaware limited liability company; its sole member is NBCUniversal Media, LLC, which as established above is a

10

citizen of Connecticut, Delaware and Pennsylvania.  [Kornzweig Decl., p. 3, ¶ 2.d.]

32.    Defendant Universal City Studios Productions LLLP is a limited liability limited partnership organized under the laws of Delaware.  [Kornzweig Decl., p. 3, ¶ 2.e.]  The partners of Universal City Studios Productions LLLP are: (i)VUE NewCo LLC, and (ii)VUE Holding LLC.  [*Id.*] VUE Holding LLC is a Delaware limited liability company.  [*Id.*] The sole member of VUE Holding LLC is VUE NewCo LLC.  [*Id.*]  VUE NewCo LLC is a Delaware limited liability company.  VUE NewCo LLC is owned 99% by USI Entertainment LLC and 1% by Universal Studios Company LLC.  [*Id.*]  USI Entertainment LLC is a limited liability company organized under the laws of Delaware, the sole member of which is Universal Studios Company LLC, formerly known and named herein as defendant Universal Studios, Inc.  [*Id.*]

33.    Defendant Universal City Studios LLC is a limited liability company organized under the laws of Delaware; its sole member is VUE NewCo LLC. [Kornzweig Decl., p. 3, ¶ 2.f.]

34.    All of the entities in the corporate structure between VUE NewCo, LLC and Comcast Corporation are either (i) Delaware limited liability companies whose member ultimately is a corporation incorporated in Delaware or Pennsylvania, with a principal place of business in either Pennsylvania or Connecticut or (ii) is a corporation incorporated in Delaware or Pennsylvania, with a principal place of business in either Pennsylvania or Connecticut.  [Kornzweig Decl., p. 4, ¶ 2.g.]

35.    Pursuant to the foregoing, none of the corporate defendants named by Plaintiff, whether they currently exist or have been replaced by successor entities, are citizens of California because each defendant is (i) either a Pennsylvania corporation or (ii) a limited partnership or limited liability company whose partner(s) or member(s) is/are a citizen of Connecticut, Delaware and/or Pennsylvania.  Furthermore, for purposes of removal jurisdiction, the citizenship of

11

1   defendants sued under fictitious names is disregarded.  28 U.S.C. § 1441(b).

2       36.     Based on the foregoing, minimal and complete diversity for

3   jurisdiction under CAFA is clearly present in this matter.

4           **DEFENDANT KURZWEIL IS NOT A PROPER DEFENDANT**

5       37.    Plaintiff has additionally named Larry Kurzweil as a defendant.

6   However Plaintiff asserts only the following boilerplate allegation against

7   Mr. Kurzweil:

8               On information and belief, KURZWEIL directly or

9               indirectly employed or exercised control over the wages,

10              hours and working conditions, and caused the wage and

11              hour violations herein.[3]  [Complaint, Exhibit A, p. 27,

12              ¶ 8.]

13      38.    Defendants who are not properly named because there is no basis to

14  assert liability against them are considered to be "sham defendants" who have been

15  "fraudulently joined" for the improper purpose of defeating diversity jurisdiction.

16  *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).  The

17  citizenship of a named sham defendant who has been fraudulently joined is

18  disregarded for the purposes of determining diversity.  *Id.*

19      39.    Mr. Kurzweil is a sham defendant in this matter who has been named

20  in an attempt to defeat diversity jurisdiction.  The sham nature of Mr. Kurzweil's

21  inclusion in this case is evident both because Plaintiff has not pled any facts to

22  support any claim against Mr. Kurzweil, has not satisfied procedural prerequisites

23  to bringing the purported claim against him, and because the actual facts

---

24  [3] Plaintiff further alleges that an unidentified individual named "Aguayo" – who
25  presumably was meant to refer to Mr. Kurzweil – was the "alter ego, division, affiliate,
    integrated enterprise, subsidiary, parent, principal, related entity, co-conspirator, partner,
26  joint venturer, guarantor, actual or ostensible" of each and every named corporate
    defendant.  [Complaint, Exhibit A, pp. 26-27, ¶8.]  That Plaintiff alleges all these
27  purported relationships by one individual to <u>five</u> distinct corporate entities simply
    reinforces that Plaintiff has thrown Mr. Kurzweil in as a named defendant without good
28  faith factual grounds to do so and for the sole purpose of attempting to avoid this Court's
    diversity jurisdiction.

demonstrate that he is not a valid defendant.

### Individual Corporate Officers, Like Mr. Kurzweil,
### Are Not Liable For Alleged Wage And Hour Violations

40.     The California Supreme Court has made clear that corporate agents "are not personally liable for the corporate employer's failure to pay its employees' wages." *Reynolds v. Bement*, 36 Cal. 4th 1075, 1087 (2005).  Officers of a corporate employer do not incur such personal liability merely by reason of their official position.  *Id.*  In clear recognition of these legal premises, Plaintiff has not named Mr. Kurzweil as a defendant on any of his claims brought directly under the Labor Code's provisions pertaining to wages and hours.  [See Complaint, Exhibit A.]  Rather, Mr. Kurzweil is named as a defendant only on Plaintiff's PAGA cause of action, which is entirely derivative of the causes of action he cannot state directly against Mr. Kurzweil as a matter of law.  [See Complaint, Exhibit A, p. 37, ¶¶57-61.]

41.     No published case known to Defendants, either from the California courts or the United States District Courts located in California, has found that, even where a plaintiff cannot assert a claim directly against a corporate officer under the applicable provisions of the Labor Code, the plaintiff can effectively work an end-run around *Reynolds* by asserting the exact same theory of liability against a corporate agent under PAGA.  *But see Martinez v. Antique & Salvage Liquidators, Inc.*, 2011 U.S. Dist. LEXIS 12198, at *15-16 (N.D. Cal. Feb. 8, 2011) (granting summary judgment in favor of individual corporate officer on Labor Code claims, including PAGA, based on *Reynolds*).  Such a conclusion of law would effectively render moot the logic underlying the California Supreme Court's holding in *Reynolds*.

### Plaintiff's Claim Against Mr. Kurzweil Is Procedurally Deficient

42.     Further, the PAGA requires that, before a civil action can be filed against a defendant, the complaining individual must first notify the California

13

Labor and Workforce Development Agency ("LWDA") of the alleged violations, including the specific facts and theories to support the alleged violations. *See* Cal. Labor Code § 2699.3(a).

43.     Plaintiff has not notified the LWDA of any specific facts or theories to support alleged wage and hour violations committed specifically by Mr. Kurzweil. [*See* Declaration of John G. Yslas ("Yslas Decl."), Exhibit A.]  Plaintiff's notice to the LWDA did not reference or identify Mr. Kurzweil, or any other specific individual, who Plaintiff claims has caused him to be a victim of any type of purported wage and hour violation.  [*Id.*]  Therefore, Plaintiff has thus not satisfied the statutory requirement to notify the LWDA of alleged violations before a civil action can be filed against a defendant.

44.     Plaintiff's failure to comply with the PAGA claim notice requirements is additional evidence that he named Mr. Kurzweil as a sham defendant in an effort to defeat diversity jurisdiction and further supports a finding of diversity jurisdiction under the doctrine of fraudulent joinder.  *See Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1319-20 (9th Cir. 1998).  In this case, Plaintiff's failure to properly satisfy the procedural prerequisites to bringing a PAGA claim against Mr. Kurzweil – even if liability under such a claim were possible – makes Mr. Kurzweil a sham defendant in this matter.

### There Is No Basis In The Complaint To Support A Claim Against Mr. Kurzweil

45.     To state a potential claim against any defendant, a pleading must raise a right to relief against that defendant above the speculative level.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Indeed, such a claim must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action . . ."  *Id.*  Rather, it must allege "enough <u>facts</u>" to "nudge[] [the] claim[s] across the line from conceivable to probable."  *Id.* at 570 (emphasis added); *see also Ashcroft v. Iqbal*, 556 U.S. 662,

14

678 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (noting that a claim is insufficient if it tenders "'naked assertion[s]' devoid of 'further factual enhancement"); *Villegas v. J.P. Morgan Chase & Co.*, No. C 09-00261, 2009 U.S. Dist. LEXIS 19265, at **7-8 (N.D. Cal. Mar. 9, 2009) ("The *Twombly* standard . . . is of general application and is as easily applied to wage and hour litigation."). Pleadings against defendants thus demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," such that "where [] well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not show[n] – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 678-79.

46.     The Complaint does not plead any actual facts – even speculative facts – that would support a claim against Mr. Kurzweil. Rather, paragraph 8 presumably refers to Mr. Kurzweil, but due to an apparent incomplete cut and paste job, includes the name of an unknown individual named "Aguayo" and contains nothing further but the boilerplate, conclusory, and non-specific allegation: "On information and belief, KURZWEIL directly or indirectly employed or exercised control over the wages, hours and working conditions of class members and caused the wage and hour violations herein."

47.     Plaintiff thus has pled a clearly improper claim against Mr. Kurzweil in an effort to bring him into this case to defeat this Court's diversity jurisdiction.

