1  MATTHEW J. MATERN (SBN 159798)
2  Law Offices of Matthew J. Matern
   3655 Torrance Boulevard, Suite 315
3  Torrance, California 90503
   Tel:  (424) 247-1172
4  Fax:  (424) 247-1173

5  Attorneys for Plaintiffs Uriel Luna,
   Carrie Gartin, and Shaun Gartin on
6  behalf of themselves, and all others
   similarly situated

7

                        FILED
                        2012 NOV 26  PM 3:01
                        CLERK U.S. DISTRICT COURT
                        CENTRAL DIST. OF CALIF.
                        LOS ANGELES
                        BY:

8              UNITED STATES DISTRICT COURT

9             CENTRAL DISTRICT OF CALIFORNIA

10
11  URIEL LUNA, an individual;          CASE NO.: CV12-09286 PSG
    CARRIE GARTIN; an individual;       (SSx)
12  SHAUN GARTIN, an individual,
                                        [Assigned to Hon. Philip S.
13          Plaintiffs,                 Gutierrez]

14          vs.                         **CLASS ACTION**

15  VIVENDI UNIVERSAL               **FIRST AMENDED**
    ENTERTAINMENT LLLP, a           **COMPLAINT:**
16  Delaware limited liability limited
    partnership; UNIVERSAL CITY     1.  Failure to Provide Required
17  STUDIOS, LLC, a Delaware limited     Meal Periods
    liability company d/b/a Universal  2.  Failure to Provide Required Rest
18  Parks & Resorts; NBCUNIVERSAL       Periods
    MEDIA, LLC, a Delaware limited   3.  Failure to Pay Overtime Wages
19  liability corporation; UNIVERSAL 4.  Failure to Pay Minimum Wage
    STUDIOS, INC., a Delaware        5.  Failure to Pay All Wages Due to
20  corporation; COMCAST                 Discharged and Quitting
    CORPORATION, a Pennsylvania         Employees
21  corporation; LARRY KURZWEIL,     6.  Failure to Maintain Required
    an individual; and DOES 1 through    Records
22  100, inclusive,                  7.  Failure to Furnish Accurate
                                         Itemized Statements
23          Defendants.              8.  Failure to Indemnify Employees
                                         for Necessary Expenditures
24                                       Incurred in Discharge of Duties
                                     9.  Unfair and Unlawful Business
25                                       Practices

26                                   **REPRESENTATIVE ACTION**

27                                   10. Penalties under the Labor Code
                                         Private Attorneys General Act,
                                         as representative action

28                                   **DEMAND FOR JURY TRIAL**

LAW OFFICES OF
MATTHEW J. MATERN
3655 TORRANCE BLVD.,
SUITE 315
TORRANCE, CA 90503

1       Pursuant to Fed. R. Civ. P. 15(a)(1), Plaintiffs URIEL LUNA ("PLAINTIFF

2   LUNA"), an individual, CARRIE GARTIN ("PLAINTIFF CARRIE"), an

3   individual, and SHAUN GARTIN ("PLAINTIFF SHAUN"), an individual,

4   individually and behalf of all others similarly situated (collectively,

5   "PLAINTIFFS"), for their Complaint against Defendants VIVENDI UNIVERSAL

6   ENTERTAINMENT LLLP ("VIVENDI"), a Delaware limited liability limited

7   partnership, UNIVERSAL CITY STUDIOS, LLC ("UCSL"), a Delaware limited

8   liability company d/b/a Universal Parks & Resorts, NBCUNIVERSAL MEDIA,

9   LLC ("NBCUNIVERSAL"), a Delaware limited liability company, UNIVERSAL

10   STUDIOS, INC. ("UNIVERSAL STUDIOS"), a Delaware corporation,

11   COMCAST CORPORATION ("COMCAST"), a Pennsylvania corporation

12   (collectively, the "ENTITY DEFENDANTS"), LARRY KURZWEIL

13   ("DEFENDANT KURZWEIL"), an individual, and DOES 1-100 (hereinafter

14   collectively referred to as "DEFENDANTS") respectfully alleged and show to the

15   Court as follows:

16   **GENERAL ALLEGATIONS**

17   **The Court's Subject Matter Jurisdiction**

18       1.    PLAINTIFFS dispute that the United States District Court for the

19   Central District of California is an appropriate venue for this case.  PLAINTIFFS

20   contend that this case should be remanded to state court.

21   **Venue**

22       2.    PLAINTIFFS dispute that venue is appropriately laid in the United

23   States District Court for the Central District of California, Western Division.

24   PLAINTIFFS contend that this case should be remanded to state court.

25   **The Parties**

26       1.    PLAINTIFF LUNA is an individual citizen and resident of the State of

27   California, who worked for NBCUNIVERSAL, VIVENDI, UNIVERSAL

28   STUDIOS and COMCAST, as among other things, dishwasher at the UNIVERSAL

LAW OFFICES OF
3655 Torrance Blvd.,
Suite 335
Torrance, CA 90503

2
FIRST

FIRST AMENDED
CLASS ACTION COMPLAINT

1   STUDIOS commissary from on or about November 14, 2006 to September 16,
2   2010. PLAINTIFF LUNA is covered by IWC Wage Order No. 5-2001.

3       2.     PLAINTIFF CARRIE is an individual citizen and resident of the State
4   of California, who worked for DEFENDANT KURZWEIL, NBCUNIVERSAL,
5   VIVENDI, UCSL, and COMCAST, as among other things, a parking lot attendant
6   from on or about November 2005 to January 6, 2011. PLAINTIFF CARRIE is
7   covered by IWC Wage Order No. 10-2001.

