UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#31

CIVIL MINUTES - GENERAL

| Case No. | CV 12-9286 PSG (SSx) | Date | August 27, 2013 |
|---|---|---|---|
| Title | Uriel Luna, et al. V. Universal Studio City Productions LLLP, et al. | | |

Present: The Honorable Philip S. Gutierrez, United States District Judge

| Wendy Hernandez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:** (In Chambers) Order GRANTING IN PART and DENYING IN PART Motion to Dismiss and GRANTING Motion to Strike

Pending before the Court is Defendants' Motion to Dismiss Plaintiffs' Fourth Amended Complaint ("4AC") and Motion to Strike portions of Plaintiffs' Fourth Amended Complaint. Dkt. # 31. The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); L.R. 7-15. After considering the moving and opposing papers, the Court GRANTS IN PART AND DENIES IN PART the Motion to Dismiss and GRANTS the Motion to Strike.

I.  Background

Plaintiffs Uriel Luna ("Luna"), Carrie Gartin ("Carrie Gartin"), Shaun Gartin ("Shaun Gartin"), and Gregoria Ruiz ("Ruiz"), on behalf of themselves and others similarly situated (collectively, "Plaintiffs"), bring this action against Defendants Vivendi Universal Entertainment LLLP ("Vivendi"); Universal City Studios Productions, LLLP ("UCSP"); Universal City Studios, LLC ("Universal City Studios")[1]; NBCUniversal Media, LLC ("NBCUniversal"); Universal Studios, Inc. ("Universal Studios"); Universal Studios Company, LLC ("USCL"); and Comcast Corporation ("Comcast," collectively, "Defendants").

---

[1] The 4AC also explains that Universal City Studios does business as Universal Parks and Resorts. While not separately named as a defendant, Universal Parks and Resorts is listed throughout the allegations in the 4AC.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#31**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-9286 PSG (SSx) | Date | August 27, 2013 |
|---|---|---|---|
| Title | Uriel Luna, et al. V. Universal Studio City Productions LLLP, et al. | | |

     Luna filed the original Complaint on August 21, 2012. *See NOR*, Ex. A. Carrie Gartin and Shaun Gartin were added as Plaintiffs in the First Amended Complaint ("FAC"). *See* Dkt. # 12. Ruiz was added as a Plaintiff in the Second Amended Complaint ("SAC"). *See* Dkt. # 23. Luna worked as a dishwasher at the Universal Studios commissary from November 14, 2006 to September 16, 2010. *4AC* ¶ 2. Based on the allegations in the 4AC, she worked for Universal Studios, USCL, NBCUniversal, Vivendi, UCSP, and Comcast. *Id.* Carrie Gartin worked as a parking lot attendant from November 2005 to January 6, 2011. *Id.* ¶ 3. Based on the allegations in the 4AC, she worked for Defendants Universal Parks & Resorts, NBCUniversal, Vivendi, UCSP, and Comcast. *Id.* Shaun Gartin worked as a cook, a food stand attendant, a cashier, and a temporary shift lead from March 2008 to December 2009. *Id.* ¶ 4. He also allegedly worked for Defendants Universal Parks & Resorts, NBCUniversal, Vivendi, UCSP, and Comcast. *Id.* Ruiz worked as a parking lot attendant and a parking lot lead from September 2008 to the present. *Id.* ¶ 5. Like the Gartins, he allegedly worked for Defendants Universal Parks & Resorts, NBCUniversal, Vivendi, UCSP, and Comcast. *Id.*

     Plaintiffs allege that Defendants violated various California Labor Statutes: (i) failure to provide required meal periods under California Labor Code §§ 226.7, 510, 512, 1194, 1197, and California Industrial Welfare Commission ("IWC") Wage Order Nos. 5-2001, § 11 and 10-2001, § 11; (ii) failure to provide required rest periods under California Labor Code §§ 226.7, 512, and IWC Wage Order Nos. 5-2001, § 12 and 10-2001, § 12; (iii) failure to pay overtime wages under California Labor Code §§ 510, 1194, 1198, and IWC Wage Order Nos. 5-2001, § 3 and 10-2001, § 3; (iv) failure to pay minimum wages under California Labor Code §§ 1194, 1197, and IWC Wage Order Nos. 5-2001, § 4 and 10-2001, § 4; (v) failure to pay all wages due to discharged or quitting employees under California Labor Code §§ 201-203; (vi) failure to furnish accurate itemized wage statements under California Labor Code § 226, and IWC Wage Order Nos. 5-2001, § 7 and 10-2001, § 7; (vii) failure to indemnify employees for necessary expenditures incurred in discharge of duties under California Labor Code § 2802; and (viii) violation of the California Business & Professions Code §§ 17200, *et seq.* Plaintiffs also allege a representative action under the Private Attorneys General Act ("PAGA"), California Labor Code §§ 2698, *et seq.*

