MATERN LAW GROUP
Matthew J. Matern (SBN 159798)
   mmatern@maternlawgroup.com
1230 Rosecrans Avenue, Suite 200
Manhattan Beach, CA 90266
Telephone:  (310) 531-1900
Facsimile:  (310) 531-1901

Attorney for Plaintiffs Uriel Luna,
Carrie Gartin, Shaun Gartin, and
Gregoria Ruiz on behalf of themselves and all others
similarly situated

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| URIEL LUNA, and individual; CARRIE GARTIN, an individual; SHAUN GARTIN, an individual; and GREGORIA RUIZ, an individual<br><br>Plaintiffs,<br><br>v.<br><br>UNIVERSAL CITY STUDIOS LLC, a Delaware limited liability company d/b/a Universal Parks & Resorts; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.  CV-12-09286-PSG (SSx)<br><br>CLASS ACTION<br><br>**PLAINTIFFS' SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF JOINT STIPULATION RE: PLAINTIFFS' MOTION TO COMPEL FURTHER DISCOVERY RESPONSES AND TO COMPEL RULE 30(B)(6) TESTIMONY**<br><br>Date:          January 27, 2015<br>Time:          10:00 a.m.<br>Courtroom:  23<br><br>Discovery Cut-Off Date: March 30, 2015<br>Pre-Trial Conf. Date:    June 1, 2015<br>Trial Date:                     June 16, 2015<br><br>Complaint Filed:          August 21, 2012 |

PLAINTIFFS' SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF JOINT STIPULATION RE:
PLAINTIFFS' MOTION TO COMPEL FURTHER DISCOVERY RESPONSES

Pursuant to L.R. 37-2.3, Plaintiffs submit a Supplemental Memorandum of Law in Support of the Joint Stipulation re: Plaintiffs' Motion to Compel Further Discovery Responses and to Compel Rule 30(b)(6) Testimony ("Joint Stipulation").

## I.  Introduction

Defendant attempts to transform the current motion into a motion for class certification. At this stage, Plaintiffs need only demonstrate the requested discovery is likely to substantiate the class allegations. Plaintiffs have satisfied this burden.

Defendant argues Plaintiffs cannot adequately represent the class. However, whether Plaintiffs are adequate class representatives must be decided at certification – not in the confines of this discovery motion. Indeed, even at certification, different job titles and a lack of information regarding other class members do not preclude a finding that a named plaintiff can adequately represent the class.

Additionally, Defendant's merits arguments are improper, as even at certification, merits questions should only be considered to the extent they are necessary to determine whether the class certification requirements are satisfied.

Finally, Defendant claims Plaintiffs are not entitled to discovery related to their rounding and regular-rate theories because they not alleged in the Corrected Sixth Amended Complaint ("Operative Complaint"). However, these theories are within the scope of Plaintiffs' causes of action for failure to pay overtime and minimum wage. Defendants' narrow reading of the allegations in the complaint must be rejected, as it is inconsistent with Federal Rule of Civil Procedure 26.

Accordingly, Plaintiffs respectfully request the Court compel Defendant to provide further discovery responses and deposition testimony.

## II.  Defendant's Attack on Plaintiffs' Adequacy Is Premature

Defendant argues Plaintiffs cannot adequately represent the class because members of the proposed class have different job titles and duties than Plaintiffs and Plaintiffs lack sufficient knowledge regarding employees in other positions. Such arguments are premature, as the Court need not determine whether Plaintiffs are

adequate class representatives at this stage in the proceedings.

Moreover, even at class certification, there is no case law that holds a class representative cannot represent individuals simply because they hold a different job title. *See Lewis v. Wells Fargo & Co.*, 2009 WL 1033823, *2 (N.D. Cal. Apr. 16, 2009) ("Defendant does not cite any case for the proposition that a named plaintiff with one job title cannot represent a class of individuals with other job titles"); *Nobles v. State Farm Mut. Auto. Ins. Co.*, 2011 WL 3794021, *6 (W.D. Mo. Aug. 25, 2011) (rejecting defendant's argument that plaintiffs were unable to represent the interests of employee who have different job titles and functions, as "Plaintiffs' claims [did] not rest on the specific functions of their job positions or duties"). While Defendant contends Plaintiffs have nothing more in common with its employees who hold different job positions as they do with employees of Disneyland, the facts demonstrate otherwise: Plaintiffs and all members of the proposed class were subject to *the same* collective bargaining agreements, *the same* allegedly illegal written policies, and *the same* rounding practices, used *the same* timekeeping system, and received *the same* wage statements.[1]