### Mr. Kurzweil Is Not Involved With The Operation
### Of The Commissary Where Plaintiff Is Employed

48.     Mr. Kurzweil is the President and Chief Operating Officer of Universal Studios Hollywood. In his position as President and Chief Operating Officer of Universal Studios Hollywood, Mr. Kurzweil is responsible for oversight of the Universal Studios Hollywood Theme Park (the "Theme Park") and Universal CityWalk Hollywood ("CityWalk"), a three block entertainment, dining

15

4816-8558-2609.2

and shopping complex adjacent to the Theme Park.[4] [Declaration of Larry Kurzweil ("Kurzweil Decl."), p. 2, ¶ 1.]

49.     Plaintiff does not and never has worked in the Theme Park or CityWalk.  Plaintiff has been employed as a dishwasher in the commissary area, i.e., cafeteria, located on the Universal Studios lot, which is a motion picture and television production facility (the "Studio").  [Higginbotham Decl., p.3, ¶ 4.] Studio employees and authorized guests patronize the commissary for breakfast, lunch and special events.  [Kurzweil Decl., p. 2, ¶2.]  The commissary is not associated in any way with the operation of the Theme Park or CityWalk. [Kurzweil Decl., p. 2, ¶ 3; Higginbotham Decl., p.3, ¶ 4.]  Rather, the commissary is in a separate and distinct location and group, and Plaintiff does not work, and has not worked, in the Theme Park or CityWalk.  [Kurzweil Decl., p. 2, ¶¶2, 4.] Mr. Kurzweil's responsibilities do not in any way include the operation of the commissary, where Plaintiff is employed, and the commissary is not in any way associated with the operation of the Theme Park or CityWalk.  [Kurzweil Decl., p. 2, ¶ 3.]  Mr. Kurzweil thus could not and did not, either directly or indirectly, exercise control over any aspect of Plaintiff's employment, including his wages, hours and working conditions.

50.     As further indication of the separate nature of operations among the Theme Park and CityWalk and the commissary area located on the Studio lot – where Plaintiff works – employees working in the Theme Park and CityWalk area fall under Wage Order 10 applicable to the Amusement and Recreation Industry, whereas employees for the Studio, such as Plaintiff and those who are similarly situated to him, fall under Wage Order 12 applicable to the Motion Picture Industry.

51.     Because none of the five corporate defendants are citizens of the State

---

[4] Removing defendants are entitled to introduce evidence outside the scope of a plaintiff's complaint to show that joinder of a sham non-diverse defendant is improper and for the purposes of avoiding diversity jurisdiction.  *Morris*, 236 F.3d at 1067.

DEFENDANTS' NOTICE OF REMOVAL
CASE NO.

of California and because Mr. Kurzweil's citizenship is ignored for purposes of diversity due to his fraudulent joinder, complete diversity of citizenship exists in this matter.

## THE CLASS AMOUNT IN CONTROVERSY EXCEEDS $5,000,000

52.     Defendants deny any liability in this case and intend to vigorously oppose Plaintiff's individual claim as well as class certification of the putative class claims.[5]  Defendants believe that class treatment is inappropriate under the circumstances here and that there are many differences between the named Plaintiff and the various putative class members Plaintiff seeks to represent. Defendants expressly reserve all rights in this regard and specifically concede nothing, and reserve all defenses regarding any issues of damages.  Significantly however, the Ninth Circuit has held that a defendant need not concede liability on any of a plaintiff's claims in order to establish the amount in controversy, but need only present evidence showing how much is "in play."  *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 401 (9th Cir. 2010).  Accordingly, for purposes of the jurisdictional requirements for CAFA removal only, Defendants need only have a good faith basis to believe that the allegations in the Complaint put in controversy, in the aggregate, an amount that exceeds $5 million for the purported class claims.  *See* 28 U.S.C. § 1332(d)(6) (claims of individual class members set forth in the Complaint are "aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000).

53.     Plaintiff alleges class-wide economic damages, special damages (including actual, consequential, general, and special damages), prejudgment interest, attorneys' fees, statutory civil penalties pursuant to various provisions of the California Labor Code, and further seeks additional civil penalties under PAGA.  Applying even minimal sums, the $5,000,000 jurisdictional threshold

---

[5] Defendants will file a motion to dismiss and/or strike, and reserve all appropriate defenses, including but not limited to opposing any putative class and/or minimizing the class size (if any).

17

under CAFA is easily met considering the large size – approximately 9,600 members (not including Comcast employees) – of the putative class. [Higginbotham Decl., p. 3, ¶ 5.]  Mathematically, this means alleged damages must merely equal $520.84 per putative class member.  As shown below, this threshold is easily satisfied.

**Plaintiff's Allegations For Missed Meal And Rest Periods**

**Alone Satisfy The Jurisdictional Limit**

54.     Plaintiff's allegations regarding the scope and extent of the purported wage and hour violations are virtually non-existent in that the Complaint provides no concrete information from which any damages can be reasonably calculated. However, because there need only be a good faith demonstration of the amount that is potentially "in play," *Lewis*, 627 F.3d at 401, Defendants need only show what the scope of the alleged liability in the case could be based on the parameters created by Plaintiff's Complaint.

55.     Plaintiff has not alleged anything in the Complaint with respect to the frequency of the various purported wage and hour violations alleged in the Complaint, but rather simply avers that he and all putative class members were victims of such purported violations during the Class Period running from August 21, 2008 to the present date.  With no allegations defining the purported scope and frequency of the alleged wage and hour violations, the Complaint reasonably supports the premise that the various alleged wage and hour violations of the Complaint are "in play" for every day of work, for each and every putative class member, during the Class Period alleged in the Complaint.

56.     Using a regular schedule of five days per week, 50 weeks of work per year per putative class member for the four-year period preceding the filing of the Complaint, as of the filing of this Complaint there are approximately 9.6 million days where putative class members purportedly suffered meal and rest period violations that are "in play" pursuant to the allegations of the Complaint.

18

Assuming each putative class member only earned California minimum wage of $8/hour throughout the Class Period – an estimate that comes well under the average rate of pay for putative class members (for example, Plaintiff earned well more than minimum wage) – there is a potential of $76.8 million in controversy for meal periods alone based exclusively on Plaintiff's allegation that Defendant's failed to provide one hour of additional pay to putative class members for days in which they did not receive a proper meal period.  The same amount is potentially "at play" under Plaintiff's rest period allegations, because an employee can recover one additional hour's pay per day both for rest periods and meal periods, no matter how many separate violations occur in a single day.  Even if putative class members all earned minimum wage and only experienced one purported meal period violation and one purported rest period violation per week (a set of parameters far more conservative than those alleged in the Complaint), the amount in controversy amounts to $30,720,400 ($16 in unpaid missed meal and rest period amounts per week x 50 pay periods per year x 4 years x 9,600 putative class members).

## Plaintiff's Allegations For Unpaid Overtime Also Alone Satisfy The Jurisdictional Limit

57.    As with the Complaint's meal and rest period violations, the Complaint provides no allegations setting parameters for the extent of the purported failure by Defendants to pay putative class members overtime.  Using the same methodology applied above, that means there are approximately 9.6 million workdays where putative class members purportedly did not receive proper overtime pay.  If each putative class member were due only one hour of overtime per pay period and earned minimum wage – again, parameters far more conservative than those suggested by the Complaint – the purportedly unpaid overtime at issue alone would be $11,980,800 ($8/hr x 1.5 x 26 pay periods per year x 4 years x 9,600 putative class members).  If, as the Complaint suggests,

19

there is at least one hour of potentially unpaid overtime "at play" for each class member on every day of the four-year period prior to the Complaint's filing, that amount in controversy on Plaintiff's overtime claim alone becomes at a minimum $115 million.  ($8/hr x 1.5 x 9.6 million workdays during the Class Period).

### Additional Claims For Damages And Other Amounts Easily Put The Amount In Controversy Above The CAFA Jurisdictional Threshold

58.     The above-mentioned damages are only the tip of the proverbial iceberg as to the amounts that are potentially "in play" based on the allegations of the Complaint.  For example, the Complaint also seeks the following types of additional penalties:

a.     The Complaint seeks waiting time penalties for terminated putative class members under Cal. Labor Code § 203.  Such penalties are calculated using the employee's daily rate of pay for a maximum of 30 days. If only 2,000 of the putative class members –slightly more than just 20% of the total putative class size – are former employees and they all earned minimum wage, that means the Complaint seeks $3,840,000 ($8/hr x 8 hours per day x 30 days x 2,000) in waiting time penalties alone.

b.     The Complaint also seeks penalties pursuant to Labor Code § 226(e), § 226.3, and § 1174.5.  Penalties under § 226(e) are calculated in the amount of $50 for the first pay period where a violation occurs and $100 for every subsequent violation, not to exceed $4,000 per employee.  Given that each putative class member need only have suffered $520.84 in total damages to raise the amount in controversy to $5,000,000, this means each putative class member need only have received non-complaint wage statements in six of the potential 104 pay periods during the four years preceding the filing of the Complaint to raise the total amount in controversy over $5 million.  This further does not even account for the penalties Plaintiff seeks under Labor Code § 226.3, which levies a penalty of $250 for

20

the first violation and $1,000 per subsequent violation *without any maximum penalty amount*.  Under this category of penalties, just two paystub violations per putative class member at any point during the four-year period prior to the filing of the Complaint puts the amount in controversy at $12 million ($1,250 x 9,600)

c.     The Complaint seeks unspecified amounts for failure to reimburse employees for necessary expenditures under Labor Code § 2802.  Once again, the Complaint does not provide any parameters to determine what this amount could be, but given that each putative class member need have suffered only $520.84 in potential damages, and the four-year period prior to the Complaint's filing covers 208 weeks, that works out to only $2.50 per week in purportedly unreimbursed work expenses to satisfy the amount in controversy threshold based purely on the unreimbursed expenses claim.

d.     The Complaint seeks penalties under PAGA, which are calculated at $100 for the first pay period in which an alleged violation occurs, and $200 for each subsequent pay period in which an alleged violation occurs.  Once again, because each class member need only have $520.84 in individual damages to satisfy the amount in controversy threshold, each putative class member would only need to have experienced violations in four of the 26 pay periods where violations occurred in the year prior to the Complaint's filing to satisfy the amount in controversy requirement based exclusively on this claim alone.

e.     Plaintiff further seeks class-wide attorney's fees, an amount properly included in the amount in controversy under CAFA.  *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 1000 (9th Cir. 2007).  The Ninth Circuit has established 25% of the common fund as the benchmark for attorney's fees awards.  *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th

21

Cir. 1998).  All the above calculations would thus be increased by 25% to include the attorney's fees amounts in controversy.