8       3.     PLAINTIFF SHAUN is an individual citizen and resident of the State
9   of California, who worked for DEFENDANT KURZWEIL, NBCUNIVERSAL,
10  VIVENDI, UCSL, and COMCAST, as among other things, a cook, food stand
11  attendant, cashier, and temporary shift lead from on or about March 2008 to
12  December 2009. PLAINTIFF SHAUN is covered by IWC Wage Order No. 10-
13  2001.

14      4.     PLAINTIFFS, on behalf of themselves and other similarly situated
15  current and former non-exempt employees of Defendants VIVENDI, UCSL,
16  NBCUNIVERSAL, UNIVERSAL STUDIOS, COMCAST, DEFENDANT
17  KURZWEIL, and DOES 1 through 100, in the State of California during the four
18  (4) years preceding the filing of this action, and continuing while this action is
19  pending, bring this class action to recover, among other things, wages and penalties
20  from unpaid wages earned and due, including but not limited to unpaid minimum
21  wages, unpaid and illegally calculated overtime compensation, illegal meal and rest
22  period policies, failure to pay all wages due to discharged or quitting employees,
23  failure to maintain required records, failure to provide accurate itemized wage
24  statements, failure to indemnify employees for necessary expenditures and/or losses
25  incurred in discharging their duties, permitting or suffering employees to work off
26  the clock, and interest, attorneys' fees, costs, and expenses.

27      5.     PLAINTIFFS bring this action on behalf of themselves and the
28  following similarly situated class of individuals ("CLASS MEMBERS"): all

LAW OFFICES OF
365 Torrance Blvd.,
Suite 315
Torrance, CA 90503

3
FIRST

FIRST AMENDED
CLASS ACTION COMPLAINT

1   current and former non-exempt employees of VIVENDI, UCSL,

2   NBCUNIVERSAL, UNIVERSAL STUDIOS, COMCAST, and DEFENDANT

3   KURZWEIL, in the State of California at any time within the period beginning four

4   (4) years prior to the filing of this action and ending at the time this action settles or

5   proceeds to final judgment (the "CLASS PERIOD"). PLAINTIFFS reserve the

6   right to name additional class representatives.

7       6.      Defendant VIVENDI is, upon information and belief, a limited

8   liability limited partnership organized and existing under the laws of the State of

9   Delaware, and is qualified to do business in California and regularly conducts

10  business in California. Specifically, upon information and belief, VIVENDI

11  maintains offices and facilities and conducts business in the County of Los

12  Angeles, State of California.

13      7.      Defendant UCSL d/b/a Universal Parks & Resorts is, upon information

14  and belief, a limited liability company organized and existing under the laws of the

15  State of Delaware, and is qualified to do business in California and regularly

16  conducts business in California. Specifically, upon information and belief, UCSL

17  maintains offices and facilities and conducts business in the County of Los

18  Angeles, State of California.

19      8.      Defendant NBCUNIVERSAL is, upon and information and belief, a

20  limited liability company organized and existing under the laws of the State of

21  Delaware, and is qualified to do business in California and regularly conducts

22  business in California. Specifically, upon information and belief,

23  NBCUNIVERSAL maintains offices and facilities and conducts business in the

24  County of Los Angeles, State of California. Upon information and belief,

25  Universal Studios Hollywood is a unit of Universal Parks & Resorts, which is a

26  division of Defendant NBCUNIVERSAL.

27      9.      Defendant UNIVERSAL STUDIOS is, upon and information and

28  belief, a corporation organized and existing under the laws of the State of Delaware,

LAW OFFICES OF
1655 TORRANCE BLVD.,
SUITE 115
TORRANCE, CA 90503

4
FIRST

FIRST AMENDED
CLASS ACTION COMPLAINT

and is qualified to do business in California and regularly conducts business in California. Specifically, upon information and belief, UNIVERSAL STUDIOS maintains offices and facilities and conducts business in the County of Los Angeles, State of California.

10.     Defendant COMCAST is, upon and information and belief, a corporation organized and existing under the laws of the State of Pennsylvania, and is qualified to do business in California and regularly conducts business in California. Specifically, upon information and belief, COMCAST maintains offices and facilities and conducts business in the County of Los Angeles, State of California. Upon information and belief, COMCAST owns a controlling 51% interest in NBCUNIVERSAL.

11.     DEFENDANT KURZWEIL is the chief operating officer of Universal Studios Hollywood, Universal Parks & Resorts, a division of Defendant NBCUNIVERSAL. PLAINTIFFS are informed and believe that DEFENDANT KURZWEIL is an individual residing in the State of California. On information and belief, DEFENDANT KURZWEIL directly or indirectly employed or exercised control over the wages, hours, and working conditions of class members and caused the wage and hour violations alleged herein, including but not limited to violations of the *California Labor Code* and the applicable Industrial Welfare Commission ("IWC") wage orders. Upon information and belief, DEFENDANT KURZWEIL was the joint employer, co-conspirator, and/or authorized agent of Defendants VIVENDI, UCSL, NBCUNIVERSAL, COMCAST, and DOES 1 through 100.

12.     The true names and capacities of DOES 1 through 100, inclusive, are unknown to PLAINTIFFS at this time, and PLAINTIFFS therefore sue such DEFENDANTS under fictitious names. PLAINTIFFS are informed and believe, and thereon allege, that each DEFENDANT designated as a DOE is highly responsible in some manner for the events and happenings referred to herein, and that PLAINTIFFS and CLASS MEMBERS' injuries and damages, as alleged

LAW OFFICES OF

3655TORRANCE BLVD.,
SUITE 315
TORRANCE, CA 90503

FIRST AMENDED
CLASS ACTION COMPLAINT

herein, were proximately caused by the conduct of such DOE Defendants. PLAINTIFFS will seek leave of the court to amend this Complaint to allege their true names and capacities when ascertained.