     Defendants bring this Motion to Dismiss Plaintiffs' 4AC, arguing that all causes of action should be dismissed against Vivendi, UCSP, NBCUniversal, and Comcast; that Plaintiffs' sixth and seventh causes of action fail to state a claim for relief; and that Plaintiffs' class allegations do not meet the pleading standards set forth in Federal Rule of Civil Procedure 8. Dkt. # 31.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#31

CIVIL MINUTES - GENERAL

| Case No. | CV 12-9286 PSG (SSx) | Date | August 27, 2013 |
|---|---|---|---|
| Title | Uriel Luna, et al. V. Universal Studio City Productions LLLP, et al. | | |

Defendants also move to strike portions of the 4AC, specifically paragraphs 124(c) and 124(f) of the claim for violation of the California Business & Professions Code §§ 17200, *et seq. Id.*

II.     Legal Standard

   A.     Motion to Dismiss

   Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a cause of action if the plaintiff fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). In evaluating the sufficiency of a complaint under Rule 12(b)(6), the courts should be mindful that the Federal Rules of Civil Procedure ordinarily require only that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although detailed factual allegations are not required to survive a Rule 12(b)(6) motion to dismiss, "a complaint that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action' will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Rather, the complaint must allege sufficient facts to support a plausible claim for relief. *See id.*

   The Court must take a "two-pronged" approach to evaluating a Rule 12(b)(6) motion. *See id.* at 679. First, the Court must accept as true all non-conclusory, factual allegations made in the complaint. *See Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993). Based upon these allegations, the Court must draw all reasonable inferences in favor of the plaintiff. *See Mohamed v. Jeppesen Dataplan, Inc.*, 579 F.3d 943, 949 (9th Cir. 2009). Second, after accepting as true all non-conclusory allegations and drawing all reasonable inferences in favor of the plaintiff, the Court must then determine whether the complaint alleges a plausible claim to relief. *See Iqbal*, 556 U.S. at 679. In determining whether the alleged facts cross the threshold from the possible to the plausible, the Court is required "to draw on its judicial experience and common sense." *Id.* Despite the liberal pleading standards of Rule 8, conclusory allegations will not save a complaint from dismissal. *See id.* at 679-80.

   B.     Motion to Strike

   Rule 12(f) of the Federal Rules of Civil Procedure provides that "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "Immaterial matter is that which has no essential or important relationship to the claim for relief . . ." and "[i]mpertinent matter consists of statements that do not pertain,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#31**

## CIVIL MINUTES - GENERAL

| Case No. | CV 12-9286 PSG (SSx) | Date | August 27, 2013 |
|---|---|---|---|
| Title | Uriel Luna, et al. V. Universal Studio City Productions LLLP, et al. | | |

and are not necessary, to the issues in question." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (internal citations omitted), *rev'd on other grounds*, *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . ." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). Generally, federal courts disfavor motions to strike unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation. *Germaine Music v. Universal Songs of Polygram*, 275 F. Supp. 2d 1288, 1300 (D. Nev. 2003) (internal citations omitted).

III. Discussion

    A. Whether Vivendi, UCSP, NBCUniversal, and Comcast were Plaintiffs' Employers under California Law

Plaintiffs' claims are predicated on the showing that an employer-employee relationship exited between Plaintiffs and Defendants. Under California law, only an "employer" is liable for failing to provide an employee with meal or rest periods and failing to furnish accurate, itemized wage statements. Cal. Labor Code §§ 226, 226.7. Similarly, only an "employee" may bring actions to recover for unpaid overtime compensation and failure to pay minimum wages. Cal. Labor Code § 1194. Liability under California Labor Code §§ 201-203, and 2802 is also established based on an employee/employer relationship. *See* Cal. Labor Code §§ 201-203, 2802. Additionally, Plaintiffs' claim for unfair competition pursuant to California Business & Professions Code § 17200 is grounded in Plaintiffs' allegations that Defendants violated these California Labor Code provisions.

Defendants argue in their Motion that Plaintiffs have failed to adequately plead that Defendants Vivendi, UCSP, NBCUniversal, and Comcast were Plaintiffs' employers because none of these Defendants have any control over plaintiffs' wages, hours, or working conditions. *See Martinez v. Combs*, 49 Cal. 4th 35, 67, 71, 109 Cal. Rptr. 3d 514 (2010). As to Defendants Vivendi, UCSP, NBCUniversal, and Comcast, the Court agrees with Defendants that the 4AC is devoid of any allegations suggesting that any of these entities independently exercised control over Plaintiffs' wages, hours, or working conditions. Plaintiffs contend, however, that Vivendi, UCSP, NBCUniversal, and Comcast are all Plaintiffs' employers because they are joint employers with the other Defendants, Universal Parks & Resorts, Universal Studios, and USCL.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#31**

CIVIL MINUTES - GENERAL

| Case No. | CV 12-9286 PSG (SSx) | Date | August 27, 2013 |
|---|---|---|---|
| Title | Uriel Luna, et al. V. Universal Studio City Productions LLLP, et al. | | |

Courts have "wrestled with the appropriate test to be applied" to determine whether defendants can be considered joint employers. *Hatcher v. Augustus*, 956 F. Supp. 387, 389 (E.D.N.Y. 1997). In the briefing, the parties focus on three tests to determine whether Defendants are joint employers: the economic reality test, the integrated enterprise test, and alter ego liability.