Defendant's claim that Plaintiffs cannot adequately represent the class because they lack sufficient knowledge regarding employees in other positions is similarly misguided. No such knowledge is required to satisfy the adequacy requirement, much less to obtain class discovery. *See Nguyen v. Baxter Healthcare Corp.*, 275 F.R.D. 596, 602 (C.D. Cal. 2011) ("[Defendant] claims that, because [Plaintiff], in her deposition, indicated that she was unaware of activity outside of her production line and did not know whether others had problems with their wage statements, [plaintiff] has insufficient knowledge to make her an adequate representative. To satisfy the adequacy requirement, no such knowledge is

---

[1] Defendant attempts to mislead the Court, claiming Plaintiff Ruiz only worked as a parking attendant. However, she testified she also worked as a valet greeter, area lead, trainer, dispatcher, and shuttle rider. *See* Declaration of Aubry Wand ("Wand Decl.") ¶ 3; **Pls.' Ex. I**.

Page 2

PLAINTIFFS' SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF JOINT STIPULATION RE: PLAINTIFFS' MOTION TO COMPEL FURTHER DISCOVERY RESPONSES

required of the class representative.") (internal citation omitted).

Accordingly, Defendant's premature arguments regarding Plaintiffs' ability to adequately represent the class do not justify its refusal to respond to discovery.

### III. Defendant's Merits Arguments Are Improper

Defendant improperly attempts to litigate the merits of Plaintiffs' claims within this discovery motion. In order to obtain class discovery, Plaintiffs need not establish the merits of their claims. Indeed, even at certification, a plaintiff need only show that "*questions* common to the class predominate, not that those questions will be answered, on the merits in favor of the class." *Amgen Inc. v. Connecticut Ret. Plans & Trust Funds*, 133 S. Ct. 1184, 1191 (2013).

Relying on Labor Code section 514 and *Vranish v. Exxon Mobil Corp.*, 223 Cal. App. 4th 103 (2014), Defendant argues its CBA is lawful. *See* Jt. Stip., § I.B.ii.a. *Vranish* involved a motion for summary judgment, where the evidence was undisputed that "premium wage rates for all overtime hours worked and a regular hourly rate of pay for those employees of not less than 30 percent more than the state minimum wage" was paid, as required to invoke Labor Code section 514. *See Vranish*, 223 Cal. App. 4th at 109. Here, there is no evidence Plaintiffs and the putative class members received premium wages for all overtime hours worked or that their regular hourly rates were at least 30 percent more than minimum wage. To the contrary, the CBA provides employees are not paid overtime until they work 42 ½ hours in a workweek. *See* **Pls.' Ex. B**. (Dkt. 62-3).[2]

Defendant also argues Plaintiffs' regular-rate claims lack merit, claiming that meal and rest period premiums do not need to be included in an employee's regular rate. Jt. Stip., 41:21-23. Significantly, Defendant does not dispute it is required to include shift differential payments in calculating the regular rate for

---

[2] As the court in *Vranish* recognized, the requirements of the FLSA, including the requirement that overtime be paid for hours in excess of 40 in a week, cannot be waived through a CBA. *Vranish*, 223 Cal. App. 4th at 107, 112.

overtime purposes or that it failed to do so.  Rather, Defendant contends there is insufficient evidence it failed to include shift differentials in the overtime calculations.[3]  However, as Plaintiffs' **Exhibit J** demonstrates, Defendant repeatedly failed to include shift differential payments when calculating the regular rate of pay for overtime purposes.  Thus, there is a reasonable inference that Defendants failed to include shift differentials in calculating the regular rate for members of the putative class and that the requested discovery will substantiate such claims.  As to Defendant's admitted failure to include meal and rest break premiums in the regular-rate calculations, Plaintiffs contend meal and rest break premiums are akin to the premiums paid for working off-hours shifts, and such shift differential premiums are included in the overtime calculation.  *See Bay Ridge Operating Co. v. Aaron*, 334 U.S. 446, 468-69 (1948).  While Defendants dispute Plaintiffs' contention, the Court need not decide the merits of Plaintiffs' claims prior to compelling production of the requested discovery.[4]