> f. Plaintiff finally seeks injunctive relief in the Complaint. Costs for injunctive relief must also be considered in calculating the amount in controversy under CAFA. *See Rodgers v. Cent. Locating Serv., Ltd.*, 412 F. Supp. 2d 1171, 1179-80 (W.D. Wash. 2006), *citing In re Ford Motor Co.*, 264 F.3d 952, 958 (9th Cir. 2001). Though it is clearly not needed given the potential amounts outlined above, the costs associated with Plaintiff's claim for injunctive relief must also be considered for purposes of assessing the amount in controversy.

59. Based on the foregoing, the CAFA jurisdictional amount in controversy as to what is potentially "in play" pursuant to the Complaint is clearly met and removal to this Court under CAFA is proper. *See Lewis*, 627 F.3d at 401, *citing Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008) ("once the proponent of federal jurisdiction has explained plausibly how the stakes exceed the $5 million … then the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much").[6]

60. Because Plaintiff and all properly named, non-sham defendants are citizens of different states and the amount in controversy threshold are met, this Court has original jurisdiction over all causes of action alleged in this matter pursuant to the CAFA and diversity jurisdiction provisions of 28 U.S.C. § 1332.

## CONCLUSION

61. As outlined above, this Court has original subject matter jurisdiction under the federal question provisions of 28 U.S.C. § 1331 and the preemptive effect of the LMRA. The Court further has original jurisdiction under CAFA, and

---

[6] In addition, given the various damages alleged, although not required for jurisdiction to exist since CAFA and LMRA jurisdiction independently provide jurisdiction, the $75,000 threshold for amount in controversy for individual diversity is asserted and exists under 28 U.S.C. § 1332.

22

as a diversity matter.  Each of these separately and independently vests this Court with jurisdiction over this Action, and the entire action may be therefore removed to this Court pursuant to the provisions of 28 U.S.C. § 1441.

62.     Defendants believe that the documents contained in Exhibit "A" contain the complete record of filings made in the Los Angeles County Superior Court.

63.     The Complaint in this matter has not been served, and thus the deadline to remove has not begun to commence.  Since the time to remove has not yet begun to commence, this Notice of Removal is filed prior to within 30 days of when Defendants will be served with the Summons and Complaint upon which this action is based.  As such, the Notice of Removal is timely filed within the period prescribed in 28 U.S.C. § 1446(b).

64.     Wherefore, Defendants pray that this action be removed from the Superior Court of the State of California, County of Los Angeles to the United States District Court for the Central District of California, and for such further relief as may be just and proper.

65.     Pursuant to 28 U.S.C. § 1446(d), Defendants are filing written notice of this removal with the clerk of the Superior Court for the State of California, Los Angeles County.  Copies of the Notice of Removal are also being served on Plaintiff's counsel pursuant to 28 U.S.C. § 1446(d).

///

///

///

///

///

///

///

///

23

4816-8558-2609.2

66.     This Notice of Removal is filed subject to and with full reservation of rights, including but not limited to, defenses and objections to venue, improper service of process, and personal jurisdiction.  No admission of fact, law or liability is intended by this Notice of Removal, and all defenses, motions and pleas are expressly reserved.

DATE:  OCTOBER 30, 2012

FOLEY & LARDNER LLP
JOHN G. YSLAS
CHRISTOPHER WARD
JEREMY C. WOODEN


By:  _____
JOHN G. YSLAS
ATTORNEYS FOR DEFENDANTS UNIVERSAL
CITY STUDIOS PRODUCTIONS LLLP
(FORMERLY KNOWN AND SUED HEREIN AS
VIVENDI UNIVERSAL ENTERTAINMENT
LLLP), UNIVERSAL CITY STUDIOS LLC,
NBCUNIVERSAL MEDIA, LLC, UNIVERSAL
STUDIOS COMPANY LLC (FORMERLY
KNOWN AS AND SUED HEREIN AS UNIVERSAL
STUDIOS, INC.), COMCAST CORPORATION,
AND LARRY KURZWEIL

24

4816-8558-2609.2

MATTHEW J. MATERN (SBN 159798)
Law Offices of Matthew J. Matern
3655 Torrance Boulevard, Suite 315
Torrance, California 90503
Tel: (424) 247-1172
Fax: (424) 247-1173

Attorneys for Plaintiff Uriel Luna,
individually, and on behalf of others similarly
situated

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

AUG 21 2012

John A. Clarke, Executive Officer/Clerk
BY _____, Deputy
Amber La-Fleur-Clayton

D323 ElinuBerle

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| URIEL LUNA, individually, and on behalf. of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>VIVENDI UNIVERSAL ENTERTAINMENT LLLP, a Delaware limited liability limited partnership; UNIVERSAL CITY STUDIOS, LLC, a Delaware limited liability company; NBCUNIVERSAL MEDIA, LLC, a Delaware limited liability corporation; UNIVERSAL STUDIOS, INC., a Delaware corporation; COMCAST CORPORATION, a Pennsylvania corporation; LARRY KURZWEIL, an individual; and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO.: BC 490392<br><br>**CLASS ACTION**<br><br>**COMPLAINT:**<br><br>1. Failure to Provide Required Meal Periods<br>2. Failure to Provide Required Rest Periods<br>3. Failure to Pay Overtime Wages<br>4. Failure to Pay Minimum Wage<br>5. Failure to Pay All Wages Due to Discharged and Quitting Employees<br>6. Failure to Maintain Required Records<br>7. Failure to Furnish Accurate Itemized Statements<br>8. Failure to Indemnify Employees for Necessary Expenditures Incurred in Discharge of Duties<br>9. Unfair and Unlawful Business Practices<br><br>**REPRESENTATIVE ACTION**<br><br>10. Penalties under the Labor Code Private Attorneys General Act, as a representative action<br><br>**DEMAND FOR JURY TRIAL** |

LAW OFFICES OF
MATTHEW J. MATERN
3655 TORRANCE BLVD.,
Suite 315
TORRANCE, CA 90503

1

CLASS ACTION COMPLAINT

1   Plaintiff URIEL LUNA ("NAMED PLAINTIFF"), an individual, demanding a jury trial,

2   on behalf of himself and all other persons similarly situated, hereby alleges as follows:

## PLAINTIFFS

1.   NAMED PLAINTIFF, on behalf of himself and other similarly situated current
and former non-exempt employees (collectively "PLAINTIFFS") of Defendants VIVENDI
UNIVERSAL ENTERTAINMENT LLLP ("VIVENDI"), a Delaware limited liability limited
partnership; UNIVERSAL CITY STUDIOS, LLC ("UCSL"), a Delaware limited liability
company; NBCUNIVERSAL MEDIA, LLC ("NBCUNIVERSAL"), a Delaware limited liability
corporation; UNIVERSAL STUDIOS, INC. ("UNIVERSAL STUDIOS"), a Delaware
corporation; COMCAST CORPORATION ("COMCAST"), a Pennsylvania corporation; LARRY
KURZWEIL ("KURZWEIL"), an individual; and DOES 1 through 100, inclusive (collectively
"DEFENDANTS") in the State of California during the four (4) years preceding the filing of this
action, and continuing while this action is pending, bring this class action to recover, among other
things, wages and penalties from unpaid wages earned and due, including but not limited to
unpaid minimum wages, unpaid and illegally calculated overtime compensation, illegal meal and
rest period policies, failure to pay all wages due to discharged or quitting employees, failure to
maintain required records, failure to provide accurate itemized wage statements, failure to
indemnify employees for necessary expenditures and/or losses incurred in discharging their
duties, and interest, attorneys' fees, costs, and expenses. NAMED PLAINTIFF is, and at all
times relevant herein was, a resident of the State of California who worked for DEFENDANTS in
the County of Los Angeles.

2.   PLAINTIFFS are current and former non-exempt employees of DEFENDANTS in
the State of California at any time during the four (4) years preceding the filing of this action, and
continuing while this action is pending (the "CLASS PERIOD"). PLAINTIFFS reserve the right
to name additional class representatives.