13.    At all relevant times herein, DEFENDANTS, and each of them, were the joint employers of PLAINTIFFS and CLASS MEMBERS.  PLAINTIFFS are informed and believe, and thereon alleges, that at all times material to this complaint DEFENDANTS were the alter egos, divisions, affiliates, integrated enterprises, joint employers, subsidiaries, parents, principals, related entities, co-conspirators, authorized agents, partners, joint venturers, and/or guarantors, actual or ostensible, of each other.  Each Defendant was completely dominated by his, her or its co-Defendant, and each was the alter ego of the other.

14.    At all relevant times herein, PLAINTIFFS were employed by DEFENDANTS under employment agreements that were partly written, partly oral, and partly implied.  In perpetrating the acts and omissions alleged herein, DEFENDANTS, and each of them, acted pursuant to, and in furtherance of, their policies and practices of not paying PLAINTIFFS and CLASS MEMBERS all wages earned and due, through methods and schemes which includes, but are not limited to, failing to pay all overtime wages; failing to provide rest and meal periods or failing to pay the premium wages for all meal and rest period that were missed, late, and/or interrupted; failing to properly maintain records; failing to provide accurate itemized statements for each pay period; and requiring, permitting or suffering the employees to work off the clock, in violation of the *California Labor Code* and IWC Wage Orders.

15.    PLAINTIFFS are informed and believe, and thereon allege, that each and every of the acts and omissions alleged herein were performed by, and/or attributable to, all DEFENDANTS, each acting as agents and/or employees, and/or under the direction and control of each of the other DEFENDANTS, and that said acts and failures to act were within the course and scope of said agency,

LAW OFFICES OF
3655 TORRANCE BLVD.,
SUITE 115
TORRANCE, CA 90503

6
FIRST

FIRST AMENDED
CLASS ACTION COMPLAINT

1   employment and/or direction and control.

2       16.    As a direct and proximate result of the unlawful actions of

3   DEFENDANTS, PLAINTIFFS and CLASS MEMBERS have suffered, and

4   continue to suffer, from loss of earnings in amounts as yet unascertained, but

5   subject to proof at trial, and within the jurisdiction of this Court.

6                    **CLASS ACTION ALLEGATIONS**

7       17. This action is appropriately suited for a Class Action because:

8       A.    The potential class is a significant number.  Specifically, upon

9   information and belief, DEFENDANTS have over 9,600 employees across their

10  companies, including but not limited to the Universal Hollywood Theme Park and

11  Universal Studios.  Joinder of all current and former employees individually would

12  be impractical.

13      B.    This action involves common questions of law and fact to the

14  potential class because the action focuses on the DEFENDANTS' systematic

15  course of illegal payroll practices and policies, which includes but were not limited

16  to: failing to provide PLAINTIFFS and CLASS MEMBERS proper meal and rest

17  periods; providing PLAINTIFFS and CLASS MEMBERS with late, short, and/or

18  missed meal and rest periods; failing to provide PLAINTIFFS and CLASS

19  MEMBERS with an additional one-hour wage for missed meal and rest breaks;

20  failing to provide applicable rates of pays on payroll records and/or wage

21  statements, failing to properly reimburse for uniform expenses; and failing to

22  properly compensate PLAINTIFFS and CLASS MEMBERS for overtime.  These

23  practices and policies were applied to all hourly employees in violation of the

24  *California Labor Code,* IWC Wage Orders, and the *California Business and*

25  *Professions Code,* which prohibits unfair business practices arising from such

26  violations.  These common questions, which are applicable to PLAINTIFFS and

27  CLASS MEMBERS, include, but are not limited to:

28

LAW OFFICES OF
1655 Torrance Blvd.,
Suite 115
Torrance, CA 90501

FIRST AMENDED
CLASS ACTION COMPLAINT

i.   Whether DEFENDANTS' method of calculating PLAINTIFFS' and CLASS MEMBERS' overtime compensation violates California law;

ii.   Whether DEFENDANTS failed to provide accurate itemized wage statements to PLAINTIFFS and CLASS MEMBERS and maintain adequate records as required by *California Labor Code* § 226;

iii.   Whether DEFENDANTS failed to pay PLAINTIFFS and CLASS MEMBERS their full wages when due as required by *California Labor Code* §§ 201, 202, and 204;

iv.   Whether DEFENDANTS failed to pay PLAINTIFFS and CLASS MEMBERS the applicable minimum wage;

v.   Whether DEFENDANTS' meal and rest period policies were compliant with California law;

vi.   Whether DEFENDANTS have a policy of paying PLAINTIFFS and CLASS MEMBERS a premium for all missed meal and rest periods at the proper rate;

vii.   Whether DEFENDANTS failed to pay PLAINTIFFS and CLASS MEMBERS premiums for all missed rest and/or meal periods;

viii.   Whether DEFENDANTS failed to pay PLAINTIFFS and CLASS MEMBERS premiums for all late rest and/or meal periods;

ix.   Whether DEFENDANTS failed to pay PLAINTIFFS and CLASS MEMBERS premiums for all second meal periods not provided;

LAW OFFICES OF
3655 TORRANCE BLVD.,
SUITE 115
TORRANCE, CA 90503

8
FIRST

FIRST AMENDED
CLASS ACTION COMPLAINT

x.  Whether DEFENDANTS' conduct violated *California Business and Professions Code* §§ 17200 *et seq.* as alleged in this complaint;

xi.  What relief is necessary to remedy DEFENDANTS' unfair and unlawful conduct as alleged herein.

C.  PLAINTIFFS were employed during the relevant limitations period and worked as non-exempt employees during that time. The claims of PLAINTIFFS are typical of the class because DEFENDANTS subjected all of their hourly employees to the same violations of the *California Labor Code* and *California Business and Professions Code*. Each of the CLASS MEMBERS was underpaid because of DEFENDANTS' unlawful employment policies and practices.