Another decision from this Circuit applied the economic reality test to determine whether the defendant was liable as a joint employer for alleged violations of the California Labor Code. *Rios v. Airborne Express Inc.,* No. C-05-2092 VRW, 2006 WL 2067847, *1–2 (N.D. Cal. July 24, 2006). The *Rios* court did so in reliance on *Bureerong v. Uvawas,* 922 F.Supp. 1450 (C.D. Cal. 1996), which found that California courts would likely adopt the federal FLSA's broad definition of "employment" and would likely focus on the "economic realities" of the relationship. *Bureerong,* 922 F.Supp. at 1470. However, the California Supreme Court's subsequent language in *Martinez,* casting doubt on these views, suggests that the economic reality test does not provide the proper analysis for determining whether Defendants were Plaintiffs' employer within the meaning of the California Labor Code. *See Martinez*, 49 Cal. 4th at 67 ("We see no reason to substitute [the "economic reality" test], which has no basis in California law, for definitions in wage orders regularly adopted by the IWC."); *see also Maddock v. KB Homes, Inc.*, 631 F. Supp. 2d 1226, 1238, n.5 (C.D. Cal. 2007) (arguing that the economic reality test should not apply to California state law claims). Accordingly, this Court declines to ascertain Defendants' employer status by examining the "economic reality" test and instead focuses on the parties' arguments regarding the "integrated enterprise" test and alter ego liability.

        i.        "Integrated Enterprise" Test

The parties disagree as to whether Defendants qualify as Plaintiffs' employers under the "integrated enterprise" test. *See Laird v. Capital Cities/ABC, Inc.,* 68 Cal.App.4th 727, 737, 80 Cal.Rptr.2d 454 (1998). Under this test, in determining whether entities are liable as a single employer or an integrated enterprise, the following four factors are considered: (1) interrelation of operations; (2) common management; (3) centralized control of labor relations; and (4) common ownership or financial control. *Id.* This test has most often been applied in the context of claims arising under Title VII and the California Fair Employment and Housing Act ("FEHA"). *See e.g. Morgan v. Safeway Stores, Inc.,* 884 F.2d 1211, 1213 (9th Cir. 1989) (applying the test's factors to determine whether businesses should be treated as a single employer for Title VII purposes); *Laird,* 68 Cal.App.4th at 737 (applying the test in adjudicating

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#31**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-9286 PSG (SSx) | Date | August 27, 2013 |
|---|---|---|---|
| Title | Uriel Luna, et al. V. Universal Studio City Productions LLLP, et al. | | |

claims arising under FEHA). Courts, however, have also applied this test in the context of claims arising from alleged violations of the California Labor Code. *See Huse v. Auburn Honda,* No. Civ. S-04-0227 DFL/JFM, 2005 WL 1398521, *3, n.3 (E.D. Cal. 2005) (employing the integrated enterprise test to determine whether a defendant was an employer within the meaning of the California Labor Code); *Serrano v. 180 Connect, Inc.,* No. C 06-1363 TEH, 2006 WL 2348888, *2-3 (N.D. Cal. 2006) (employing the integrated enterprise test in an action arising from alleged California Labor Code violations), *rev'd on other grounds* 478 F.3d 1018 (9th Cir. 2007).

> In applying the integrated enterprise test, the Court notes *Laird* 's observations that [a]n employee who seeks to hold a parent corporation liable for the acts or omissions of its subsidiary on the theory that the two corporate entities constitute a single employer has a heavy burden to meet under both California and federal law. Corporate entities are presumed to have separate existences, and the corporate form will be disregarded only when the ends of justice require this result. In particular, there is a strong presumption that a parent company is not the employer of its subsidiary's employees.

*Laird,* 68 Cal.App.4th at 737 (internal citations omitted). The corporate structure outlined by Plaintiffs in the 4AC is as follows: NBCUniversal is a wholly-owned subsidiary of Comcast, and NBCUniversal owns Vivendi, UCSP, Universal Parks & Resorts, Universal Studios, and USCL (collectively, the "NBCUniversal subsidiaries"). *4AC* ¶ 12. Plaintiffs contend that they have pleaded sufficient facts to show that Comcast, NBCUniversal and the NBCUniversal subsidiaries are joint employers because (1) Comcast owns the NBCUniversal subsidiaries; (2) a "peacock logo" appears on certain unspecified documents along with other Defendants' names; and (3) executives of Comcast and NBCUniversal weigh in on and establish the policies and procedures of their subsidiaries.