Finally, Defendant makes a specious argument that Plaintiffs admitted in deposition they did not work "off the clock."  Defense counsel used this legal term of art during the depositions in a way designed to confuse Plaintiffs and elicit inaccurate testimony.  Plaintiffs' off-the-clock theory is premised on the fact that, pursuant to the Local B-192 CBA, employees are compensated for only 12 minutes of time to walk across a vast amusement park and then to wait in line and change into their uniforms, when in actuality, it takes much longer to complete these tasks, resulting in unpaid off the clock work.  Plaintiffs testified to this at deposition.  *See*

---

[3] Similarly, Defendants suggest the fact Plaintiffs have not submitted numerous time records creates a presumption the time records do not support the allegations of missed and untimely meal periods.  This is untrue.  Recognizing this is a discovery motion, and in an effort to avoid unnecessarily burdening the Court with voluminous amounts of evidence, Plaintiffs hereby submit selective documents to demonstrate they have suffered the alleged violations, and these violations will appear in the time records of the class members.  **Pls.' Ex. K**.

[4] Defendant relies exclusively on the DLSE Manual in support of its argument.  However, "the DLSE's opinion is not binding authority." *Medrano v. D'Arrigo Bros. Co. of California*, 336 F. Supp. 2d 1053, 1058 (N.D. Cal. 2004).

PLAINTIFFS' SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF JOINT STIPULATION RE:
PLAINTIFFS' MOTION TO COMPEL FURTHER DISCOVERY RESPONSES

**Pls.' Ex. I**, 196: 13-25, 197: 1-15; **Ex. L**, 85: 3-25 - 87: 1-8; **Ex. M**, 74-86.

### IV. The Requested Discovery Is within the Scope of the Operative Complaint

Defendant falsely claims Plaintiffs' rounding and regular-rate theories are not alleged in the Operative Complaint. The rounding and regular-rate theories fall within the scope of Plaintiffs' causes of action for failure to pay overtime and minimum wage. As to the regular rate theory, Plaintiffs allege Defendants "fail[ed] to pay overtime at one and one-half (1 1/2) or double the regular rate of pay." Complaint, ¶ 46. As to the rounding theory, Plaintiffs allege Defendants "illegally and inaccurately record[ed] time in which PLAINTIFFS and CLASS MEMBERS worked." *Id*. at ¶¶ 46, 53. Defendant's attempt to narrowly construe Plaintiffs' allegations to avoid producing discovery is inconsistent with Rule 26 and must be rejected. *See O'Campo v. Chico Crossroads*, 2011 WL 5241351 (E.D. Cal. Oct. 31, 2011) ("[D]iscovery is not limited to issue[s] raised by the pleadings, for discovery itself is designed to help define and clarify the issues.").

### V. Plaintiffs' Prior Request for the January 27, 2015 Hearing Date

The Joint Stipulation was filed on January 7, 2015, twenty days before the reserved hearing date. Plaintiffs requested this hearing date due to the impending March 30, 2015 deadline for Plaintiffs to file their class certification motion and because the one-day delay in filing was the result of Defendant's failure to uphold the parties' agreement regarding the filing. *See* Wand Decl. ¶¶ 8-13.

### VI. Conclusion

For the foregoing reasons, Plaintiffs respectfully request the Court grant Plaintiffs' motion to compel in its entirety.

Dated: January 13, 2015         Respectfully submitted,

Matern Law Group

By: /s/ Matthew J. Matern
Matthew J. Matern
Attorneys for Plaintiffs

Page 5

PLAINTIFFS' SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF JOINT STIPULATION RE: PLAINTIFFS' MOTION TO COMPEL FURTHER DISCOVERY RESPONSES