## DEFENDANTS

3.   PLAINTIFFS are informed and believe, and thereon allege, that Defendant
VIVENDI is, and at all times relevant hereto was, a limited liability limited partnership organized
and existing under the laws of the State of Delaware. PLAINTIFFS are further informed and
believe, and thereon allege, that VIVENDI is authorized to conduct business in the State of
California, and does conduct business in the State of California. Specifically, upon information
and belief, VIVENDI maintains offices and facilities and conducts business in the County of Los

LAW OFFICES OF
MATTHEW J. MATERN
3655 TORRANCE BLVD.,
SUITE 315
TORRANCE, CA 90503

2                    CLASS ACTION COMPLAINT

1   Angeles, State of California.

2   4.   PLAINTIFFS are informed and believe, and thereon allege, that Defendant UCSL

3   is, and at all times relevant hereto was, a limited liability company organized and existing under

4   the laws of the State of Delaware. PLAINTIFFS are further informed and believe, and thereon

5   allege, that UCSL is authorized to conduct business in the State of California, and does conduct

6   business in the State of California. Specifically, upon information and belief, UCSL maintains

    offices and facilities and conducts business in the County of Los Angeles, State of California.

7   5.   PLAINTIFFS are informed and believe, and thereon allege, that Defendant

8   NBCUNIVERSAL is, and at all times relevant hereto was, a limited liability company organized

9   and existing under the laws of the State of Delaware. PLAINTIFFS are further informed and

10  believe, and thereon allege, that NBCUNIVERSAL is authorized to conduct business in the State

11  of California, and does conduct business in the State of California. Specifically, upon

12  information and belief, NBCUNIVERSAL maintains offices and facilities and conducts business

    in the County of Los Angeles, State of California.

13  6.   PLAINTIFFS are informed and believe, and thereon allege, that Defendant

14  UNIVERSAL STUDIOS is, and at all times relevant hereto was, a corporation organized and

15  existing under the laws of the State of Delaware. PLAINTIFFS are further informed and believe,

16  and thereon allege, that UNIVERSAL STUDIOS is authorized to conduct business in the State of

17  California, and does conduct business in the State of California. Specifically, upon information

18  and belief, UNIVERSAL STUDIOS maintains offices and facilities and conducts business in the

    County of Los Angeles, State of California.

19  7.   PLAINTIFFS are informed and believe, and thereon allege, that Defendant

20  COMCAST is, and at all times relevant hereto was, a corporation organized and existing under

21  the laws of the State of Pennsylvania. PLAINTIFFS are further informed and believe, and

22  thereon allege, that COMCAST is authorized to conduct business in the State of California, and

23  does conduct business in the State of California. Specifically, upon information and belief,

24  COMCAST maintains offices and facilities and conducts business in the County of Los Angeles,

    State of California.

25  8.   PLAINTIFFS are informed and believe, and thereon allege, that Defendant

26  KURZWEIL is an individual residing in the State of California. On information and belief,

27  KURZWEIL directly or indirectly employed or exercised control over the wages, hours, and

28  working conditions of class members and caused the wage and hour violations alleged herein,

LAW OFFICES OF
MATTHEW J. MATERN
1655 TORRANCE BLVD.,
SUITE 315
TORRANCE, CA 98503

3                                    CLASS ACTION COMPLAINT

EXHIBIT A
Page 27

including but not limited to violations of the *California Labor Code* and the applicable Industrial Welfare Commission ("IWC") wage orders.  Upon information and belief, AGUAYO was the alter ego, division, affiliate, integrated enterprise, joint employer, subsidiary, parent, principal, related entity, co-conspirator, authorized agent, partner, joint venturer, guarantor, actual or ostensible of Defendants VIVENDI, UCSL, NBCUNIVERSAL, UNIVERSAL STUDIOS, COMCAST, and DOES 1 through 100.

9.     The true names and capacities of DOES 1 through 100, inclusive, are unknown to PLAINTIFFS at this time, and PLAINTIFFS therefore sue such DEFENDANTS under fictitious names.  PLAINTIFFS are informed and believe, and thereon allege, that each DEFENDANT designated as a DOE is highly responsible in some manner for the events and happenings referred to herein, and legally caused the injuries and damages alleged in this Complaint.  PLAINTIFFS will seek leave of the court to amend this Complaint to allege their true names and capacities when ascertained.  The DEFENDANTS, and each of them, were alter egos of each other and/or engaged in an integrated enterprise with each other.  Additionally, all of the DEFENDANTS were joint employers of PLAINTIFFS.

10.     At all relevant times herein, PLAINTIFFS were employed by DEFENDANTS under employment agreements that were partly written, partly oral, and partly implied.  In perpetrating the acts and omissions alleged herein, DEFENDANTS, and each of them, acted pursuant to, and in furtherance of, their policies and practices of not paying PLAINTIFFS all wages earned and due, through methods and schemes which includes, but are not limited to, failing to pay overtime premiums; failing to provide rest and meal periods; failing to properly maintain records; failing to provide accurate itemized statements for each pay period; and requiring, permitting or suffering the employees to work off the clock, in violation of the *California Labor Code* and IWC Wage Orders.

11.     PLAINTIFFS are informed and believe, and thereon allege, that each and every of the acts and omissions alleged herein were performed by, and/or attributable to, all DEFENDANTS, each acting as agents and/or employees, and/or under the direction and control of each of the other DEFENDANTS, and that said acts and failures to act were within the course and scope of said agency, employment and/or direction and control.

12.     As a direct and proximate result of the unlawful actions of DEFENDANTS, PLAINTIFFS have suffered, and continue to suffer, from loss of earnings in amounts as yet unascertained, but subject to proof at trial, and within the jurisdiction of this Court.

LAW OFFICES OF
MATTHEW J. MATERN
1655 TORRANCE BLVD.,
SUITE 315
TORRANCE, CA 90503

4                                    CLASS ACTION COMPLAINT

**EXHIBIT A**
**Page 28**

## JURISDICTION AND VENUE

13.     The Superior Court of the State of California has jurisdiction in this matter because NAMED PLAINTIFF and KURZWEIL are residents of the State California, and Defendants VIVENDI, UCSL, NBCUNIVERSAL, UNIVERSAL STUDIOS, and COMCAST are qualified to do business in California and regularly conduct business in California. Further, no federal question is at issue because the claims are based solely on California law.

14.     Venue is proper in this judicial district and the County of Los Angeles, California because NAMED PLAINTIFF, and other persons similarly situated, performed work for DEFENDANTS in the County of Los Angeles, DEFENDANTS maintain offices and facilities and transact business in the County of Los Angeles, and DEFENDANTS' illegal payroll policies and practices, which are the subject of this action were applied, at least in part, to NAMED PLAINTIFF, and other persons similarly situated in the County of Los Angeles.

## CLASS ACTION ALLEGATIONS

15.     This action is appropriately suited for a Class Action because:

A.     The potential class is a significant number.  Joinder of all current and former employees individually would be impractical.

B.     This action involves common questions of law and fact to the potential class because the action focuses on the DEFENDANTS' systematic course of illegal payroll practices and policies, which was applied to all hourly employees in violation of the *California Labor Code*, IWC Wage Orders, and the *California Business and Professions Code* which prohibits unfair business practices arising from such violations.

C.     The claims of the NAMED PLAINTIFF are typical of the class because DEFENDANTS subjected all of their hourly employees to the identical violations of the *California Labor Code* and *California Business and Professions Code*.

D.     The NAMED PLAINTIFF is able to fairly and adequately protect the interests of all members of the class because it is in his best interests to prosecute the claims alleged herein to obtain full compensation due to them for all services rendered and hours worked.

///
///
///
///

LAW OFFICES OF
MATTHEW J. MATERN
1655 Torrance Blvd.,
Suite 315
Torrance, CA 90503

5

CLASS ACTION COMPLAINT

EXHIBIT A
Page 29

## CLASS ACTION

### FIRST CAUSE OF ACTION

#### Failure to Provide Required Meal Periods

[Cal. Labor Code §§ 226.7, 510, 512, 1194, 1197; IWC Wage Order No. 10-2001, § 11]

(Against VIVENDI, UCSL, NBCUNIVERSAL, UNIVERSAL STUDIOS, and COMCAST)

16.     PLAINTIFFS incorporate herein by specific reference, as though fully set forth, the allegations in paragraphs 1 through 15.

17.     During the CLASS PERIOD, as part of DEFENDANTS' illegal payroll policies and practices to deprive their non-exempt employees all wages earned and due, DEFENDANTS required, permitted or otherwise suffered PLAINTIFFS to take less than the 30-minute meal period, or to work through them, and have failed to otherwise provide the required meal periods to PLAINTIFFS pursuant to *California Labor Code* § 226.7, 512 and IWC Order No. 10-2001, § 11.

18.     DEFENDANTS further violated *California Labor Code* §§ 226.7 and IWC Wage Order No. 10-2001 by willfully failing to compensate PLAINTIFFS for all hours worked during their meal periods.