D.  PLAINTIFFS are able to fairly and adequately protect the interests of all members of the class because it is in their best interests to prosecute the claims alleged herein to obtain full compensation due to them for all services rendered and hours worked.

## CLASS ACTION CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF

### Failure to Provide Required Meal Periods

### [Cal. Labor Code §§ 226.7, 510, 512, 1194, 1197; IWC Wage Order Nos. 5-2001, § 11 and 10-2001, § 11]

### (Against ENTITY DEFENDANTS and DOES 1 through 100)

18.  PLAINTIFFS incorporate herein by specific reference, as though fully set forth, the allegations in paragraphs 1 through 17.

19.  During the CLASS PERIOD, as part of DEFENDANTS' illegal payroll policies and practices to deprive their non-exempt employees all wages earned and due, DEFENDANTS required, permitted or otherwise suffered PLAINTIFFS to take less than the 30-minute meal period, or to work through them,

LAW OFFICES OF
3655 TORRANCE BLVD.,
SUITE 315
TORRANCE, CA 90503

9
FIRST

FIRST AMENDED
CLASS ACTION COMPLAINT

1  and have failed to otherwise provide the required meal periods to PLAINTIFFS and

2  CLASS MEMBERS pursuant to *California Labor Code* § 226.7, 512 and IWC

3  Order Nos. 5-2001, § 11 and 10-2001, § 11.

4      20.    Specifically, during the CLASS PERIOD, PLAINTIFFS' and CLASS

5  MEMBERS' meal periods were short (less than thirty minutes), late (after 5 hours),

6  interrupted and/or missed.  PLAINTIFFS and CLASS MEMBERS were also not

7  provided with second meal periods for shifts where they worked ten or more hours.

8      21.    DEFENDANTS further violated *California Labor Code* §§ 226.7 and

9  IWC Wage Order Nos. 5-2001 and 10-2001 by willfully failing to compensate

10 PLAINTIFFS and CLASS MEMBERS, who were not provided with a meal period,

11 in accordance with the applicable wage orders, one additional hour of compensation

12 at each employees' regular rate of pay for each workday that a meal period was not

13 provided.

14     22.    DEFENDANTS further violated *California Labor Code* §§ 226.7, 510,

15 1194, 1197, and IWC Wage Order Nos. 5-2001 and 10-2001 by failing to

16 compensate PLAINTIFFS and CLASS MEMBERS for all hours worked during

17 their meal periods.

18     23.    As a proximate result of the aforementioned violations, PLAINTIFFS

19 have been damaged in an amount according to proof at trial, and they are entitled to

20 recover all wages earned and due, interest, penalties, expenses and costs of suit.

21                   **SECOND CLAIM FOR RELIEF**

22              **Failure to Provide Required Rest Periods**

23    **[Cal. Labor Code §§ 226.7, 512; IWC Wage Order Nos. 5-2001, § 12 and 10-**

24                         **2001, § 12]**

25         **(Against ENTITY DEFENDANTS and DOES 1 through 100)**

26     24.    PLAINTIFFS incorporate herein by specific reference, as though fully

27 set forth, the allegations in paragraphs 1 through 23.

28     25.    During the CLASS PERIOD, as part of DEFENDANTS' illegal

LAW OFFICES OF
3655 TORRANCE BLVD.,
SUITE 315
TORRANCE, CA 90503

10

FIRST AMENDED
CLASS ACTION COMPLAINT

payroll policies and practices to deprive their non-exempt employees all wages earned and due, DEFENDANTS failed to provide rest periods to PLAINTIFF and CLASS MEMBERS as required under *California Labor Code* §§ 226.7 and 512, and IWC Wage Order Nos. 5-2001, § 12 and 10-2001, § 12.

26.     Specifically, during the CLASS PERIOD, PLAINTIFFS and CLASS MEMBERS' rest periods were short (less than ten minutes), late (first rest break not within 3.5 hours, second rest break not within six hours, third rest break not within ten hours), interrupted and/or missed.

27.     DEFENDANTS further violated *California Labor Code* § 226.7 and IWC Wage Order Nos. 5-2001, § 12 and 10-2001, § 12 by failing to pay PLAINTIFFS and CLASS MEMBERS who were not provided with a rest period, in accordance with the applicable wage order, one additional hour of compensation at each employee's regular rate of pay for each workday that a rest period was not provided.

28.     As a proximate result of the aforementioned violations, PLAINTIFFS and CLASS MEMBERS have been damaged in an amount according to proof at trial, and seek all wages earned and due, interest, penalties, and expenses and costs of suit.

### THIRD CLAIM FOR RELIEF

**Failure to Pay Overtime Wages**

**[Cal. Labor Code §§ 510, 1194, 1198; IWC Wage Order Nos. 5-2001, § 3 and 10-2001, § 3]**

**(Against ENTITY DEFENDANTS and DOES 1 through 100)**

29.     PLAINTIFFS incorporate herein by specific reference, as though fully set forth, the allegations in paragraphs 1 through 28.

30.     Pursuant to *California Labor Code* §§ 510, 1194, and IWC Wage Order Nos. 5-2001, § 3 and 10-2001, § 3, DEFENDANTS are required to compensate PLAINTIFFS and CLASS MEMBERS for all overtime, which is

LAW OFFICES OF
3655 TORRANCE BLVD.,
SUITE 315
TORRANCE, CA 90505

11

FIRST AMENDED
CLASS ACTION COMPLAINT

calculated at one and one-half (1 ½) times the regular rate of pay for hours worked in excess of eight (8) hours per day and/or forty (40) hours per week, and for the first eight (8) hours on the seventh consecutive work day, with double time for all hours worked in excess of eight (8) hours on the seventh day of any workweek, or after twelve (12) hours in any workday.