### a. *Interrelation of Operations*

To make a sufficient showing of interrelation of operations, a plaintiff must allege facts that suggest "that the parent has exercised control 'to a degree that exceeds the control normally exercised by a parent corporation.'" *Laird, 68 Cal. App. 4th at 737* (*quoting Frank v. U.S. West, Inc.,* 3 F.3d 1357, 1362 (10th Cir.1993)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#31

CIVIL MINUTES - GENERAL

| Case No. | CV 12-9286 PSG (SSx) | Date | August 27, 2013 |
|---|---|---|---|
| Title | Uriel Luna, et al. V. Universal Studio City Productions LLLP, et al. | | |

In *Laird,* the court held that the plaintiff had not established the interrelated operations prong. *Id.* at 739. It noted that plaintiff failed to show that the defendant kept the subsidiary's books, issued its paychecks, or paid its bills, or that the two companies had shared employees, headquarters, or office space. *Id.*

Plaintiffs assert that Vivendi, NBCUniversal, and UCSP have interrelated operations because all three companies' names appear on Plaintiffs' itemized wage statements and this shows that they exercised control over Plaintiffs' wages. *4AC* ¶ 96. However, the allegation that a company's name is listed on a paycheck is insufficient because it fails to show that a company financed the paycheck. *See Maddock*, 631 F. Supp. 2d at 1239 ("In support of her contention that [defendant] issued her paychecks, plaintiff provides an earning statement that she received, which bears [defendant's] logo. . . Although [defendant] concedes that it provided payroll processing services to its subsidiaries, this does not establish that [defendant] financed the paychecks for its subsidiaries' employees.").

Similarly, the allegation that the names Comcast and NBCUniversal, as well as a "peacock logo" appeared on "highly visible documents for each entity," does not show a degree of control that exceeds that normally exercised by a parent corporation. *See 4AC* ¶¶ 18, 94. Moreover, the conclusory allegations that Comcast executives "weigh in on, make decisions, direct, and establish the policies and procedures of NBCUniversal" and that NBCUniversal does the same for NBCUniversal subsidiaries are insufficient. *4AC* ¶¶ 12, 16. The 4AC does not specify *which* executives make policies for the subsidiaries, nor does it specify the scope of the executives' authority or the policies implemented.[2] Accordingly, the interrelation of operations factor of the integrated enterprise test has not been satisfied.

      *b.*  *Common Management*

To make a showing of "common management," a plaintiff cannot merely suggest that two corporations are related. *Laird*, 68 Cal. App. 4th 740. Factors that indicate common

---

[2] Plaintiffs detail in their Opposition that the Executive Vice President of Comcast is the Chief Executive Officer of NBCUniversal Media, LLC; however, this allegation is not present in the 4AC. Nonetheless, this allegation would not be sufficient as it fails to explain the role of this individual in policymaking with such specificity that it would be clear that Comcast and NBCUniversal have a degree of control over NBCUniversal and NBCUniversal subsidiaries, respectively, that exceeds that normally exercised by a parent corporation.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#31**

CIVIL MINUTES - GENERAL

| Case No. | CV 12-9286 PSG (SSx) | Date | August 27, 2013 |
|---|---|---|---|
| Title | Uriel Luna, et al. V. Universal Studio City Productions LLLP, et al. | | |

management are evidence that an employee serves as a manager of both corporations or evidence that a manager of one company influenced day-to-day managerial decisions of the other company. *Id.* As detailed above, Plaintiffs allege that various, unspecified Comcast executives oversee NBCUniversal and make decisions regarding NBCUniversal's policies and procedures; and that various, unspecified NBCUniversal executives oversee NBCUniversal's subsidiaries and make decisions regarding the subsidiaries' policies and procedures. *4AC* ¶¶ 12, 16. However, because these allegations do not suggest that the executives did not respect Defendants' separate corporate identities, Plaintiffs have not shown common management. *See Rhodes v. Sutter Health*, No. CIV 2:12-0013 WBS DAD, 2012 WL 662462, at *6 (E.D. Cal. Feb. 28, 2012) ("The Complaint alleges no facts suggesting that individuals with roles at both GMG and SGMF did not respect defendants' separate corporate identities or that Sutter Health or SGMF are so intertwined in GMG's operations as to justify holding them liable alongside GMG as a single employer.").

c.  *Centralized Control of Labor Relations*

Courts consider the four factors of the integrated enterprise test together, but they often deem the third factor, centralized control of labor relations, the most important. *Laird,* 68 Cal.App.4th at 738. "The critical question is 'what entity made the final decisions regarding employment matters related to the person claiming discrimination?' A parent's broad general policy statements regarding employment matters are not enough to satisfy this prong. To satisfy the control prong, a parent must control the day-to-day employment decisions of the subsidiary." *Id.* (*quoting Frank v. U.S. West. Inc.,* 3 F.3d 1357, 1363 (10th Cir.1993)); *Cellini v. Harcourt Brace & Co.,* 51 F.Supp.2d 1028, 1034 (S.D. Cal. 1999) ("[A]lthough a court must consider each of the factors [in the integrated enterprise test], the critical inquiry requires an examination of which entity made the final decisions regarding employment matters.").