19.     DEFENDANTS further violated *California Labor Code* § 226.7 and IWC Wage Order No. 10-2001, § 11 by failing to pay PLAINTIFFS who were not provided with a meal period, in accordance with the applicable wage order, one additional hour of compensation at each employee's regular rate of pay for each work day that a meal period was not provided.

20.     DEFENDANTS further violated *California Labor Code* §§ 226.7, 510, 1194, 1197, and IWC Wage Order No. 10-2001 by failing to compensate PLAINTIFFS for all hours worked during their meal periods.

21.     As a proximate result of the aforementioned violations, PLAINTIFFS have been damaged in an amount according to proof at trial, and they are entitled to recover all wages earned and due, interest, penalties, attorneys' fees, expenses and costs of suit.

### SECOND CAUSE OF ACTION

#### Failure to Provide Required Rest Periods

[Cal. Labor Code §§ 226.7, 512; IWC Wage Order No. 10-2001, § 12]

(Against VIVENDI, UCSL, NBCUNIVERSAL, UNIVERSAL STUDIOS, and COMCAST)

22.     PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in paragraphs 1 through 21.

LAW OFFICES OF
MATTHEW J. MATERN
3655 Torrance Blvd.
Suite 315
Torrance, CA 90503

6

CLASS ACTION COMPLAINT

**EXHIBIT A**
**Page 30**

23.    At all times relevant herein, as part of DEFENDANTS' illegal payroll policies and practices to deprive their non-exempt employees all wages earned and due, DEFENDANTS failed to provide rest periods to PLAINTIFFS as required under *California Labor Code* §§ 226.7 and 512, and IWC Wage Order No. 10-2001, § 12.

24.    DEFENDANTS further violated *California Labor Code* § 226.7 and IWC Wage Order No. 5-2001, § 12 by failing to pay PLAINTIFFS who were not provided with a rest period, in accordance with the applicable wage order, one additional hour of compensation at each employee's regular rate of pay for each work day that a rest period was not provided.

25.    As a proximate result of the aforementioned violations, PLAINTIFFS have been damaged in an amount according to proof at trial, and seek all wages earned and due, interest, penalties, attorneys' fees and expenses and costs of suit.

## THIRD CAUSE OF ACTION

### Failure to Pay Overtime Wages

**[Cal. Labor Code §§ 510, 1194, 1198; IWC Wage Order No. 10-2001, § 3]**

**(Against VIVENDI, UCSL, NBCUNIVERSAL, UNIVERSAL STUDIOS, and COMCAST)**

26.    PLAINTIFFS incorporate herein by specific reference, as though fully set forth, the allegations in paragraphs 1 through 25.

27.    Pursuant to *California Labor Code* §§ 510, 1194, and IWC Wage Order No. 10-2001, § 3, DEFENDANTS are required to compensate PLAINTIFFS for all overtime, which is calculated at one and one-half (1 ½) times the regular rate of pay for hours worked in excess of eight (8) hours per day and/or forty (40) hours per week, and for the first eight (8) hours on the seventh consecutive work day, with double time for all hours worked in excess of twelve (12) hours in any work day and for all hours worked in excess of eight (8) hours on the seventh consecutive day of work in any work week.

28.    PLAINTIFFS are non-exempt employees entitled to the protections of *California Labor Code* §§ 510, 1194, and IWC Wage Order No. 10-2001. During the CLASS PERIOD, DEFENDANTS failed to compensate PLAINTIFFS for all overtime hours worked as required under the foregoing provisions of the *California Labor Code* and IWC Wage Order by, among other things: failing to pay overtime at one and one-half (1 ½) or double the regular rate of pay as provided by *California Labor Code* §§ 510, 1194, and IWC Wage Order No. 10-2001, § 3; requiring, permitting or suffering PLAINTIFFS to work off the clock; requiring, permitting or suffering PLAINTIFFS to work through meal and rest breaks; illegally and inaccurately recording

LAW OFFICES OF
MATTHEW J. MATERN
3655 TORRANCE BLVD.,
SUITE 315
TORRANCE, CA 90503

7                                    CLASS ACTION COMPLAINT

**EXHIBIT A**
**Page 31**

1  time in which PLAINTIFFS worked; failing to properly maintain PLAINTIFFS' records; failing

2  to provide accurate itemized wage statements to PLAINTIFFS for each pay period; and other

3  methods to be discovered.

4    29. In violation of California law, DEFENDANTS have knowingly and willfully

5  refused to perform their obligations to compensate PLAINTIFFS for all wages earned and all

6  hours worked. As a proximate result, PLAINTIFFS have suffered, and continue to suffer,

7  substantial losses related to the use and enjoyment of such wages, lost interest on such wages, and

8  expenses and attorneys' fees in seeking to compel DEFENDANTS to fully perform their

9  obligations under state law, all to their respective damages in amounts according to proof at time

10  of trial, and within the jurisdiction of this Court.

11    30. DEFENDANTS' conduct described herein violates *California Labor Code* §§ 510,

12  1194, 1198 and IWC Wage Order No. 10-2001, § 3. Therefore, pursuant to *California Labor*

13  *Code* §§ 200, 203, 226, 558, 1194, 1994.2, 1197.1, and other applicable provisions under the

14  *California Labor Code* and IWC Wage Orders, PLAINTIFFS are entitled to recover the unpaid

15  balance of wages owed to them by DEFENDANTS, plus interest, penalties, attorneys' fees,

16  expenses and costs of suit.

### FOURTH CAUSE OF ACTION

### Failure to Pay Minimum Wages

**[Cal Labor Code §§ 1194, 1197; IWC Wage Order No. 10-2001, § 4]**

**(Against VIVENDI, UCSL, NBCUNIVERSAL, UNIVERSAL STUDIOS, and COMCAST)**

  31. PLAINTIFFS incorporate herein by specific reference, as though fully set forth,
the allegations in paragraphs 1 through 30.

  32. Pursuant to *California Labor Code* §§ 1194, 1197, and IWC Wage Order No. 10-
2001, § 4, payment to an employee of less than the applicable minimum wage for all hours
worked in a payroll period is unlawful.

  33. During the CLASS PERIOD, DEFENDANTS failed to pay PLAINTIFFS
minimum wages for all hours worked by, among other things: requiring, permitting or suffering
PLAINTIFFS to work off the clock; requiring, permitting or suffering PLAINTIFFS to work
through meal and rest breaks; illegally and inaccurately recording time in which PLAINTIFFS
worked; failing to properly maintain PLAINTIFFS' records; failing to provide accurate itemized
wage statements to PLAINTIFFS for each pay period; and other methods to be discovered.

  34. DEFENDANTS' conduct described herein violates *California Labor Code*

LAW OFFICES OF
MATTHEW J. MATERN
3655 TORRANCE BLVD.,
SUITE 315
TORRANCE, CA 90503

8

CLASS ACTION COMPLAINT

**EXHIBIT A**
**Page 32**

1  §§ 1194, 1197, and IWC Wage Order No. 10-2001, § 4. As a proximate result of the

2  aforementioned violations, PLAINTIFFS have been damaged in an amount according to proof at

3  trial. Therefore, pursuant to *California Labor Code* §§ 200, 203, 226, 558, 1194, 1994.2, 1197.1,

4  and other applicable provisions under the Labor Code and IWC Wage Orders, PLAINTIFFS are

5  entitled to recover the unpaid balance of wages owed to them by DEFENDANTS, plus interest,

   penalties, attorneys' fees, expenses and costs of suit.

6  ## FIFTH CAUSE OF ACTION

7  ### Failure to Pay All Wages Due to Discharged or Quitting Employees

8  ### [Cal. Labor Code §§ 201, 202, 203]

   **(Against VIVENDI, UCSL, NBCUNIVERSAL, UNIVERSAL STUDIOS, and COMCAST)**

9       35.    PLAINTIFFS incorporate herein by specific reference, as though fully set forth,

10  the allegations in paragraphs 1 through 34.

11      36.    Pursuant to *California Labor Code* § 201, 202, and 203, DEFENDANTS are

12  required to pay all earned and unpaid wages to an employee who is discharged. *California*

13  *Labor Code* § 201 mandates that if an employer discharges an employee, the employee's wages

14  accrued and unpaid at the time of discharge are due and payable immediately.

15      37.    Furthermore, pursuant to *California Labor Code* § 202, an employer is required to

16  pay all accrued wages due to an employee no later than 72 hours after the employee quits his or

17  her employment, unless the employee provided 72 hours previous notice of his or her intention

    to quit, in which case the employee is entitled to his or wages at the time of quitting.

18      38.    *California Labor Code* § 203 provides that if an employer willfully fails to pay, in

19  accordance with *California Labor Code* §§ 201 and 202, any wages of an employee who is

20  discharged or who quits, the employer is liable for waiting time penalties in the form of

    continued compensation to the employee at the same rate for up to 30 work days.

21      39.    During the CLASS PERIOD, DEFENDANTS have willfully failed to pay accrued

22  wages and other compensation to PLAINTIFFS in accordance with *California Labor Code* §§

23  201 and 202.

24      40.    As a proximate result of DEFENDANTS' unlawful actions and omissions,

25  PLAINTIFFS have been deprived of compensation in an amount according to proof at the time

26  of trial, but in excess of the jurisdiction of this Court, and are entitled to recovery of such

27  amounts, plus interest thereon, and attorneys' fees and costs, pursuant to *California Labor Code*

28  §§ 1194 and 2699.