31.   PLAINTIFFS and CLASS MEMBERS are current and former non-exempt employees of DEFENDANTS entitled to the protections of *California Labor Code* §§ 510, 1194 and IWC Wage Order Nos. 5-2001 and 10-2001. During the CLASS PERIOD, DEFENDANTS failed to compensate PLAINTIFFS and CLASS MEMBERS for all overtime hours worked as required under the foregoing provisions of the *California Labor Code* and IWC Wage Order by, among other things: failing to pay overtime at one and one-half (1 ½) or double the regular rate of pay as provided by *California Labor Code* §§ 510, 1194 and IWC Wage Order Nos. 5-2001, § 3 and 10-2001, § 3; requiring, permitting or suffering PLAINTIFFS and CLASS MEMBERS to work off the clock; requiring, permitting or suffering PLAINTIFFS and CLASS MEMBERS to work through meal and rest periods; illegally and inaccurately recording time in which PLAINTIFFS and CLASS MEMBERS worked; failing to properly maintain PLAINTIFFS and CLASS MEMBERS' records; and failing to provide accurate itemized statements to PLAINTIFFS and CLASS MEMBERS for each pay period.

32.   In violation of California law, DEFENDANTS have refused to perform their obligations to compensate PLAINTIFFS and CLASS MEMBERS for all wages earned and all hours worked. As a proximate result, PLAINTIFFS and CLASS MEMBERS have suffered, and continue to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on such wages, and expenses and attorneys' fees in seeking to compel DEFENDANTS to fully perform their obligations under state law, all to their respective damages in amounts according to proof at time of trial, and within the jurisdiction of this Court.

LAW OFFICES OF
3655 TORRANCE BLVD.,
SUITE 315
TORRANCE, CA 90503

12

FIRST AMENDED
CLASS ACTION COMPLAINT

33.     DEFENDANTS' conduct described herein violates *California Labor Code* §§ 510, 1194, 1198 and IWC Wage Order Nos. 5-2001, § 3 and 10-2001, § 3. Therefore, pursuant to *California Labor Code* §§ 200, 203, 226, 558, 1194, 1197.1, and other applicable provisions under the *California Labor Code* and IWC Wage Orders, PLAINTIFFS and CLASS MEMBERS are entitled to recover the unpaid balance of wages owed to them by DEFENDANTS, plus interest, penalties, attorneys' fees, expenses and costs of suit.

## FOURTH CLAIM FOR RELIEF

### Failure to Pay Minimum Wages

### [Cal Labor Code §§ 1194, 1197; IWC Wage Order Nos. 5-2001, § 4 and 10-2001, § 4]

### (Against ENTITY DEFENDANTS and DOES 1 through 100)

34.     PLAINTIFFS incorporate herein by specific reference, as though fully set forth, the allegations in paragraphs 1 through 33.

35.     Pursuant to *California Labor Code* §§ 1194, 1197, and IWC Wage Order Nos. 5-2001, § 4 and 10-2001, § 4, payment to an employee of less than the applicable minimum wage for all hours worked in a payroll period is unlawful.

36.     During the CLASS PERIOD, DEFENDANTS failed to pay PLAINTIFFS and CLASS MEMBERS minimum wages for all hours worked by, among other things: requiring, permitting or suffering PLAINTIFFS and CLASS MEMBERS to work off the clock; requiring, permitting or suffering PLAINTIFFS and CLASS MEMBERS to work through meal and rest breaks; illegally and inaccurately recording time in which PLAINTIFFS and CLASS MEMBERS worked; failing to properly maintain PLAINTIFFS' and CLASS MEMBERS' records; failing to provide accurate itemized wage statements to PLAINTIFFS and CLASS MEMBERS for each pay period; and other methods to be discovered.

37.     DEFENDANTS' conduct described herein violates *California Labor Code* §§ 1194, 1197, and IWC Wage Order Nos. 5-2001, § 4 and 10-2001, §

LAW OFFICES OF
3655 TORRANCE BLVD.,
SUITE 315
TORRANCE, CA 90503

13

FIRST AMENDED
CLASS ACTION COMPLAINT

4.   As a proximate result of the aforementioned violations, PLAINTIFFS and CLASS MEMBERS have been damaged in an amount according to proof at trial. Therefore, pursuant to *California Labor Code* §§ 200, 203, 226, 558, 1194, 1197.1, and other applicable provisions under the Labor Code and IWC Wage Orders, PLAINTIFFS and CLASS MEMBERS are entitled to recover the unpaid balance of wages owed to them by DEFENDANTS, plus interest, penalties, attorneys' fees, expenses and costs of suit.

## FIFTH CLAIM FOR RELIEF

### Failure to Pay All Wages Due to Discharged or Quitting Employees
### [Cal. Labor Code §§ 201, 202, 203]

### (Against ENTITY DEFENDANTS and DOES 1 through 100)

38.   PLAINTIFFS incorporate herein by specific reference, as though fully set forth, the allegations in paragraphs 1 through 37.

39.   Pursuant to *California Labor Code* § 201, 202, and 203, DEFENDANTS are required to pay all earned and unpaid wages to an employee who is discharged. *California Labor Code* § 201 mandates that if an employer discharges an employee, the employee's wages accrued and unpaid at the time of discharge are due and payable immediately.

40.   Furthermore, pursuant to *California Labor Code* § 202, an employer is required to pay all accrued wages due to an employee no later than 72 hours after the employee quits his or her employment, unless the employee provided 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

41.   *California Labor Code* § 203 provides that if an employer willfully fails to pay, in accordance with *California Labor Code* §§ 201 and 202, any wages of an employee who is discharged or who quits, the employer is liable for waiting time penalties in the form of continued compensation to the employee at the same rate for up to thirty (30) work days.