Plaintiffs allege in their 4AC that NBCUniversal and the NBCUniversal subsidiaries are all wholly owned by Comcast. Although Plaintiffs then claim in their Opposition that based on this allegation, "Comcast will have necessary control over decision-making, direction, and policies and procedures of NBCUniversal," Plaintiffs do not allege any facts supporting the theory that Comcast exercises control over its subsidiaries' employment decisions.

In *Cellini,* the court found that the control prong of the integrated enterprise test had not been satisfied because the plaintiff had not shown that the defendant parent corporation exercised control over its subsidiary's employment decisions. *Cellini,* 51 F.Supp.2d at 1034-35.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#31**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-9286 PSG (SSx) | Date | August 27, 2013 |
|---|---|---|---|
| Title | Uriel Luna, et al. V. Universal Studio City Productions LLLP, et al. | | |

The court reached this determination in spite of the showing that the defendant issued a code of conduct that applied to the subsidiary's employees and provided employee benefits programs and sexual harassment seminars to those employees. *Id.* at 1034. Because the evidence demonstrated that the subsidiary's day-to-day employment decisions—such as hiring, performance evaluations, and work assignments—were conducted by the subsidiary without the defendant's involvement, the court held that the control factor had not been met. *Id.*

At best, Plaintiffs allege that "the executives of NBCUniversal dominate and control the NBCUniversal subsidiaries, and weigh in on, make decisions, direct, and establish the policies and procedures of NBCUniversal subsidiaries," *4AC* ¶12, 19 and that "executives of Comcast dominate and control NBCUniversal and weigh in on, make decisions, direct, and establish the policies and procedures of NBCUniversal." *Id.* ¶¶ 15, 19. Plaintiffs also allege that all Defendants "jointly employed Plaintiffs" because they managed and set policies and practices regarding Plaintiffs' working conditions. *Id.* ¶ 19. However, Plaintiffs' conclusory allegations fail to show that any of the Defendants exercised or enjoyed the sort of day-to-day control over their subsidiaries' employment decisions that would satisfy the control prong of the integrated enterprise test. They do not suggest any policies or procedures shared by Defendants, nor do they detail any joint decisions made by Defendants. Accordingly, Plaintiffs have failed to establish the paramount third factor of the integrated enterprise test.

        *d.*        *Common Ownership or Financial Control*

As to the fourth factor, Plaintiffs plainly allege that NBCUniversal is wholly-owned by Comcast and that the NBCUniversal subsidiaries are all owned by NBCUniversal. However, this factor is not dispositive in light of *Laird's* holding that "common ownership or control alone is never enough to establish parent liability." *Laird*, 68 Cal. App. 4th at 738. *See also Cellini,* 51 F. Supp. 2d at 1034.

Thus, Plaintiffs have failed to satisfy the first, second, and third factors, and have satisfied only the fourth factor of common ownership. Given the strong presumption under California law that a parent company is not the employer of its subsidiary's employees, *see Laird*, 68 Cal. App. 4th at 737, the Court concludes that Plaintiffs have failed to allege facts supporting the integrated enterprise theory of liability. Plaintiffs cannot maintain an action against Vivendi, UCSP, NBCUniversal, and Comcast for violations of the California Labor Code on the theory that all Defendants constituted a single employer or an integrated enterprise.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#31**

## CIVIL MINUTES - GENERAL

| Case No. | CV 12-9286 PSG (SSx) | Date | August 27, 2013 |
|---|---|---|---|
| Title | Uriel Luna, et al. V. Universal Studio City Productions LLLP, et al. | | |

      *ii.*     *Alter Ego Liability*

     Plaintiffs' also contend that Defendants are joint employers because NBCUniversal and Comcast are the alter egos of the NBCUniversal subsidiaries. Under California law, "[w]hether alter ego applies is a question of fact which necessarily varies according to the circumstances of each case." *Inst. of Veterinary Pathology, Inc. v. Cal. Health Labs., Inc.,* 116 Cal.App.3d 111, 119, 172 Cal.Rptr. 74 (1981). "The trier of fact must consider whether (1) such a unity of interest in ownership exists so as to dissolve the separate corporate personalities of the parent and the subsidiary, relegating the latter to the status of merely an instrumentality, agency, conduit or adjunct of the former, and (2) an inequitable result will occur if the conduct is treated as that of the subsidiary alone." *Id.* In other words, the plaintiff must show "specific manipulative conduct by the parent toward the subsidiary which relegates the latter to the status of merely an instrumentality, agency, conduit or adjunct of the former." *Laird,* 68 Cal.App.4th at 742 (*quotations omitted*).