CLASS ACTION COMPLAINT

LAW OFFICES OF
MATTHEW J. MATERN
3655 TORRANCE BLVD.,
Suite 315
TORRANCE, CA 90503

## SIXTH CAUSE OF ACTION

### Failure to Maintain Required Records

### [Cal. Labor Code §§ 226, 1174; IWC Wage Order No. 10-2001, § 7]

### (Against VIVENDI, UCSL, NBCUNIVERSAL, UNIVERSAL STUDIOS, and COMCAST)

41.   PLAINTIFFS incorporate herein by specific reference, as though fully set forth, the allegations in paragraphs 1 through 40.

42.   During the CLASS PERIOD, as part of DEFENDANTS' illegal payroll policies and practices to deprive PLAINTIFFS of all wages earned and due, DEFENDANTS knowingly and intentionally failed to maintain records as required under *California Labor Code* §§ 226, 1174, and IWC Wage Order No. 10-2001, § 7, including but not limited to the following records: total daily hours worked by each employee; applicable rates of pay; all deductions; meal periods; time records showing when each employee begins and ends each work period; and accurate itemized statements.

43.   As a proximate result of DEFENDANTS' unlawful actions and omissions, PLAINTIFFS have been damaged in an amount according to proof at trial, and are entitled to all wages earned and due, plus interest thereon. Additionally, PLAINTIFFS are entitled to all available statutory penalties, including but not limited to civil penalties pursuant to *California Labor Code* §§ 226(e), 226.3, and 1174.5, and an award of costs, expenses, and reasonable attorneys' fees, including but not limited to those provided in *California Labor Code* § 226(e), as well as other available remedies.

## SEVENTH CAUSE OF ACTION

### Failure to Furnish Accurate Itemized Wage Statements

### [Cal. Labor Code §§ 226; IWC Wage Order No. 10-2001, § 7]

### (Against VIVENDI, UCSL, NBCUNIVERSAL, UNIVERSAL STUDIOS, and COMCAST)

44.   PLAINTIFFS incorporate herein by specific reference, as though fully set forth, the allegations in paragraphs 1 through 43.

45.   During the CLASS PERIOD, DEFENDANTS routinely failed to provide PLAINTIFFS with timely, accurate, and itemized wage statements in writing showing each employee's gross wages earned, total hours worked, all deductions made, net wages earned, the name and address of the legal entity or entities employing PLAINTIFFS, and all applicable hourly rates in effect during each pay period and the corresponding number of hours worked at each hourly rate, in violation of *California Labor Code* § 226 and IWC Wage Order No. 10-2001,

LAW OFFICES OF
MATTHEW J. MATERN
3655 TORRANCE BLVD.,
SUITE 315
TORRANCE, CA 90503

CLASS ACTION COMPLAINT

10

**EXHIBIT A**
**Page 34**

§ 7.

46.     As a proximate result of DEFENDANTS' unlawful actions and omissions, PLAINTIFFS have been damaged in an amount according to proof at trial, and seek all wages earned and due, plus interest thereon. Additionally, PLAINTIFFS are entitled to all available statutory penalties, including but not limited to civil penalties pursuant to *California Labor Code* §§ 226(e), 226.3, and 1174.5, and an award of costs, expenses, and reasonable attorneys' fees, including but not limited to those provided in *California Labor Code* § 226(e), as well as other available remedies.

## EIGHTH CAUSE OF ACTION

**Failure to Indemnify Employees for Necessary Expenditures Incurred in Discharge of Duties**

**[Cal. Labor Code § 2802]**

**(Against VIVENDI, UCSL, NBCUNIVERSAL, UNIVERSAL STUDIOS, and COMCAST)**

47.     PLAINTIFFS incorporate herein by specific reference, as though fully set forth, the allegations in paragraphs 1 through 46.

48.     *California Labor Code* § 2802(a) requires an employer to indemnify an employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of her his or her duties, or of his or her obedience to the directions of the employer.

49.     During the CLASS PERIOD, DEFENDANTS knowingly and willfully failed to indemnify PLAINTIFFS for all business expenses and/or losses incurred in direct consequence of the discharge of their duties while working under the direction of DEFENDANTS, including but not limited to expenses for uniforms, cell phone usage, and other employment-related expenses, in violation of *California Labor Code* § 2802.

50.     As a proximate result of DEFENDANTS' unlawful actions and omissions, PLAINTIFFS have been damaged in an amount according to proof at trial, and seek reimbursement of all necessary expenditures, plus interest thereon pursuant to *California Labor Code* § 2802(b). Additionally, PLAINTIFFS are entitled to all available statutory penalties and an award of costs, expenses, and reasonable attorneys' fees, including those provided in *California Labor Code* § 2802(c), as well as other available remedies.

///
///
///
///

LAW OFFICES OF
MATTHEW J. MATERN
3655 TORRANCE BLVD.,
SUITE 315
TORRANCE, CA 90503

11

CLASS ACTION COMPLAINT

**EXHIBIT A**
**Page 35**

## NINTH CAUSE OF ACTION

### Unfair and Unlawful Business Practices

### [Cal. Bus. & Prof. Code §§ 17200 *et. seq.*]

**(Against VIVENDI, UCSL, NBCUNIVERSAL, UNIVERSAL STUDIOS, and COMCAST)**

51.   PLAINTIFFS incorporate herein by specific reference, as though fully set forth, the allegations in paragraphs 1 through 50.

52.   Each and every one of DEFENDANTS' acts and omissions in violation of the *California Labor Code* and/or the applicable IWC Wage Order as alleged herein, including but not limited to DEFENDANTS' failure and refusal to provide required meal periods, DEFENDANTS' failure and refusal to provide required rest periods, DEFENDANTS' failure and refusal to pay overtime compensation, DEFENDANTS' failure and refusal to pay minimum wages, DEFENDANTS' failure and refusal to pay all wages due to discharged or quitting employees, DEFENDANTS' failure and refusal to furnish accurate itemized wage statements; DEFENDANTS' failure and refusal to maintain required records, DEFENDANTS' failure and refusal to indemnify PLAINTIFFS for necessary expenditures and/or losses incurring in discharging their duties, constitutes an unfair and unlawful business practice under *California Business and Professions Code § 17200 et seq.*

53.   DEFENDANTS' violations of California wage and hour laws constitute a business practice because DEFENDANTS' aforementioned acts and omissions have been done repeatedly over a significant period of time, and in a systematic manner, to the detriment of PLAINTIFFS.

54.   DEFENDANTS have avoided payment of wages, overtime wages, meal periods, rest periods, and other benefits as required by the *California Labor Code*, the California Code of Regulations, and the applicable IWC Wage Order. Further, DEFENDANTS have failed to record, report, and pay the correct sums of assessment to the state authorities under the *California Labor Code* and other applicable regulations.

55.   As a result of DEFENDANTS' unfair and unlawful business practices, DEFENDANTS have reaped unfair and illegal profits during the CLASS PERIOD at the expense of PLAINTIFFS and members of the public. DEFENDANTS should be made to disgorge their ill-gotten gains and to restore them to PLAINTIFFS.

56.   DEFENDANTS' unfair and unlawful business practices entitle PLAINTIFFS to seek preliminary and permanent injunctive relief, including but not limited to orders that DEFENDANTS account for, disgorge, and restore to PLAINTIFFS the wages and other

LAW OFFICES OF
MATTHEW J. MATERN
3655 Torrance Blvd.,
Suite 315
Torrance, CA 90503

12

CLASS ACTION COMPLAINT

1  compensation unlawfully withheld from them.  PLAINTIFFS seek restitution of all monies to be

2  disgorged from DEFENDANTS in an amount according to proof at the time of trial, but in excess

3  of the jurisdiction of this Court.

### REPRESENTATIVE ACTION

### TENTH CAUSE OF ACTION

**Representative Action for Civil Penalties**

**[Cal. Labor Code §§ 2698- 2699.5]**

**(Against All DEFENDANTS)**

8  57.  PLAINTIFFS incorporate herein by specific reference as though fully set forth the

9  allegations in paragraphs 1 through 56, with exception of the allegations in Paragraph 15 (A-D).

10  58.  NAMED PLAINTIFF is an "aggrieved employee" within the meaning of

California Labor Code § 2699(c), and a proper representative to bring a civil action on behalf of

himself and other current and former employees of DEFENDANTS pursuant to the procedures

specified in California Labor Code § 2699.3, because NAMED PLAINTIFF was employed by

DEFENDANTS and the alleged violations of the California Labor Code were committed against

NAMED PLAINTIFF.

15  59.  Pursuant to the California Private Attorneys General Act of 2004 ("PAGA"),

Labor Code §§ 2698-2699.5, PLAINTIFFS seek to recover civil penalties, including but not

limited to penalties under California Labor Code §§ 2699, 210, 225.5, 226.3, 558, 1174.5,

1197.1, 1199, and IWC Wage Order No. 5-2001, § 20, from DEFENDANTS in a representative

action for the violations set forth above, including but not limited to violations of California

Labor Code §§ 201, 202, 203, 226, 226.7, 510, 512, 1174, 1194, 1197, 1198, and 2802.