LAW OFFICES OF
3655 TORRANCE BLVD.,
SUITE 315
TORRANCE, CA 90503

14

FIRST AMENDED
CLASS ACTION COMPLAINT

42. During the CLASS PERIOD, DEFENDANTS have willfully failed to pay accrued wages and other compensation to PLAINTIFFS and CLASS MEMBERS in accordance with *California Labor Code* §§ 201 and 202.

43. As a result, PLAINTIFFS and CLASS MEMBERS are entitled to all available statutory penalties, including the waiting time penalties provided in *California Labor Code* § 203, together with interest thereon, as well as all other available remedies.

44. As a proximate result of DEFENDANTS' unlawful actions and omissions, PLAINTIFFS and CLASS MEMBERS have been deprived of compensation in an amount according to proof at the time of trial, but in excess of the jurisdiction of this Court, and are entitled to recovery of such amounts, plus interest thereon, and attorneys' fees and costs, pursuant to *California Labor Code* §§ 1194 and 2699.

## SIXTH CLAIM FOR RELIEF

### Failure to Maintain Required Records

### [Cal. Labor Code §§ 226, 1174; IWC Wage Order Nos. 5-2001, § 7 and 10-2001, § 7]

### (Against ENTITY DEFENDANTS and DOES 1 through 100)

45. PLAINTIFFS incorporate herein by specific reference, as though fully set forth, the allegations in paragraphs 1 through 44.

46. During the CLASS PERIOD, as part of DEFENDANTS' illegal payroll policies and practices to deprive PLAINTIFFS and CLASS MEMBERS of all wages earned and due, DEFENDANTS knowingly and intentionally failed to maintain records as required under *California Labor Code* §§ 226, 1174, and IWC Wage Order Nos. 5-2001, § 7 and 10-2001, § 7, including but not limited to the following records: total daily hours worked by each employee; applicable rates of pay; all deductions; meal periods; time records showing when each employee begins and ends each work period; and accurate itemized statements.

LAW OFFICES OF
3655 TORRANCE BLVD.,
SUITE 115
TORRANCE, CA 90503

15

FIRST AMENDED
CLASS ACTION COMPLAINT

47.    As a proximate result of DEFENDANTS' unlawful actions and omissions, PLAINTIFFS and CLASS MEMBERS have been damaged in an amount according to proof at trial, and are entitled to all wages earned and due, plus interest thereon.  Additionally, PLAINTIFFS are entitled to all available statutory penalties, including but not limited to civil penalties pursuant to *California Labor Code* §§ 226(e), 226.3, and 1174.5, and an award of costs, expenses, and reasonable attorneys' fees, including but not limited to those provided in *California Labor Code* § 226(e), as well as other available remedies.

## SEVENTH CLAIM FOR RELIEF

**Failure to Furnish Accurate Itemized Wage Statements**

**[Cal. Labor Code §§ 226; IWC Wage Order Nos. 5-2001, § 7 and 10-2001, § 7]**

**(Against ENTITY DEFENDANTS and DOES 1 through 100)**

48.    PLAINTIFFS incorporate herein by specific reference, as though fully set forth, the allegations in paragraphs 1 through 47.

49.    During the CLASS PERIOD, DEFENDANTS routinely knowingly and intentionally failed to provide PLAINTIFFS and CLASS MEMBERS with timely, accurate, and itemized wage statements in writing showing each employee's gross wages earned, total hours worked, all deductions made, net wages earned, the name and address of the legal entity or entities employing PLAINTIFFS and CLASS MEMBERS, and all applicable hourly rates in effect during each pay period and the corresponding number of hours worked at each hourly rate, in violation of *California Labor Code* § 226 and IWC Wage Order Nos. 5-2001, § 7 and 10-2001, § 7.

50.    As a proximate result of DEFENDANTS' unlawful actions and omissions, PLAINTIFFS and CLASS MEMBERS have been damaged in an amount according to proof at trial, and seek all wages earned and due, plus interest thereon.  Additionally, PLAINTIFFS are entitled to all available statutory penalties, including but not limited to civil penalties pursuant to *California Labor Code* §§

LAW OFFICES OF
3655 TORRANCE BLVD.,
Suite 315
TORRANCE, CA 90503

16

FIRST AMENDED
CLASS ACTION COMPLAINT

1  226(e), 226.3, and 1174.5, and an award of costs, expenses, and reasonable

2  attorneys' fees, including but not limited to those provided in *California Labor*

3  *Code* § 226(e), as well as other available remedies.

## EIGHTH CAUSE OF ACTION

**Failure to Indemnify Employees for Necessary Expenditures Incurred in Discharge of Duties**

### [Cal. Labor Code § 2802]

### (Against ENTITY DEFENDANTS and DOES 1 through 100)

9      51.    PLAINTIFFS incorporate herein by specific reference, as though fully

10  set forth, the allegations in paragraphs 1 through 50.

11      52.    *California Labor Code* § 2802(a) requires an employer to indemnify

12  an employee for all necessary expenditures or losses incurred by the employee in

13  direct consequence of the discharge of her his or her duties, or of his or her

14  obedience to the directions of the employer.

15      53.    During the CLASS PERIOD, DEFENDANTS have failed to

16  indemnify PLAINTIFFS and CLASS MEMBERS for all business expenses and/or

17  losses incurred in direct consequence of the discharge of their duties while working

18  under the direction of DEFENDANTS, including but not limited to expenses for

19  uniforms, and other employment-related expenses, in violation of *California Labor*

20  *Code* § 2802.

21      54.    As a proximate result of DEFENDANTS' unlawful actions and

22  omissions, PLAINTIFFS have been damaged in an amount according to proof at

23  trial, and seek reimbursement of all necessary expenditures, plus interest thereon

24  pursuant to *California Labor Code* § 2802(b). Additionally, PLAINTIFFS and

25  CLASS MEMBERS are entitled to all available statutory penalties and an award of

26  costs, expenses, and reasonable attorneys' fees, including those provided in

27  *California Labor Code* § 2802(c), as well as other available remedies.