     Plaintiffs' alter ego allegations are limited to the claim that NBCUniversal and Comcast are the alter egos of the NBCUniversal subsidiaries. Plaintiffs fail to allege any facts supporting either element of alter ego liability.

     First, Plaintiffs have not alleged facts showing a unity of interest between any of the Defendants. In arguing that the alter ego doctrine applies, Plaintiffs rely entirely on allegations that the Court has already found insufficient to meet the "less exacting integrated enterprise test." *See Laird,* 68 Cal.App.4th at 742, 80 Cal.Rptr.2d 454. As discussed *supra*, Plaintiffs have not alleged that Comcast or NBCUniversal controlled the NBCUniversal subsidiaries' internal affairs or daily operations, much less that the NBCUniversal subsidiaries are mere instrumentalities of Comcast or NBCUniversal. *See Doe v. Unocal Corp., 248 F.3d 915,* 926 (9th Cir. 2001) ("An alter ego or agency relationship is typified by parental control of the subsidiary's internal affairs or daily operations.") (citation omitted). Moreover, though Plaintiffs note that Comcast and NBCUniversal have common executives, this does not necessarily imply that there is a unity of interest among Comcast and NBCUniversal, let alone a unity of interest among Comcast, NBCUniversal, and the NBCUniversal subsidiaries. *See Instit. of Veterinary Pathology, Inc.,* 116 Cal.App.3d at 120 ("Interlocking directorates . . . is not, in and of itself, sufficient without direct evidence of specific manipulative conduct to warrant the piercing of the corporate veil."). Plaintiffs also note that Defendants have hired the same attorney, but this fact does not appear in the 4AC. Accordingly, Plaintiffs have failed to satisfy the first prong of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#31

CIVIL MINUTES - GENERAL

| Case No. | CV 12-9286 PSG (SSx) | Date | August 27, 2013 |
|---|---|---|---|
| Title | Uriel Luna, et al. V. Universal Studio City Productions LLLP, et al. | | |

alter ego standard, which suffices to foreclose their argument that the NBCUniversal subsidiaries are alter egos of either NBCUnivesral or Comcast.

Second, Plaintiffs have not demonstrated that fraud, injustice, or some other inequity would result if the corporate veil were not pierced. Plaintiffs have failed to allege that any policies of Comcast or NBCUniversal caused the alleged harms to Plaintiffs. Consequently, the second requirement of the alter ego doctrine has not been satisfied.

Having satisfied neither of the required prongs of the alter ego standard, Plaintiffs' alter ego theory must fail.

Accordingly, Plaintiffs have not shown that Defendants are joint employers under the integrated enterprise test. Additionally, Plaintiffs have not demonstrated Comcast, Vivendi, UCSP, or NBCUniversal's liability for their claims under an alter ego theory. As such, the Court GRANTS the Motion to Dismiss as to all causes of action as to Defendants Comcast, Vivendi, UCSP, and NBCUniversal.

  B. <u>Failure to Furnish Accurate Wage Statements</u>

Plaintiffs' sixth claim is that Defendants failed to furnish accurate itemized wage statements under California Labor Code § 226, and IWC Wage Order Nos. 5-2001, § 7 and 10-2001, § 7. California Labor Code section 226 requires employers to, *inter alia*, furnish employees with accurate, itemized statements in writing. Cal. Lab. Code § 226(a). Section 226(e) provides a remedy for violations of section 226(a), and section 226(h) provides injunctive relief for violations of 226(a). Cal. Lab. Code §§ 226(e), (h). Injury under § 226 may be shown through the possibility of not being paid overtime, employee confusion over whether they received all wages owed them, difficulty and expense involved in reconstructing pay records, and forcing employees to make mathematical computations to analyze whether the wages paid in fact compensated them for all hours worked. *Alonzo v. Maximus, Inc.,* 832 F.Supp.2d 1122, 1135 (C.D. Cal. 2011).

In the Court's Order on the Motion to Dismiss the Second Amended Complaint, it granted Defendants' Motion without leave to amend to the extent Plaintiffs sought relief under California Labor Code § 226(h) and California Labor Code § 1174 on account that the statute of limitations barred Plaintiffs' claims. It also directed Plaintiffs that in order to state a claim for failure to furnish accurate itemized wage statements, Plaintiffs needed to describe which

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#31**

CIVIL MINUTES - GENERAL

| Case No. | CV 12-9286 PSG (SSx) | Date | August 27, 2013 |
|---|---|---|---|
| Title | Uriel Luna, et al. V. Universal Studio City Productions LLLP, et al. | | |

Defendants did not furnish accurate itemized wage statements and the circumstances under which the laws were violated. *See* Dkt. # 22 at 5 (citing *Harding v. Time Warner, Inc.*, No. 09cv1212-WQH-WMc, 2009 WL 2575898, *3 (S.D. Cal. Aug. 18, 2009) (recognizing that conclusory allegations saying that an employer failed to "keep accurate records of all hours worked by its employees" and "provide accurate Itemized Wage Statements" should be "assigned no weight.")).