PLAINTIFFS are also entitled to an award of reasonable attorneys' fees and costs pursuant to

California Labor Code § 2699(g)(1).

22  60.  Pursuant to California Labor Code §§ 2699.3, PLAINTIFFS gave written notice

by certified mail to the California Labor and Workforce Development Agency ("LWDA") and

DEFENDANTS of the specific provisions of the California Labor Code and IWC Wage Orders

alleged to have been violated, including the facts and theories to support the alleged violations.

Within thirty-three (33) calendar of the postmark date of PLAINTIFFS' notice letter, the LWDA

did not provide notice to PLAINTIFFS that it intendeds to investigate the alleged violations.

61.  Therefore, PLAINTIFFS have complied with all of the requirements set forth in

California Labor Code § 2699.3 to commence a representative action under PAGA.

LAW OFFICES OF
MATTHEW J. MATERN
3655 Torrance Blvd.,
Suite 315
Torrance, CA 90503

13                                                                                    CLASS ACTION COMPLAINT

**EXHIBIT A**
**Page 37**

## PRAYER FOR RELIEF

**WHEREFORE,** NAMED PLAINTIFF, individually and on behalf of all other persons similarly situated, by their attorneys, respectfully prays for relief against DEFENDANTS and DOES 1 through 100, inclusive, and each of them, as follows:

1. For compensatory damages in an amount to be ascertained at trial;

2. For restitution of all monies due to PLAINTIFFS, as well as disgorged profits from the unfair and unlawful business practices of DEFENDANTS;

3. For meal and rest period compensation pursuant to *California Labor Code* § 226.7 and IWC Wage Order No. 10-2001;

4. For liquidated damages pursuant to *California Labor Code* § 1194.2;

5. For preliminary and permanent injunctive relief enjoining DEFENDANTS from violating the relevant provisions of the *California Labor Code* and the IWC Wager Orders, and from engaging in the unlawful business practices complained of herein;

6. For actual and/or statutory damages and/or penalties pursuant to *California Labor Code* § 226(e);

7. For waiting time penalties pursuant to *California Labor Code* § 203;

8. For statutory and civil penalties according to proof, including but not limited to all penalties authorized by the *California Labor Code* §§ 226(e) and 2699;

9. For interest on the unpaid wages at 10% per annum pursuant to *California Labor Code* §§ 218.6, 1194, 2802, *California Civil Code* §§ 3287, 3288, and/or any other applicable provision providing for pre-judgment interest;

10. For reasonable attorneys' fees and costs pursuant to *California Labor Code* §§ 1194, 2699 and 2802, *California Civil Code* § 1021.5, and/or any other applicable provisions providing for prejudgment interest;

11. For reasonable attorneys' fees and costs pursuant to *California Labor Code* §§ 1194, 2699, 2802, *California Civil Code* § 1021.5, and/or any other applicable provisions providing for attorneys' fees and costs;

12. For declaratory relief;

13. For an ordering requiring and certifying the First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, and Ninth Causes of Action as a class action;

LAW OFFICES OF
MATTHEW J. MATERN
3655 TORRANCE BLVD.,
SUITE 315
TORRANCE, CA 90503

14                                   CLASS ACTION COMPLAINT

**EXHIBIT A**
**Page 38**

14.   For an order appointing PLAINTIFFS' counsel as class counsel; and

15.   For such further relief that the Court may deem just and proper.

DATED: August 19, 2012                    Respectfully submitted,

LAW OFFICES OF MATTHEW J. MATERN

By:_____

Matthew J. Matern

Attorneys for Plaintiff Uriel Luna, individually, and on behalf of others similarly situated

LAW OFFICES OF
MATTHEW J. MATERN
3655 Torrance Blvd.,
Suite 315
Torrance, CA 90503

15                    CLASS ACTION COMPLAINT

EXHIBIT A
Page 39

1

## DEMAND FOR JURY TRIAL

2      PLAINTIFFS, on behalf of themselves and all others similarly situated, hereby demand a

3  jury trial with respect to all issues triable of right by jury.

4

5  DATED: August 19, 2012                    Respectfully submitted,

6                                            LAW OFFICES OF MATTHEW J. MATERN

7                                            By: _____

8                                                Matthew J. Matern
                                                 Attorneys for Plaintiff Uriel Luna, individually, and
9                                                on behalf of others similarly situated

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES OF
MATTHEW J. MATERN
3655 Torrance Blvd.,
Suite 315
Torrance, CA 90503

16                                            CLASS ACTION COMPLAINT

**EXHIBIT A**
**Page 40**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Matthew J. Matern (State Bar #159798)
LAW OFFICES OF MATTHEW J. MATERN
3655 Torrance Boulevard, Suite 315
Torrance, CA 90503
TELEPHONE NO.: (424) 247-1172      FAX NO.: (424) 247-1173
ATTORNEY FOR *(Name):* Plaintiff, Uriel Luna

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 NORTH HILL STREET
MAILING ADDRESS: 111 NORTH HILL STREET
CITY AND ZIP CODE: LOS ANGELES, CA 90012
BRANCH NAME: CENTRAL DISTRICT

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

AUG 21 2012

John A. Clarke, Executive Officer/Clerk
BY _____, Deputy

CASE NAME:
Luna vs. Vivendi Universal Entertainment, LLLP

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☑ Unlimited   ☐ Limited | ☐ Counter   ☐ Joinder | BC490392 |
| (Amount demanded exceeds $25,000) (Amount demanded is $25,000 or less) | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: |
| | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action *(specify):* Ten (10)
5. This case ☑ is ☐ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: August 20, 2012
Matthew J. Matern
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courtinfo.ca.gov |
|---|---|---|

**EXHIBIT A**
**Page 41**

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)
**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
Product Liability (*not asbestos or toxic/environmental*) (24)
Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract (*not unlawful detainer or wrongful eviction*)
    Contract/Warranty Breach–Seller Plaintiff (*not fraud or negligence*)
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage (*not provisionally complex*) (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims (*arising from provisionally complex case type listed above*) (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment (*non-domestic relations*)
    Sister State Judgment
    Administrative Agency Award (*not unpaid taxes*)
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified above*) (42)
    Declaratory Relief Only
    Injunctive Relief Only (*non-harassment*)
    Mechanics Lien
    Other Commercial Complaint Case (*non-tort/non-complex*)
    Other Civil Complaint (*non-tort/non-complex*)
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition (*not specified above*) (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Page 2 of 2

**EXHIBIT A**
**Page 42**

| SHORT TITLE: LUNA VS. VIVENDI UNIVERSAL ENTERTAINMENT, et. al. | CASE NUMBER BC490392 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> **This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☐ YES   CLASS ACTION? ☑ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 20   ☐ HOURS/ ☑ DAYS

**Item II. Indicate** the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

> **Applicable Reasons for Choosing Courthouse Location (see Column C below)**

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV.  Sign the declaration.

| | **A**<br>Civil Case Cover Sheet Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage<br>☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2.<br>2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons<br>☐ A7240  Other Professional Health Care Malpractice | 1., 4.<br>1., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250  Premises Liability (e.g., slip and fall)<br>☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270  Intentional Infliction of Emotional Distress<br>☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4.<br>1., 4.<br>1., 3.<br>1., 4. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**
**EXHIBIT A**
**Page 43**

| SHORT TITLE: LUNA VS. VIVENDI UNIVERSAL ENTERTAINMENT, et. al. | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☑ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation        Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION
EXHIBIT A
Page 44**

| SHORT TITLE: LUNA VS. VIVENDI UNIVERSAL ENTERTAINMENT, et. al. | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort, Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**
**EXHIBIT A**
**Page 45**

Local Rule 2.0
Page 3 of 4

| SHORT TITLE: LUNA VS. VIVENDI UNIVERSAL ENTERTAINMENT, et. al. | CASE NUMBER |
|---|---|

**Item III.** Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3 on Page 1**, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☑1. ☑2. ☑3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br>100 Universal City Plaza |
|---|---|
| CITY:<br>Universal City | STATE:<br>CA | ZIP CODE:<br>91608 | |

**Item IV.** *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the Los Angeles _____ courthouse in the Central _____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: August 20, 2012 _____

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**
**EXHIBIT A**
**Page 46**

Local Rule 2.0
Page 4 of 4

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

SEP 0 7 2012

John A. Clarke, Executive Officer/Clerk
BY_____, Deputy
Sharon McKinley

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| URIEL LUNA, individually, and on behalf of all others similarly situated,<br><br>                              Plaintiff(s),<br>         vs.<br><br>VIVENDI UNIVERSAL ENTERTAINMENT LLP. a Delaware limited liability partnership; UNIVERSAL CITY STUDIOS, LLC, a Delaware limited liability company; NBCUNIVERSAL MEDIA, LLC, a Delaware limited liability corporation; UNIVERSAL STUDIOS, INC.,  a Delaware Corporation; COMCAST CORPORATION,  a Pennsylvania corporation; LARRY KURZWEIL, an individual; and  DOES 1 through 100, inclusive<br><br>                              Defendant(s). | Case No. BC490392<br><br>INITIAL STATUS CONFERENCE ORDER (COMPLEX LITIGATION PROGRAM)<br><br>Case Assigned for All purposes to Judge Elihu M. Berle<br><br>Department 323<br>Date: November 1, 2012<br>Time:10:00 a.m. |

    This case has been assigned for all purposes to Judge Elihu M. Berle in the

Complex Litigation Program.  An Initial Status Conference is set for November 1, 2012, in

Department 323 located in the Central Civil West Courthouse at 600 South

**EXHIBIT A**
**Page 47**

1    Commonwealth Avenue, Los Angeles, California 90005.  Counsel for all parties are

2    ordered to attend.