28  ///

LAW OFFICES OF
3655 TORRANCE BLVD.,
SUITE 515
TORRANCE, CA 90503

17

FIRST AMENDED
CLASS ACTION COMPLAINT

## NINTH CLAIM FOR RELIEF

### Unfair and Unlawful Business Practices

### [Cal. Bus. & Prof. Code §§ 17200 *et. seq.*]

### (Against ENTITY DEFENDANTS and DOES 1 through 100)

55.     PLAINTIFFS incorporate herein by specific reference, as though fully set forth, the allegations in paragraphs 1 through 54.

56.     Each and every one of DEFENDANTS' acts and omissions in violation of the *California Labor Code* and/or the applicable IWC Wage Order as alleged herein, including but not limited to DEFENDANTS' failure and refusal to provide PLAINTIFFS and CLASS MEMBERS required meal periods, DEFENDANTS' failure and refusal to provide PLAINTIFFS and CLASS MEMBERS required rest periods, DEFENDANTS' failure and refusal to pay overtime compensation to PLAINTIFFS and CLASS MEMBERS, DEFENDANTS' failure and refusal to pay minimum wages to PLAINTIFFS and CLASS MEMBERS, DEFENDANTS' failure and refusal to pay all wages due to discharged or quitting employees, DEFENDANTS' failure and refusal to maintain required records, DEFENDANTS failure and refusal to indemnify PLAINTIFFS and CLASS MEMBERS for necessary expenditures and/or losses incurred in discharging their duties, and DEFENDANTS' failure to furnish PLAINTIFFS and CLASS MEMBERS accurate itemized wage statements, constitutes an unfair and unlawful business practice under *California Business and Professions Code* § 17200 *et seq.*

57.     DEFENDANTS' violations of California wage and hour laws constitute a business practice because DEFENDANTS' aforementioned acts and omissions have been done repeatedly over a significant period of time, and in a systematic manner, to the detriment of PLAINTIFFS and CLASS MEMBERS.

58.     DEFENDANTS have avoided payment of wages, overtime wages, meal periods, rest periods, and other benefits as required by the *California Labor*

LAW OFFICES OF

1655 TORRANCE BLVD.,
SUITE 315
TORRANCE, CA 90501

18

FIRST AMENDED
CLASS ACTION COMPLAINT

1  *Code*, the California Code of Regulations, and the applicable IWC Wage Order.

2  Further, DEFENDANTS have failed to record, report, and pay the correct sums of

3  assessment to the state authorities under the *California Labor Code* and other

4  applicable regulations.

5       59.    As a result of DEFENDANTS' unfair and unlawful business practices,

6  DEFENDANTS have reaped unfair and illegal profits during the CLASS PERIOD

7  at the expense of PLAINTIFFS, CLASS MEMBERS, and members of the public.

8  DEFENDANTS should be made to disgorge their ill-gotten gains and to restore

9  them to PLAINTIFFS and CLASS MEMBERS.

10       60.    DEFENDANTS' unfair and unlawful business practices entitle

11  PLAINTIFFS to seek preliminary and permanent injunctive relief, including but not

12  limited to orders that DEFENDANTS account for, disgorge, and restore to

13  PLAINTIFFS the wages and other compensation unlawfully withheld from them.

14  PLAINTIFFS seek restitution of all monies to be disgorged from DEFENDANTS

15  in an amount according to proof at the time of trial, but in excess of the jurisdiction

16  of this Court.

17  **REPRESENTATIVE ACTION**

18  **TENTH CLAIM FOR RELIEF**

19  **Representative Action for Civil Penalties**

20  **[Cal. Labor Code §§ 2698- 2699.5]**

21  **(Against All DEFENDANTS)**

22       61.    PLAINTIFFS incorporate herein by specific reference as though fully

23  set forth the allegations in paragraphs 1 through 60, with exception of the

24  allegations in Paragraph 17 (A-D).

25       62.    PLAINTIFFS are "aggrieved employees" within the meaning of

26  *California Labor Code* § 2699(c), and proper representatives to bring a civil action

27  on behalf of themselves and other current and former employees of

28  DEFENDANTS pursuant to the procedures specified in *California Labor Code* §

LAW OFFICES OF
3655 TORRANCE BLVD.,
SUITE 315
TORRANCE, CA 90503

19

FIRST AMENDED
CLASS ACTION COMPLAINT

2699.3, because PLAINTIFFS were employed by DEFENDANTS and the alleged violations of the *California Labor Code* were committed against PLAINTIFFS.

63.   Pursuant to the California Private Attorneys General Act of 2004 ("PAGA"), *Labor Code* §§ 2698-2699.5, PLAINTIFFS seek to recover civil penalties, including but not limited to penalties under *California Labor Code* §§ 2699, 210, 225.5, 226.3, 558, 1174.5, 1197.1, 1199, and IWC Wage Order Nos. 5-2001, § 20 and 10-2001, §20, from DEFENDANTS in a representative action for the violations set forth above, including but not limited to violations of *California Labor Code* §§ 201, 202, 203, 226, 226.7, 510, 512, 1174, 1194, 1197, 1198, and 2802. PLAINTIFFS are also entitled to an award of reasonable attorneys' fees and costs pursuant to *California Labor Code* § 2699(g)(1).

64.   Pursuant to *California Labor Code* §§ 2699.3, PLAINTIFFS gave written notice by certified mail to the California Labor and Workforce Development Agency ("LWDA") and DEFENDANTS of the specific provisions of the *California Labor Code* and IWC Wage Orders alleged to have been violated, including the facts and theories to support the alleged violations.  Within thirty-three (33) calendar of the postmark date of PLAINTIFFS' notice letter, the LWDA did not provide notice to PLAINTIFFS that it intendeds to investigate the alleged violations.