      In the 4AC, Plaintiffs allege that NBCUniversal, Vivendi, and/or UCSP appear on Plaintiffs' wage statements. *4AC* ¶ 96. Plaintiffs have not adequately stated a claim insofar as they fail to allege which employer failed to provide accurate itemized wage statements. As stated *supra*, neither NBCUniversal, Vivendi, nor UCSP qualify as Plaintiffs' employers, and Plaintiffs fail to specify which employer(s) furnished the inaccurate wage statements. Thus, as to the sixth claim for failure to furnish accurate itemized wage statements, Defendants' motion is GRANTED with LEAVE TO AMEND.

      C.    <u>Failure to Indemnify Employees for Necessary Expenditures</u>

      Plaintiffs seventh cause of action is a violation of California Labor Code § 2802. Under California Labor Code § 2802:

> [a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful.

Cal. Lab. Code § 2802(a). The Court previously granted Defendants' Motion to Dismiss on the grounds that Plaintiffs' allegations were conclusory; the Court noted, for example, that although Plaintiffs' Opposition detailed that Defendants failed to indemnify Plaintiffs for shoes that Plaintiffs had to purchase for work, the allegation did not appear in the SAC. In the 4AC, Plaintiffs allege that Universal Studios and USCL required Plaintiffs and Class Members to purchase "non-slip black shoes." *4AC* ¶ 112. Plaintiffs had to purchase at least one pair of these shoes per year at a cost of $40.00 per pair. *Id.* Defendants note, however, that "non-slip black shoes" are not a reimbursable uniform under California law because they are not "apparel and accessories of distinctive design or color." *See* §9(a) of I.W.C. Wage Orders 12-2001, 10-2001, and 5-2001. In *Becerra v. RadioShack Corp.*, No. 4:11-CV-03586 YGR, 2012 WL 6115627, *3

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#31**

### CIVIL MINUTES - GENERAL

| Case No. | CV 12-9286 PSG (SSx) | Date | August 27, 2013 |
|---|---|---|---|
| Title | Uriel Luna, et al. V. Universal Studio City Productions LLLP, et al. | | |

(N.D. Cal. Dec. 10, 2012), the Court recognized that there was not enough evidence on a motion for summary judgment for plaintiffs to show that khaki pants fell under the definition of a reimbursable uniform because khaki pants were not a "distinctive design or color." The Court noted that the phrase "distinctive design or color" was best understood to mean: "of a specified color or design, or both, that is not usual or common within the employee's occupation." *Id.* at *5. It explained that if an employer required a "particular design (metal-free, tropical) or a specific color combination (blue shirt with tan pants), unless that design or color specification is common to the occupation (like the white shirt and black pants for restaurant employees) it is a 'uniform' and the employer is obligated to reimburse employees for its cost." *Id.*

Based on *Becerra*, the Court finds the allegation that employees had to purchase "non-slip black shoes" insufficient to state a claim for failure to reimburse expenses. Because Plaintiffs can wear "non-slip black shoes" in their industries, as well as in any job, they are not reimbursable. *See Smith v. Pizza Hut, Inc.*, 694 F. Supp. 2d 1227, 1230 (D. Colo. 2010) (finding that plaintiffs' allegations that they were required to wear "black dress pants" and "restaurant-quality non-slip shoes" were insufficient to constitute a uniform without additional facts). Although Plaintiffs contend that they have met the pleading standard because the Court previously admonished their failure to include the allegation regarding shoes, the fact that Plaintiffs moved their allegation from their Opposition to their 4AC does not save it from dismissal. The Court did not specify that Plaintiffs would meet the pleading standard if they included an allegation regarding shoes; it merely suggested that the only fact regarding any potential uniform was addressed only in Plaintiffs' Opposition, and not in the FAC.

As such, the Motion to Dismiss for failure to reimburse is GRANTED WITH LEAVE TO AMEND.