3       The Court orders counsel to prepare for the Initial Status Conference by identifying

4    and discussing the central legal and factual issues in the case.  Counsel for plaintiff is

5    ordered to initiate contact with counsel for defense to begin this process.  Counsel then

6    must negotiate and agree, as possible, on a case management plan.  To this end, counsel

7    must file a Joint Initial Status Conference Action Response Statement five court days

8    before the Initial Status Conference.  The Joint Response Statement must be filed on line-

9    numbered pleading paper and must specifically answer each of the below-numbered

10   questions.  Do not use the Judicial Council Form CM-110 (Case Management Statement).

11       **1. PARTIES AND COUNSEL:**  Please list all presently-named class

12   representatives and presently-named defendants, together with all counsel of record,

13   including counsel's contact and email information.

14       **2. POTENTIAL ADDITIONAL PARTIES:**  Does any plaintiff presently intend

15   to add more class representatives?  If so, and if known, by what date and by what name?

16   Does any plaintiff presently intend to name more defendants?  If so, and if known, by what

17   date and by what name?  Does any appearing defendant presently intend to file a cross-

18   complaint?  If so, who will be named.

19       **3. IMPROPERLY NAMED DEFENDANT(S):**  If the complaint names the

20   wrong person or entity, please explain.

21       **4. ADEQUACY OF PROPOSED CLASS REPRESENTATIVE(S):**  If any

22   party believes one or more named plaintiffs might not be an adequate class representative,

23   please explain.  No prejudice will attach to these responses.

24       **5. ESTIMATED CLASS SIZE:**  Please discuss and indicate the estimated class

25   size.

26       **6. OTHER ACTIONS WITH OVERLAPPING CLASS DEFINITIONS:**

27   Please list other cases with overlapping class definitions.  Please identify the court, the

28   short caption title, the docket number, and the case status.

INITIAL STATUS CONFEREN**EXHIBIT A**COMPLEX LITIGATION PROGRAM)
**Page 48**

1    **7. POTENTIALLY RELEVANT ARBITRATION AND/OR CLASS ACTION**

2    **WAIVER CLAUSES:** Please include a sample of any clause of this sort. Opposing

3    parties must summarize their views on this issue.

4    **8. POTENTIAL EARLY CRUCIAL MOTIONS:** Opposing counsel are to

5    identify and describe the significant core issues in the case. Counsel then are to identify

6    efficient ways to resolve those issues. The vehicles include:

7        a)   Motion to Compel Arbitration,

8        b)   Demurrers, and/or motions for judgment on pleadings,

9        c)   Motions to strike,

10       d)   Motions for summary judgment and summary adjudication,

11       e)   Early motions in limine,

12       f)   Early motions about particular jury instructions and verdict forms.

13   **NOTE: Effective 2012, by stipulation a party may move for summary**

14   **adjudication of a legal issue or a claim for damages that does not completely dispose**

15   **of a cause of action, an affirmative defense, or an issue of duty[1]. Counsels are to**

16   **analyze, discuss, and report on the relevance of this powerful new procedure.**

17   **9. PROTECTIVE ORDERS:** Parties considering an order to protect confidential

18   information from general disclosure should begin with the model protective orders found

19   on the Los Angeles Superior Court Website under "Civil Tools for Litigators."

20   **10. DISCOVERY:** Please discuss discovery. Do the parties agree on a plan? If

21   not, can the parties negotiate a compromise? At minimum, please summarize each side's

22   views on discovery. The court generally allows discovery on matters relevant to class

23   certification, which depending on circumstances, sometimes may include some factual

24   issues also touching the merits.

25   **11. INSURANCE COVERAGE:** Please state (1) if there is insurance for

26   indemnity or reimbursement, and (2) whether there are any insurance coverage issues

27   which might affect settlement.

28
_____

[1] See Code Civ. Proc. § 437c, subd. (s)

**12. ALTERNATIVE DISPUTE RESOLUTION:** Please discuss ADR and state each party's position about it. If pertinent, how can the court help identify the correct neutral and prepare the case for a successful settlement negotiation?

**13. TIMELINE FOR CASE MANAGEMENT:** Please recommend dates and times for the following:

- ■ The next status conference,
- ■ A schedule for alternative dispute resolution, if it is relevant,
- ■ A filing deadline for the motion for class certification, and
- ■ Filing deadlines and descriptions for other anticipated non-discovery motions.

**14. ELECTRONIC SERVICE OF PAPERS:** For efficiency the complex program requires the parties in every new case to use a third party cloud service, such as:

- ■ Case Anywhere (www.caseanywhere.com),
- ■ CaseHomePage (www.casehomepage,com), or
- ■ Lexis-Nexis File & Serve (www.lexisnexis.com/fileandserve).

Please select one and submit the parties' choice when filing the Joint Initial Status Conference Class Action Response Statement. If there is agreement, please identify the vendor. If the parties cannot agree, the court will select the vendor at the Initial Status Conference. Electronic service is not the same as electronic filing. Only traditional methods of filing by physical delivery of original papers or by fax filing are presently acceptable.

Pending further order of this Court, and except as otherwise provided in this Initial Status Conference Order, ___these proceedings are stayed, except for service of summons and complaint and filing of Notice of Appearance___. This stay shall preclude the filing of any answer, demurrer, motion to strike, or motions challenging the jurisdiction of the Court. Any defendant may file a Notice of Appearance for purposes of identification of counsel and preparation of a service list. The filing of such a Notice of Appearance shall be without prejudice to any challenge to the jurisdiction of the Court, substantive or procedural challenges to the Complaint, without prejudice to any affirmative defense, and

1   without prejudice to the filing of any cross-complaint in this action.  This stay is issued to

2   assist the Court and the parties in managing this "complex" case.  Although the stay

3   applies to discovery, this stay shall not preclude the parties from informally exchanging

4   documents that may assist in their initial evaluation of the issues presented in this case.

5          Plaintiff's counsel is directed to serve a copy of this Initial Status Conference Order

6   on counsel for all parties, or if counsel has not been identified, on all parties, within five

7   (5) days of service of this order.  If any defendant has not been served in this action,

8   service is to be completed within twenty (20) days of the date of this order.

9

10  Dated:   SEP 07 2012

11                                              HON. ELIHU M. BERLE
                                                JUDGE OF THE SUPERIOR COURT
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-5-

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Philip S. Gutierrez and the assigned discovery Magistrate Judge is Suzanne H. Segal.

The case number on all documents filed with the Court should read as follows:

## CV12- 9286 PSG (SSx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=============================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)        NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| Uriel Luna | Universal City Studios Productions LLLP (formerly known and sued herein as Vivendi Universal Entertainment LLLP), Universal City Studios LLC, NBCUniversal Media, LLC, Universal Studios Company LLC (formerly known and sued herein as Universal Studios, Inc.), Comcast Corporation, and Larry Kurzweil |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Matthew J. Matern<br>Law Offices of Matthew J. Matern<br>3655 Torrance Boulevard, Suite 315<br>Torrance, CA 90503<br>Tel: 424.247.1172 Fax: 424.247.1173 | John G. Yslas, CA Bar No. 187324, jyslas@foley.com<br>Christopher Ward, CA Bar No. 23877, cward @foley.com<br>Jeremy C. Wooden, CA Bar No. 253088, jwooden@foley.com<br>FOLEY & LARDNER LLP<br>555 South Flower Street, Suite 3500, Los Angeles, CA 90071-2411<br>Tel: 213.972.4500 Fax: 213.486.0065 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☒ Yes ☐ No    ☒ **MONEY DEMANDED IN COMPLAINT: $** 5,000,001.00

**VI. CAUSE OF ACTION** (Cite the U. S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. §§ 1331, 1332, 1441, & 1446; Class Action Fairness Act of 2005, Pub. L. No. 109-2, 118 Stat. 4; 29 U.S.C. § 185 et seq.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☒ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 22 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | ☐ 61 HIA(1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities – Employment | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **IMMIGRATION** | | ☐ 640 R.R.& Truck | ☐ 863 DIWC/DIWW 405(g)) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities – Other | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 245 Tort Product Liability | | | | |
| | ☐ 290 All Other Real Property | | | | |

| **FOR OFFICE USE ONLY:** Case Number: | **CV12-09286** |
|---|---|

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

94-5361.1

American LegalNet, Inc.
www.FormsWorkflow.com

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☒ No ☐ Yes

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☒ No ☐ Yes

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Pennsylvania, Connecticut, Delaware |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
   **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _____   **Date** October 30, 2012

John G. Yslas

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

American LegalNet, Inc.
www.FormsWorkflow.com

Key to Statistical codes relating to Social Security Cases.

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

-2994-5361.1

American LegalNet, Inc.
www.FormsWorkflow.com