65.   Therefore, PLAINTIFFS have complied with all of the requirements set forth in *California Labor Code* § 2699.3 to commence a representative action under PAGA.

## PRAYER FOR RELIEF

**WHEREFORE** PLAINTIFFS, on behalf of themselves and all other persons similarly situated, by their attorney, respectfully prays for relief against DEFENDANTS, and each of them, as follows:

1. For compensatory damages in an amount to be ascertained at trial;

2. For restitution of all monies due to PLAINTIFFS and CLASS MEMBERS,

LAW OFFICES OF
3655 TORRANCE BLVD.,
SUITE 315
TORRANCE, CA 90505

20

FIRST AMENDED
CLASS ACTION COMPLAINT

as well as disgorged profits from the unlawful and unfair business practices of DEFENDANTS;

3. For meal and rest period compensation pursuant to *California Labor Code* § 226.7 and IWC Wage Order Nos. 5-2001 and 10-2001;

4. For liquidated damages pursuant to *California Labor Code* § 1194.2;

5. For preliminary and permanent injunction enjoining DEFENDANTS from violating the relevant provisions of the *California Labor Code* and the IWC Wage Orders, and from engaging in the unlawful and unfair business practices complained of herein;

6. For actual and/or statutory damages and/or penalties pursuant to *California Labor Code* § 226(e);

7. For waiting time penalties pursuant to *California Labor Code* § 203;

8. For statutory and civil penalties according to proof, including but not limited to all penalties authorized by *California Labor Code* §§ 226(e) and 2699;

9. For interest on the unpaid wages at 10% per annum pursuant to *California Labor Code* §§ 218.6, 1194, and 2802, *California Civil Code* §§ 3287 and 3288, and/or any other applicable provision providing for pre-judgment interest;

10. For reasonable attorneys' fees and costs pursuant to *California Labor Code* §§ 1194, 2699 and 2802, *California Civil Code* § 1021.5, and/or any other applicable provisions providing for attorneys' fees and costs;

11. For declaratory relief;

12. For an order requiring and certifying the First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, and Ninth Claims for Relief as a class action;

///
///
///
///

LAW OFFICES OF
1655 TORRANCE BLVD.,
SUITE 315
TORRANCE, CA 90501

21

FIRST AMENDED
CLASS ACTION COMPLAINT

13. For an order appointing PLAINTIFFS' counsel as class counsel; and

14. For such other and further relief that the Court may deem just and proper.

November 26, 2012                    Respectfully submitted,

                                     LAW OFFICES OF MATTHEW J. MATERN

                                     By:
                                         Matthew J. Matern
                                         Attorneys for Plaintiffs Uriel Luna, Carrie
                                         Gartin, and Shaun Gartin, individually, and
                                         on behalf of others similarly situated

**DEMAND FOR JURY TRIAL**

LAW OFFICES OF
MATTHEW J. MATERN
5655 TORRANCE BLVD.,
SUITE 315
TORRANCE, CA 90503

FIRST AMENDED
CLASS ACTION COMPLAINT

1    PLAINTIFFS, on behalf of themselves and all others similarly situated,

2  hereby demand a jury trial with respect to all issues triable of right by jury.

3

4

      DATED: November 26, 2012                    Respectfully submitted,

5

6                                      LAW OFFICES OF MATTHEW J. MATERN

7

8                                      By: _____
                                            Matthew J. Matern
9                                           Attorneys for Plaintiffs Uriel Luna, Carrie
                                            Gartin, and Shaun Gartin, individually, and
10                                          on behalf of others similarly situated

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES OF
MATTHEW J. MATERN
1655 TORRANCE BLVD.,
SUITE 315
TORRANCE, CA 90501

23

FIRST AMENDED
CLASS ACTION COMPLAINT

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen (18) years and not a party to the within action; my business address is 3655 Torrance Boulevard, Suite 315, Torrance, California 90503.

I am readily familiar with the practice of the Law Offices of Matthew J. Matern for collection and processing of correspondence for mailing with the United States Postal Service.  Pursuant to such practice, such correspondence would be deposited with the United States Postal Service that same day in the ordinary course of business.

On November 26, 2012, I served the foregoing document described as:

## FIRST AMENDED COMPLAINT

on all interested parties through their respective counsel of record by depositing the signed original thereof in a sealed envelope clearly addressed as follows:

FOLEY & LARDNER LLP
John G. Yslas (SBN 187324)
Christopher Ward (SBN 23877)
Jeremy C. Wooden (SBN 253088)
555 South Flower Street, Suite 35000
Los Angeles, California 90071-2411
Tel. 213.972.4500
Fax 213.486.0065

Attorneys for Defendants, UNIVERSAL CITY STUDIO PRODUCTIONS, LLLP, (FORMERLY KNOWN AND SUED HEREIN AS VIVENDYI ENTERTAINMENT LLLP, UNIVERSAL CITY STUDIOS, LLC., NBCUNIVERSAL MEDIA, LLC , UNIVERSAL STUDIOS COMPANY, LLC, (FORMERLY KNOWN AND SUED HEREIN AS UNIVERSAL STUDIOS, INC. COMCAST  CORPORATION, and LARRY  KURZWEIL

for deposit for collection and mailing from the Law Offices of Matthew J. Matern, 3655 Torrance Boulevard, Suite 315, Torrance, California 90503 on that same date with first class postage fully prepaid following ordinary business practices with the United States Postal Service within the City of Torrance, Los Angeles County, State of California.

I declare, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.

Executed this 26th day of November, 2012, at Torrance, California.

Guadalupe Olarra

LAW OFFICES OF
MATTHEW J. MATERN
3655TORRANCE BLVD.,
SUITE 315
TORRANCE, CA 90501

1

PROOF OF SERVICE
Case No. CV12-07524-MMM-E