D. <u>Class Allegations</u>

Defendants also request that this Court dismiss (or, in the alternative, strike) Plaintiffs' class allegations. Defendants' attempt to dismiss the class allegations is premature at this stage. As the Court explained in its prior Order on the Motion to Dismiss the SAC, other courts have recognized that:

> [T]he granting of motions to dismiss class allegations before discovery has commenced is rare. Indeed, while there is little authority on this issue within the Ninth Circuit, decisions from courts in other jurisdictions have made clear that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#31

CIVIL MINUTES - GENERAL

| Case No. | CV 12-9286 PSG (SSx) | Date | August 27, 2013 |
|---|---|---|---|
| Title | Uriel Luna, et al. V. Universal Studio City Productions LLLP, et al. | | |

"dismissal of class allegations at the pleading stage should be done rarely and that the better course is to deny such a motion because the shape and form of a class action evolves only through the process of discovery.

*In re Wal-Mart Stores, Inc. Wage and Hour Litig.*, 505 F. Supp. 2d 609, 615 (N.D. Cal. 2007) (quotation and citation omitted); *see also Alexander v. Am. Express Co.*, No. SACV 11-0843 JST (MLGx), 2011 WL 6046928, *2 (finding denial of a motion for class certification premature where "defendant has yet to file an answer and discovery has not begun[.]"). Defendants have not yet filed an answer in this case and discovery has not begun. Because the case is in its early stages, "[a] determination of the ascertainability and manageability of the putative class in light of the class allegations is best addressed at the class certification stage of the litigation." *In re NVIDIA GPU Litig.*, No. C 08-04312 JW, 2009 WL 4020104, *13 (N.D. Cal. Nov. 19, 2009) (citation omitted) (denying motion to strike class allegations); *cf. Jeske v. Maxim Healthcare Services, Inc.*, No. CV F 11-1838 LJO JLT, 2012 WL 78242, at *13 (E.D. Cal. Jan. 10, 2012) (granting motion to dismiss where "aggrieved employees" were not adequately defined for purposes of PAGA claim). Accordingly, the Court declines to determine the issue of the merit of the class action allegations at this time. Thus, the Motion to Dismiss (or in the alternative, to strike) class allegations is DENIED.

E.  Motion to Strike Certain UCL Allegations

Plaintiffs also allege unlawful and unfair business practices under California's Business and Professions Code ("UCL"). Cal. Bus. & Prof. Code § 17200. The UCL prohibits "any unlawful, unfair, or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising," as well as any act prohibited by California's false advertising statute. *See Ariz. Cartridge Remanufacturers Ass'n v. Lexmark Int'l, Inc.*, 421 F.3d 981, 985 (9th Cir. 2005) (quoting Cal. Bus. & Prof. Code § 17200). Plaintiffs allege that Defendants have engaged in unlawful and unfair business practices. An "unlawful" business practice under § 17200 is any business practice that is prohibited by federal, state, or local law, whether "civil or criminal, statutory or judicially made." *McKell v. Wash. Mut., Inc.*, 142 Cal. App. 4th 1457, 1474, 49 Cal. Rptr. 3d 227 (2006) (citations omitted). A business practice is "unfair" under § 17200 "if it violates established public policy or if it is immoral, unethical, oppressive or unscrupulous and causes injury to consumers which outweighs its benefits." *See id.* at 1473.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#31

CIVIL MINUTES - GENERAL

| Case No. | CV 12-9286 PSG (SSx) | Date | August 27, 2013 |
|---|---|---|---|
| Title | Uriel Luna, et al. V. Universal Studio City Productions LLLP, et al. | | |

Plaintiffs' UCL claim incorporates by reference all of its other allegations. *See 4AC ¶¶ 114.* Where a UCL claim is based entirely on violations of other statutes and those claims are deemed deficient, the UCL claim cannot stand. *See Denbicare U.S.A., Inc. v. Toys "R" Us, Inc.*, 84 F.3d 1143, 1152-53 (9th Cir. 1996). Defendants request the Court to strike Plaintiffs' UCL allegations insofar as they relate to the failure to provide accurate itemized wage statements and failure to reimburse business expenses. *4AC ¶ 124(c), (f).* The Court agrees that the allegations pertaining to failure to provide accurate, itemized wage statements and failure to reimburse business expenses are deficient, and therefore do not, at present, provide a basis for recovery under the UCL. As such, the Motion to Strike ¶ 124(c) and (f) from the 4AC is GRANTED WITH LEAVE TO AMEND.

IV. Conclusion

Thus, based on the foregoing:

- Defendants' Motion to Dismiss all causes of action as to Defendants Comcast, Vivendi, UCSP, and NBCUniversal is GRANTED WITH LEAVE TO AMEND;

- Defendants' Motion to Dismiss the sixth claim for failure to furnish accurate itemized wage statements is GRANTED with LEAVE TO AMEND;

- Defendant's Motion to Dismiss the seventh claim for failure to reimburse is GRANTED WITH LEAVE TO AMEND;

- Defendants' Motion to Dismiss (or in the alternative, to strike) class allegations is DENIED; and

- Defendants' Motion to Strike ¶ 124(c) and (f) from the 4AC is GRANTED WITH LEAVE TO AMEND.

**IT IS SO ORDERED.**