MATERN LAW GROUP
MATTHEW J. MATERN (SBN 159798)
   mmatern@maternlawgroup.com
LAUNA ADOLPH (SBN 227743)
   ladolph@maternlawgroup.com
AUBRY WAND (SBN 281207)
   awand@maternlawgroup.com
1230 Rosecrans Avenue, Suite 200
Manhattan Beach, California 90266
Telephone:  (310) 531-1900
Facsimile:   (310) 531-1901

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| URIEL LUNA, an individual; CARRIE GARTIN, an individual; SHAUN GARTIN, an individual; and GREGORIA RUIZ, an individual, <br><br>        Plaintiffs, <br><br>    v. <br><br> UNIVERSAL CITY STUDIOS LLC, a Delaware limited liability company d/b/a Universal Parks & Resorts; and DOES 1 through 100, inclusive, <br><br>        Defendants. | Case No.: CV-12-09286-PSG (SSx) <br><br> **PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES** <br><br> [Filed concurrently with Declaration of Matthew J. Matern in Support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement; [Proposed] Order] <br><br> Date:         September 21, 2015 <br> Time:         1:30 p.m. <br> Courtroom:  880 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:

PLEASE TAKE NOTICE that on September 21, 2015 at 1:30 p.m., or as soon thereafter as the matter may be heard, before the Honorable Philip S. Gutierrez, United States District Court Judge, in the United States District Court for the Central District of California, located at 312 N. Spring Street, Los Angeles, California 90005, Plaintiffs Uriel Luna, Carrie Gartin, Shaun Gartin, and Gregoria Ruiz ("Plaintiffs") will move this Court for an order as follows:

1.     Granting preliminary approval of the class action settlement set forth in the Stipulation Regarding Settlement of Class Action ("Stipulation"), a true and correct copy of which is attached to the Declaration of Matthew J. Matern as Exhibit A;

2.     Approving the Class Notice, Summary Sheet, and Exclusion Forms, true and correct copies of which are attached to the Stipulation as Exhibits 2-4;

3.     Setting a hearing on final approval of the class action settlement ("Final Approval Hearing");

4.     Provisionally certifying the class described herein for settlement purposes only;

5.     Appointing Plaintiffs as representatives of the class; and

6.     Appointing Matern Law Group as Class Counsel.

This motion is made on the grounds that the proposed settlement is fair and reasonable, and that the above identified documents fairly and adequately inform the class members of the terms of the proposed settlement, of their rights, responsibilities, and choices with respect thereto, and of the consequences of those choices.

This motion will be based on this Notice, the Memorandum of Points and Authorities, the Stipulation and all exhibits thereto, the Declaration of Matthew J. Matern, the documents and records on file in this matter, and such additional arguments, authorities, evidence and other matters as may be presented

by the parties hereafter.  This motion is made following the conference of counsel pursuant to Local Rule 7-3 which took place on July 2, 2015.  Defendant does not oppose this motion.

DATED: July 21, 2015                          Respectfully submitted,

                                             MATERN LAW GROUP

                              By:     /s/ Matthew J. Matern
                                      MATTHEW J. MATERN
                                      AUBRY WAND
                                      Attorneys for Plaintiffs

# TABLE OF CONTENTS

I.     INTRODUCTION .................................................................................... 1

II.    BACKGROUND .................................................................................... 2

       A.    Procedural History ..................................................................... 2

       B.    Discovery and Investigation....................................................... 3

       C.    Settlement Negotiations ............................................................. 3

III.   THE SETTLEMENT .............................................................................. 4

       A.    Definition of Proposed Class ..................................................... 4

       B.    Settlement Terms ........................................................................ 4

       C.    Release ........................................................................................ 6

       D.    Class Notice and Objection and Opt-Out Rights ....................... 7

             1.     Notice to Class Members................................................. 7

             2.     Exclusions ....................................................................... 8

             3.     Objections ........................................................................ 8

IV.    THE COURT SHOULD GRANT PRELIMINARY APPROVAL OF
       THE SETTLEMENT .............................................................................. 8

       A.    The Settlement Was Reached after Informed, Arm's Length
             Bargaining .................................................................................. 9

       B.    The Settlement Does Not Suffer from any Obvious
             Deficiencies.............................................................................. 10

       C.    The Settlement Does Not Provide Preferential Treatment to
             Plaintiffs or Any Segment of the Class.................................... 11

       D.    The Settlement Falls within the Range of Possible Approval .............. 12

V.     THE COURT SHOULD PROVISIONALLY CERTIFY THE
       CLASS FOR SETTLEMENT PURPOSES ONLY ................................ 13

       A.    The Class Satisfies the Requirements of Rule 23(a) ............................ 13

             1.     The Class Is Sufficiently Numerous............................... 13

             2.     Common Questions of Law and Fact Exist................................ 13

             3.     Plaintiffs' Claims Are Typical of the Claims of the Class.......... 15

4.   Plaintiffs Will Adequately Represent the Class ........................16

B.   The Class Satisfies the Requirements of Rule 23(b)(3)........................17

1.   Common Questions Predominate Over Individual Issues..........17

2.   A Class Action Is the Superior Method to Resolve this Controversy................................................................................18

VI.   THE COURT SHOULD APPROVE THE PROPOSED CLASS NOTICE ....................................................................................................19

VII.   CONCLUSION ..........................................................................................21

# TABLE OF AUTHORITIES

**Federal Cases**                                                                    **Page**

*Alvarado v. Nederend*,
   2011 U.S. Dist. LEXIS 2326 (E.D. Cal. Jan. 11, 2011)................................8

*Amchem Prods. v. Windsor*,
   521 U.S. 591 (1997) .........................................................................17, 18

*Arrendondo v. Delano Farms Co.*,
   2011 U.S. Dist. LEXIS 44134 (E.D. Cal. 2011) ..........................................17

*Baby Neal for & by Kanter v. Casey*,
   43 F.3d 48 (3rd Cir. 1994).......................................................................13

*Blackie v. Barrack*,
   524 F.2d 891 (9th Cir. 1975)..................................................................17

*Churchill Vill., L.L.C. v. GE*,
   361 F.3d 566 (9th Cir. 2004) .................................................................19

*Collins v. Cargill Meat Solutions Corp.*,
   274 F.R.D. 294 (E.D. Cal. 2011)........................................................8, 9, 10

*Eisen v. Carlisle & Jacquelin*,
   417 U.S. 156 (1974) .........................................................................18, 20

*Gay v. Waiters' & Dairy Lunchmen's Union*,
   549 F.2d 1330 (9th Cir. 1977)................................................................13

*General Tel .C. v. E.E.O.C.*,
   446 U.S. 318 (1980) ............................................................................13

*General Tel. Co. of the Southwest v. Falcon*,
   457 U.S. 147 (1982) ............................................................................16

*Hanlon v. Chrysler Corp.*,
   150 F.3d 1011 (9th Cir. 1998)................................................................15

*Hanon v. Dataprods. Corp.*,
   976 F.2d 497 (9th Cir. 2002)..................................................................14

*Harris v. Vector Mktg. Corp.*,
   No. C-08-5198 EMC, 2011 WL 1627973 (N.D. Cal. Apr. 29, 2011) ........11

*In re Heritage Bond Litig.*,
   546 F.3d 667 (9th Cir. 2009)....................................................................8

*In re Tableware Antitrust Litig.*,
   484 F. Supp. 2d 1078 (N.D. Cal. 2007) ..............................................11, 12

*Lerwill v. Inflight Motion Pictures Inc.*,
   582 F.2d 507 (9th Cir.1978)..................................................................18

-iii-

*Local Joint Executive Bd. of Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc.*,
    244 F.3d 1152 (9th Cir. 2001)........................................................17

*Mendoza v. United States*,
    623 F.2d 1338 (9th Cir. 1980)........................................................19

*Mullane v. Central Hanover Bank & Trust Co.*
    339 U.S. 306 (1950) ....................................................................20

*Officers for Justice v. Civil Serv. Comm'n of San Francisco*,
    688 F.2d 615 (9th Cir. 1982)..........................................................8

*Parra v. Bashas', Inc.*,
    536 F.3d 975 (9th Cir. 2008)..........................................................13

*Rodriguez v. Hayes*,
    591 F.3d 1105 (9th Cir. 2010)........................................................13

*Rodriguez v. West Publ'g Corp.*,
    563 F. 3d 948 (9th Cir. 2009)...........................................11, 12, 19

*Staton v. Boeing Co.*,
    327 F.3d 938 (9th Cir. 2003)...............................................11, 15

*Valentino v. Carter-Wallace, Inc.*,
    97 F.3d 1227 (9th Cir. 1996)..........................................................17

*Vasquez v. Coast Valley Roofing, Inc.*,
    670 F. Supp. 2d 1114 (E.D. Cal. 2009).........................................11

*Wal-Mart Stores, Inc. v. Dukes*,
    131 S. Ct. 2541 (U.S. 2011) ..........................................................12

*Wells Fargo Loan Processor Overtime Pay Litig.*,
    2011 U.S. Dist. LEXIS 84541 (N.D. Cal. Aug. 2, 2011)...........................19


**State Cases**

*Belaire-West Landscape, Inc. v. Superior Court*
    (2007) 149 Cal.App.4th 554.........................................2, 3, 7, 8


**State Statutes**

California Civil Code section 1542 ..........................................................4


**Federal Rules**

Fed. R. Civ. P. 23(a)(1)..................................................................13

-iv-

Fed. R. Civ. P. 23(a)(4) ............................................................................... 15

Fed. R. Civ. P. 23(e) ..................................................................... 8, 18, 19

Fed. R. Civ. P.  23 ................................................................................ 12, 20

Fed. R. Civ. P.  30(b)(6) ............................................................................... 2

Fed. R. Civ. P. 23(a) ................................................................................... 12

Fed. R. Civ. P. 23(a)(3) ............................................................................... 14

Fed. R. Civ. P.  23(b)(3) ......................................................................... 16, 17

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

This is a wage and hour class action brought by Plaintiffs Uriel Luna, Carrie Gartin, Shaun Gartin, and Gregoria Ruiz ("Plaintiffs"), individually and on behalf of all other similarly-situated current and former employees of Defendant Universal City Studios LLC ("Defendant" or "Universal").  Plaintiffs allege, among other claims, that Defendant failed to provide its non-exempt, hourly employees with legally required meal and rest periods and failed to pay overtime and other wages.  Defendant and Plaintiffs have entered into a Stipulation for Settlement of Civil Action ("Settlement") which provides for a total, non-reversionary settlement amount of $1,600,000.

The class is composed of Parking Lot Attendants who are or were members of Amusement Areas Employees Union, Local B-192, all Food Stand Attendants who are or were members of Unitehere, Local 11, and all Commissary members of Hotel Employees and Restaurant Employees Union, Unitehere, Local 11 AFL-CIO, who work or have worked for Defendant at Universal City, California at any time during the Class Period.

As more fully discussed herein, the Settlement is the product of mediated arms-length negotiations and was reached after substantial discovery and investigation.  The proposed Settlement is fair, reasonable and adequate and represents a significant recovery based on the risks of obtaining and maintaining class certification and establishing liability and damages at trial on the claims set forth in the Operative Complaint.

The class should be provisionally certified for settlement purposes only because: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law and fact common to the class; (3) Plaintiffs' claims are typical of the claims of the class; (4) Plaintiffs and their counsel will fairly and adequately protect the interests of the class; and (5) questions of law and fact

common to class members predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

Finally, the proposed notice plan meets all requirements as to method and form, as the Notice of Class Settlement, which is to be distributed by First Class Mail to the last known address of each Class Member, fairly apprises the Class Members of the terms of the proposed Settlement and their options in connection with the proceedings.

Accordingly, Plaintiffs respectfully request this Court grant preliminary approval of the Settlement.

## II.   BACKGROUND

### A.   Procedural History

On August 21, 2012, Plaintiff Uriel Luna filed a complaint in the Superior Court of the State of California, County of Los Angeles, entitled "*Uriel Luna, individually, and on behalf of all others similarly situated v. Vivendi Universal Entertainment LLLP, et al.*," Case No. BC 490392.  Declaration of Matthew J. Matern ("Matern Decl.") ¶ 3.   On October 30, 2012, Defendants removed this case to the United States District Court for the Central District of California based on federal question jurisdiction and federal jurisdiction under the Class Action Fairness Act.  Matern Decl. ¶ 4.   Following a series of amendments to the pleadings, some of which were ordered by the Court and some of which were based on the stipulation of the Parties, Plaintiffs filed a Corrected Sixth Amended Complaint ("Operative Complaint") on January 28, 2014.  *Id.* at ¶ 5.

The Operative Complaint alleges eight causes of action against Defendant for: (1) Failure to Provide Required Meal Periods; (2) Failure to Provide Required Rest Periods; (3) Failure to Provide Overtime Wages; (4) Failure to Pay Minimum Wage; (5) Failure to Pay All Wages Due to Discharged and Quitting Employees; (6) Failure to Furnish Accurate Itemized Statements; (7) Unfair and Unlawful

Business Practices; and (8) Penalties under the Labor Code Private Attorneys General Act.  Matern Decl. at ¶ 6.

### B.   Discovery and Investigation

This case was heavily litigated for over two years.  In addition to engaging in motions practice, Plaintiffs conducted an extensive investigation, interviewing numerous class members, and ultimately adding several additional representatives subsequent to the filing of the original complaint.  *Id.* at ¶¶ 9, 10.  The Parties also conducted significant discovery prior to engaging in settlement discussions.  Both sides propounded and responded to written discovery, including interrogatories and requests for production of documents.  *Id.* After ongoing meet and confer efforts, Plaintiffs filed a motion to compel, which Magistrate Judge Segal granted in part. *Id.*  Subsequent to these efforts, Defendant ultimately produced, among other documents, all relevant wage and hour policy documents, collective bargaining agreements, class contact information for Class Members pursuant to the procedure approved in *Belaire-West Landscape, Inc. v. Superior Court* (2007) 149 Cal.App.4th 554, and a sampling of the time punch records and payroll records. *Id.*  In total, Defendant produced thousands of pages of documents.   Plaintiffs interviewed approximately 98 Class Members about their experiences working for Defendant.  Further, Defendant deposed all four Plaintiffs, and Plaintiffs conducted five days of deposition testimony pursuant to Federal Rule of Civil Procedure, Rule 30(b)(6).  *Id.*  Thus, Plaintiffs conducted significant investigation and discovery and were well-apprised of the salient legal and factual issues before participating in the mediation.

### C.   Settlement Negotiations

The Parties participated in a mediation session with an experienced mediator, Michael E. Dickstein, on April 16, 2015.  Matern Decl. ¶ 7.  After extensive negotiations, which lasted past midnight, the Parties reached an agreement in principle regarding the material terms for a proposed class action

-3-

settlement that would fully resolve this matter, which they memorialized in a signed Memorandum of Understanding and made subject to the Parties entering into a more comprehensive written settlement agreement.  *Id.*  After additional negotiations, the Stipulation for Settlement of Civil Action was fully executed on June 23, 2015.   Matern Decl. ¶ 8.

## III.    THE SETTLEMENT

### A.    Definition of Proposed Class

The proposed class consists of: "All Parking Lot Attendants who are or were members of Amusement Areas Employees Union, Local B-192, all Food Stand Attendants who are or were members of Unitehere, Local 11, and all Commissary members of Hotel Employees and Restaurant Employees Union, Unitehere, Local 11 AFL-CIO who work or have worked for Defendant at Universal City, California at any time during the Class Period."  Stipulation ¶ 6.  The "Class Period" is defined as the period from August 21, 2008 through the date of entry of the Preliminary Approval Order.  Stipulation ¶ 7.

### B.    Settlement Terms

Under the proposed Settlement, the claims of all Settlement Class Members shall be settled for the Total Maximum Settlement Payment (TMSP) of One Million Six Hundred Thousand Dollars ($1,600,000.00), which is inclusive of all Individual Settlement Payments to Settlement Class Members, Class Counsel Award, Settlement Administration Costs, Class Representative Service Awards, PAGA payments to Settlement Class Members and the California Labor and Workforce Development Agency ("LWDA"), and Settlement Class Members' share of employee payroll taxes on the portion of the Individual Settlement Payments that constitutes wages.  Stipulation ¶ 36.  The TMSP shall be allocated as follows:

1.    Individual Settlement Payments.  The Net Payment, which equals the TMSP, less the Class Counsel Award, the PAGA payment to the LWDA, the

Settlement Administration Costs, and the Class Representative Service Awards, shall be distributed to Class Members who do not submit a valid and timely Request for Exclusion Form ("Settlement Class Members").  Stipulation ¶¶ 17, 19, 34.[1]  Each Settlement Class Member shall receive his/her respective share of the Net Payment based on his/her Compensable Pay Periods.  Stipulation ¶ 9, 47(a)(i). Individual Settlement Payments shall be allocated as follows: twenty percent (20%) as wages subject to all applicable tax withholdings, and eighty percent (80%) as non-wages not subject to payroll tax withholdings.  Stipulation ¶ 47(a). If an Individual Settlement Payment check remains uncashed after One Hundred Eighty (180) days from issuance, the Settlement Administrator shall pay over the amount represented by the check, without the need to include interest, to the California Department of Industrial Relations Unclaimed Wages Fund, with the identity of the Settlement Class Member to whom the funds belong.  Stipulation ¶ 47(a)(iv)(1).

2. <u>Class Representative Service Awards</u>.  Subject to Court approval, in exchange for the release of their claims, including a waiver of California Civil Code section 1542, and for their time and effort in litigating this matter, each Plaintiff shall be paid a Class Representative Service Award not to exceed Ten Thousand Dollars ($10,000.00).  Stipulation ¶ 47(c).

3. <u>Class Counsel Award</u>.  Subject to Court approval, Class Counsel shall be entitled to receive reasonable attorneys' fees in an amount not to exceed thirty three and one-third percent (33.33%) of the TMSP, which amounts to Five Hundred Thirty-Two Thousand Eight Hundred Dollars ($532,800.00), and an award of reasonable costs associated with Class Counsel's prosecution of the Civil Action in an amount not to exceed Seventy Five Thousand Dollars ($75,000.00).

---

[1] Class Members are not required to submit a claim in order to receive a share of the Net Payment, and no portion of the TMSP shall revert to Defendant or result in an unpaid residue. Stipulation ¶ 47.

1   Stipulation ¶ 47(d).[2]

2       4.   Settlement Administration Costs.  The Settlement Administrator shall

3   be paid from the TMSP for the Settlement Administration Costs.  Stipulation ¶

4   47(e).  The Settlement Administration Costs are estimated not to exceed Twenty

5   Four Thousand Dollars ($24,000.00).  Matern Decl. ¶ 12.

6       5.   Payment to the LWDA.  Ten Thousand Dollars ($10,000.00) from the

7   TMSP shall be allocated to penalties under PAGA, of which Seven Thousand Five

8   Hundred Dollars ($7,500.00) shall be paid by the Settlement Administrator directly

9   to the LWDA.  The remaining Two Thousand Five Hundred Dollars ($2,500.00)

10  shall be part of the Net Payment and shall be distributed to Settlement Class

11  Members as part of their Individual Settlement Payments.  Stipulation ¶ 47(f).

12      6.   Employer's Share of Payroll Taxes.  The Employer's Share of Payroll

13  Taxes shall be submitted by Defendant to the Settlement Administrator in addition

14  to the TMSP.  Stipulation ¶ 14, 36.

15  **C.   Release**

16      Upon entry of the Final Order and Judgment, all Settlement Class Members

17  shall be deemed to have released their respective Released Claims.  Stipulation ¶

18  45.  "Released Claims" with respect to the Settlement Class Members (other than

19  Plaintiffs) means any and all claims, rights, causes of action, losses, liabilities, and

20  other legal responsibilities, of any form whatsoever, whether based on federal,

21  state, local, statutory, or common law, or any other law, rule or regulation, whether

22  known or unknown, unforeseen, unanticipated, unsuspected or latent, which were

23  asserted in the Class Action and any other claims against Defendant by Settlement

24  Class Members and the heirs, successors and/or assigns of any of them (whether

25  directly, indirectly, representatively, derivatively or in any other capacity) based on

26  the allegations of wrongful conduct in all pleadings filed by Plaintiffs, or any of

27

28  _____

[2] Plaintiffs will include a detailed summary of their litigation costs at the time of the filing of the Motion for Final Approval.

-6-

them, in the Civil Action and arising at any time prior to the entry of the
Preliminary Approval Order.  Stipulation ¶ 28.

### D.   Class Notice and Objection and Opt-Out Rights

Pursuant to the terms of the Stipulation, sufficient notice will be provided
that will fully apprise Class Members of the terms of the Settlement.  Within
fifteen (15) days of entry of the Preliminary Approval Order, Defendant shall
provide the Settlement Administrator with the Class Information, including each
Class Member's full name; last known address; Social Security number; and
number of Compensable Pay Periods.  Stipulation ¶ 6, 46(a).  Upon receipt of the
Class Information, the Settlement Administrator shall perform a search based on
the National Change of Address Database maintained by the United States Postal
Service to update and correct any known or identifiable address changes.
Stipulation ¶ 46(b).  Within twenty (20) days after receiving the Class Information
from Defendant, the Settlement Administrator shall mail copies of the Notice
Packet, in both English and Spanish, to all Class Members via regular First Class
U.S. Mail.  The Settlement Administrator shall exercise its best judgment to
determine the current mailing address for each Class Member.  The address
identified by the Settlement Administrator as the current mailing address shall be
presumed to be the most current mailing address for each Class Member.
Stipulation ¶ 46(b).

### 1.   Notice to Class Members

The Parties have agreed to the form of the Notice of Class Settlement and
Summary Sheet, subject to the Court's approval.  Matern Decl., Exhs. 3 and 6 to
Stipulation.  The Summary Sheet will provide Class Members with an estimate of
their Individual Settlement Payment based on the number of Compensable Pay
Periods he or she worked.  Class Members will have the opportunity, should they
disagree with Defendant's records regarding the number of compensable
workweeks they worked during the Class Period, as stated in the Summary Sheet,

1    to provide documentation and/or an explanation to show contrary information.

2    Matern Decl., Exh. 6 to Stipulation.

3    ## 2.  Exclusions

4    The Parties have also agreed to the Exclusion Form, subject to the Court's

5    approval.  Stipulation, Exh. 5.  Class Members will have the opportunity to request

6    exclusion from the Settlement by submitting a signed Exclusion Form to the

7    Settlement Administrator.  Stipulation ¶ 46(b).  Class Members must submit the

8    Exclusion Form within sixty (60) days after the Settlement Administrator mails the

9    Notice Packet to Class Members (the "Response Deadline").  *Id.*

10   ## 3.  Objections

11   The Notice of Class Settlement informs Class Members of their right to

12   object to the Settlement.  Stipulation ¶ 46(c).  Class Members who wish to object

13   must serve on all Parties and file with the Court a written brief or statement of

14   objection ("Notice of Objection") by the Response Deadline.  *Id.*  The Notice of

15   Objection must be signed by the Class Member and state: (1) the full name of the

16   Class Member; (2) the dates of employment of the Class Member; (3) the grounds

17   for the objection; and (4) indicate if the Class Member intends to appear at the

18   Final Approval Hearing.  Stipulation ¶ 46(c).  Class Members who fail to timely

19   make objections in the manner specified shall be deemed to have waived any

20   objections and shall be foreclosed from making any objections (whether by appeal

21   or otherwise) to the Settlement.  *Id.*  Class Members who submit a timely Notice of

22   Objection will have a right to appear at the Final Approval Hearing in order to

23   have their objections heard by the Court.  *Id.*

24   # IV.  THE COURT SHOULD GRANT PRELIMINARY APPROVAL OF

25   ## THE SETTLEMENT

26   Pursuant to Federal Rule of Civil Procedure 23(e), "[t]he claims, issues, or

27   defenses of a certified class may be settled, voluntarily dismissed, or compromised

28   only with the court's approval."  Fed. R. Civ. Proc. § 23(e).  Before a court

approves a settlement, it must conclude that the settlement is "fundamentally fair, adequate and reasonable." *In re Heritage Bond Litig.*, 546 F.3d 667, 674-75 (9th Cir. 2009). Generally, the district court's review of a class action settlement is "extremely limited." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998). The court considers the settlement as a whole, rather than its components, and lacks authority to "delete, modify or substitute certain provision." *Id.* (quoting *Officers for Justice v. Civil Serv. Comm'n of San Francisco*, 688 F.2d 615, 630 (9th Cir. 1982).

At the preliminary approval stage, the court may grant preliminary approval of a settlement and direct notice to the class if the settlement: (1) appears to be the product of serious, informed, non-collusive negotiations; (2) has no obvious deficiencies; (3) does not improperly grant preferential treatment to the class representative or segments of the class; and (4) falls within the range of possible approval. *See Alvarado v. Nederend*, 2011 U.S. Dist. LEXIS 2326, *5 (E.D. Cal. Jan. 11, 2011) (granting preliminary approval of settlement in wage and hour class action); *Collins v. Cargill Meat Solutions Corp.*, 274 F.R.D. 294, 302-303 (E.D. Cal. 2011) (granting preliminary approval of settlement in wage and hour class action); Joseph M. McLaughlin, McLaughlin on Class Actions: Law and Practice § 6.6 (7th ed. 2011) ("Preliminary approval is an initial evaluation by the court of the fairness of the proposed settlement, including a determination that there are no obvious deficiencies such as indications of a collusive negotiation, unduly preferential treatment of class representatives or segments of the class, or excessive compensation of attorneys . . . ."). As each of these factors is met here, preliminary approval is appropriate.

## A.   The Settlement Was Reached after Informed, Arm's Length Bargaining

The Settlement was reached following extensive negotiations during a private mediation session that started on April 23, 2015 at 9:00 a.m. and lasted past

midnight.  Matern Decl. ¶ 7.  The settlement negotiations were at arm's length and, although conducted in a professional manner, were adversarial.  *Id.*  The Parties went into the mediation session willing to explore the potential for a settlement of the dispute, but each side was also committed and prepared to litigate its position through trial and appeal if a settlement had not been reached.  *Id.*

Plaintiffs also conducted extensive investigation and discovery prior to the mediation.  Plaintiffs' counsel conducted an investigation into the claims alleged, interviewing each of the named Plaintiffs several times and conducting legal research regarding application of the applicable California Labor Code sections. Matern Decl. ¶¶ 9, 10.  Additionally, Plaintiffs' counsel participated in numerous conferences and meet and confer meetings with Defendant's counsel, served and responded to extensive written discovery, filed and prevailed in part on a motion to compel further discovery responses and Rule 30(b)(6) testimony, conducted a detailed evaluation of time records and payroll data provided by Defendant, which involved manual review by Plaintiffs' counsel in addition to working closely with a highly-respected statistical expert regarding a statistical analysis of the time records, interviewed approximately 98 Class Members, defended all four of the named Plaintiffs' depositions, and took the depositions of five of Defendant's designated corporate representatives.  Matern Decl. ¶¶ 9, 10.  Based on the information and record developed through extensive investigation and discovery, Plaintiffs' counsel was able to act intelligently and effectively in negotiating the proposed settlement.  *Id.*

## B.   The Settlement Does Not Suffer from any Obvious Deficiencies

The second factor the Court considers is whether there are obvious deficiencies in the settlement.  Under the terms of the Settlement, Defendant has committed to pay $1,600,000 to resolve the settled claims.  This is a substantial recovery for the Class Members, which takes into consideration the significant risks of proceeding with the litigation, including the risks of obtaining and

1  maintaining class certification, establishing liability and proving damages.  When

2  the risks of litigation, the uncertainties involved in achieving class certification, the

3  burdens of proof necessary to establish liability, and the probability of appeal of a

4  favorable judgment are balanced against the merits of Plaintiffs' claims, it is clear

5  that the settlement amount is fair, adequate, and reasonable and that there no

6  deficiencies in the proposed settlement.  Matern Decl. ¶ 17.

7        C.    **The Settlement Does Not Provide Preferential Treatment to**

8                 **Plaintiffs or Any Segment of the Class**

9        Under the third factor, the Court examines whether the proposed settlement

10  provides preferential treatment to any class member.  The Settlement provides

11  equal relief to all Class Members and the distribution to each Class Member –

12  including Plaintiffs – are calculated in the same way.  All Class Members are

13  entitled to a pro rata share of the TMSP based on the number of Compensable Pay

14  Periods that they worked during the Class Period.  Stipulation ¶ 47.

15        Subject to Court approval, the Settlement provides for a service award to

16  each of the four named Plaintiffs in an amount not to exceed $10,000.  Stipulation

17  ¶ 47(c).  This modest payment is for the substantial risk assumed by and the

18  services undertaken by Plaintiffs, as well as the substantial benefit conferred on the

19  Class as a result of Plaintiffs' efforts.  The Ninth Circuit has recognized that

20  service awards to named plaintiffs in a class action are permissible and do not

21  render a settlement unfair or unreasonable.  *See Staton v. Boeing Co.*, 327 F.3d

22  938, 977 (9th Cir. 2003); *Rodriguez v. West Publ'g Corp.*, 563 F. 3d 948, 958-69

23  (9th Cir. 2009) (finding that the payment of a service award is "fairly typical in

24  class actions.").  In addition, in order to receive this amount from settlement fund,

25  Plaintiffs must execute a general release of all claims, while the Class Members are

26  only releasing claims which were or could have been asserted in this action.

27  Stipulation ¶ 27.  Finally, the Court will ultimately determine whether Plaintiffs are

28  entitled to the requested service award based on the reasonableness of the amount

1  requested in ruling on Plaintiffs' Motion for Final Approval, in which Plaintiffs

2  will submit declarations outlining the efforts expended and risks taken on behalf of

3  the Class.  *See Harris v. Vector Mktg. Corp.*, No. C-08-5198 EMC, 2011 WL

4  1627973, *9 (N.D. Cal. Apr. 29, 2011).  Thus, the absence of any preferential

5  treatment supports preliminary approval.

6         **D.**    **The Settlement Falls within the Range of Possible Approval**

7        Finally, the Court must consider whether the settlement falls within the

8  range of possible approval.  "To evaluate the range of possible approval criterion,

9  which focuses on substantive fairness and adequacy, courts primarily consider

10  plaintiffs' expected recovery balanced against the value of the settlement offer."

11  *Vasquez v. Coast Valley Roofing, Inc.*, 670 F. Supp. 2d 1114, 1125 (E.D. Cal.

12  2009) (citing *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1080 (N.D.

13  Cal. 2007) (internal quotations omitted).

14        Class Counsel has calculated the maximum damages to the Class Members,

15  exclusive of penalties and interest, to be approximately $4,122,037 should the case

16  proceed to trial.  Matern Decl. ¶ 14.  Defendant contests liability, as well as the

17  propriety of certification, and is prepared to vigorously oppose certification and to

18  defend against Plaintiffs' claims if the action is not settled.  Matern Decl. ¶ 15.

19  Given the maximum potential damages, as well as the substantial risks entailed by

20  this case, the $1,600,000 non-reversionary settlement sum is within the range of

21  possible approval.  *Id.*

22        The significant risk that this Court may deny class certification is obviated

23  by the Settlement, particularly in light of certification standards under Federal Rule

24  of Civil Procedure, Rule 23, as articulated by the United States Supreme Court in

25  *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541 (U.S. 2011).  *Id.*  Further, even if

26  Plaintiffs were to obtain certification and ultimately prevail on the merits, a

27  legitimate controversy exists as to each cause of action and Plaintiffs recognize

28  that proving the amount of wages due to each individual Class Member would be

an expensive and time-consuming proposition.  Matern Decl. at ¶ 16.  In addition, continued litigation would inevitably delay payment to the class.  The fact that a settlement will eliminate delay and further expenses strongly weighs in favor of approval.  *Id.*; *see also Rodriguez*, 563 F.3d at 966.

## V.   THE COURT SHOULD PROVISIONALLY CERTIFY THE CLASS FOR SETTLEMENT PURPOSES ONLY

Plaintiffs respectfully request the Court enter an order provisionally certifying the class.  When presented with a proposed settlement, the court must ascertain whether the proposed settlement class satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure."  *Hanlon*, 150 F.3d at 1019, 1022.

### A.   The Class Satisfies the Requirements of Rule 23(a)

Federal Rules of Civil Procedure, Rule 23(a), enumerates four prerequisites for class certification: (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy.  Fed. R. Civ. P. 23(a).  Each of these requirements is met here.

#### 1.   The Class Is Sufficiently Numerous

A class must be so numerous that joinder of all members individually is "impracticable."  Fed. R. Civ. P. 23(a)(1).  No specific numerical threshold is required; each case must be examined.  *General Tel .C. v. E.E.O.C.*, 446 U.S. 318, 330 (1980).  In determining whether numerosity is satisfied, a court may consider reasonable inferences drawn from the facts before it.  *Gay v. Waiters' & Dairy Lunchmen's Union*, 549 F.2d 1330, 1332 n.5 (9th Cir. 1977).  Here, there are approximately 3,200 Class Members, which makes joinder impracticable.  Matern Decl. ¶ 11.  The class definition is sufficiently specific to enable the parties, potential Class Members, and the Court to readily determine the parameters of the class.  Indeed, the Class Members are readily ascertainable from Defendant's payroll records.

#### 2.   Common Questions of Law and Fact Exist

Commonality is satisfied by "the existence of shared legal issues with

-13-

divergent factual predicates" or a "common core of salient facts coupled with disparate legal remedies within the class." *Hanlon*, 150 F.3d at 1019-20. All questions of fact and law need not be common to satisfy the rule. *Id.* The named plaintiff need only share at least one question of fact or law with the prospective class. *Rodriguez v. Hayes*, 591 F.3d 1105, 1122 (9th Cir. 2010) (citing *Baby Neal for & by Kanter v. Casey*, 43 F.3d 48, 56 (3rd Cir. 1994)). A plaintiff may establish commonality even though individual factual situations differ where a class seeks a common legal remedy for a common wrong. *Parra v. Bashas', Inc.*, 536 F.3d 975, 979 (9th Cir. 2008). Here, Plaintiffs and Class Members' claims involve common questions of law and fact, which include, but are not limited to:

1.     Whether Defendant failed to compensate Class Members for all hours worked, including walking and changing time;

2.     Whether Defendant had a policy and/or practice of rounding the time worked by Class Members in a way that consistently inured to the benefit of the employer and resulted in Class Members not being compensated for all hours worked;

3.     Whether Defendant had a policy and/or practice of failing to pay Class Members overtime for all hours worked in excess of eight hour per day and/or 40 hours per workweek;

4.     Whether Defendant's meal and rest break policies failed to comply with California law;

5.     Whether Defendant failed to provide Class Members with lawful meal breaks;

6.     Whether Defendant failed to authorize and permit lawful rest breaks;

7.     Whether Defendant failed to pay all wages due to Class Members who were discharged or terminated;

8.     Whether Defendant failed to provide accurate, itemized wage statements to Class Members; and

9.      Whether Defendant's conduct constituted unlawful and/or unfair business practices.

### 3.      Plaintiffs' Claims Are Typical of the Claims of the Class

Rule 23(a)(3) requires that "the claims or defenses of the representative part[y] be typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). Typicality turns on whether a sufficient relationship exists between the injury to the named plaintiff and the conduct affecting the class.  1 Alba Conte & Herbert B. Newberg, Newberg on Class Actions (3rd ed. 1992) § 3.13, 3-76.  Typicality is "usually met irrespective of varying fact patterns which underlie individual claims" as long as the named plaintiff alleges "that the same unlawful conduct was directed at or affected both [him] and the class sought to be represented." *Id.* at 3-77. Under the rule's permissive standards, "representative claims are 'typical' if they are reasonably coextensive with those of absent class members; they need not be substantially identical." *Hanon v. Dataprods. Corp.*, 976 F.2d 497, 508 (9th Cir. 2002).  Typicality is determined by the violation alleged to have occurred.  *Id.* "The test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Id.*

Here, Plaintiffs' claims and injuries are the same as those of the Class Members.  Plaintiffs allege Defendant failed to compensate them and the Class Members for all hours worked.  Specifically, Plaintiffs allege Defendants failed to compensate employees for walking and changing time.  Plaintiffs also allege Defendant implemented a practice of rounding their time in such a way that denied them compensation for all hours worked.  Accordingly, Plaintiffs allege that they and the Class Members did not receive compensation for all hours, including overtime compensation for all hours worked in excess of eight hours in a day and/or 40 hours per week.  In addition, Plaintiffs allege Defendant failed to provide

-15-

1    them and the Class Members lawful meal and rest breaks.  As a result of

2    Defendant's alleged uniform wrongful conduct, Plaintiffs and the Class Members

3    suffered the same injuries in that they were not compensated for all hours worked,

4    including overtime hours, and they did not receive lawful meal and rest breaks.

5    Thus, the typicality requirement is met.

6        **4.**    **Plaintiffs Will Adequately Represent the Class**

7        A class representative must be able to "fairly and adequately" protect the

8    interests of all members in the class.  Fed. R. Civ. P. 23(a)(4).  The Ninth Circuit

9    set a two-prong test for this requirement: "(1) do the named plaintiffs and their

10   counsel have any conflicts of interest with other class members and (2) will the

11   named plaintiffs and their counsel prosecute the action vigorously on behalf of the

12   class?"  *Staton*, 327 F.3d at 957 (citing *Hanlon*, 150 F.3d at 1020).  Both

13   requirements are met here.

14       First, Plaintiffs have no conflicts of interest with other Class Members.

15   Indeed, Plaintiffs and the Class Members' claims are so interrelated that the

16   interests of the class will be fairly and adequately protected in their absence.  *See*

17   *General Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147, 157-58 (1982).

18   Plaintiffs' counsel also does not have any conflict of interest with the class.

19   Matern Decl. ¶ 18.

20       Second, Plaintiffs' counsel has extensive experience in prosecuting wage

21   and hour class actions and has been appointed class counsel in numerous wage and

22   hour class actions.  *Id.* ¶¶ 20-24.  Plaintiffs' counsel has thus far demonstrated its

23   ability to diligently represent the putative class in this action, and Plaintiffs have

24   taken an active role as class representatives to diligently represent Class Members.

25   Matern Decl. at ¶¶ 19-24.  Additionally, Plaintiffs and their counsel have sufficient

26   resources to vigorously pursue the claims on behalf of the class.  *Id.*  Accordingly,

27   Plaintiffs adequately represent the Class Members.

28

### B.   The Class Satisfies the Requirements of Rule 23(b)(3)

Plaintiffs seek provisional certification of the class under Federal Rule of Procedure 23(b)(3).  Class certification is proper under Rule 23(b)(3) "whenever the actual interests of the parties can be served best by settling their differences in a single action."  *Hanlon*, 150 F.3d at 1022.  There are two fundamental conditions for certification under Rule 23(b)(3):  (1) questions of law or fact common to the members of the class predominate over any questions affecting only individual members; and (2) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.  Fed. R. Civ. P. 23(b)(3).  Rule 23(b)(3) encompasses those cases "in which a class action would achieve economies of time, effort, and expense, and promote . . . uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results."  *Amchem Prods. v. Windsor*, 521 U.S. 591, 615 (1997) (citations omitted).

### 1.   Common Questions Predominate Over Individual Issues

"When common questions present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication, there is clear justification for handling the dispute on a representative rather than on an individual basis."  *Local Joint Executive Bd. of Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc.*, 244 F.3d 1152, 1162 (9th Cir. 2001), cert. denied, 534 U.S. 973, 122 S. Ct. 395, 151 L. Ed. 2d 299 (2001).  Individualized or deviating facts will not preclude class treatment if most class members were subjected to a company policy in a way that gives rise to consistent liability or lack thereof.  *See, e.g.*, *Arrendondo v. Delano Farms Co.*, 2011 U.S. Dist. LEXIS 44134, *48 (E.D. Cal. 2011).  Where there is common conduct of wrongdoing affecting all members of a class, common questions predominate.  *Blackie v. Barrack*, 524 F.2d 891, 905 (9th Cir. 1975).

The predominance requirement is satisfied here.  As discussed above,

1  Plaintiffs allege that the Class Members are entitled to the same legal remedies

2  based on the same alleged wrongdoing.  The aforementioned policies, and the

3  questions of law and fact they raise, are the heart of this case and apply uniformly

4  to Plaintiffs and all Class Members, making certification appropriate.

5              **2.      A Class Action Is the Superior Method to Resolve this**

6                          **Controversy**

7          A plaintiff satisfies Rule 23(b)(3)'s superiority requirement when he shows

8  that "classwide litigation of common issues will reduce litigation costs and

9  promote greater efficiency," or that "no reasonable alternative exists."  *Valentino v.*

10 *Carter-Wallace, Inc.*, 97 F.3d 1227, 1234-35 (9th Cir. 1996).  When evaluating the

11 propriety of certification of a settlement class, a court may properly consider that

12 there will be no trial.  *Amchem*, 521 U.S. at 620 ("Confronted with a request for

13 settlement-only class certification, a district court need not inquire whether the

14 case, if tried, would present intractable management problems…for the proposal is

15 that there be no trial.").  Courts recognize that employer practices and policies in

16 wage and hour cases often have an impact on large numbers of workers in ways

17 that are sufficiently similar to make class-based resolution appropriate and

18 efficient.  *See*, *e.g.*, *Lerwill v. Inflight Motion Pictures Inc.*, 582 F.2d 507, 512-13

19 (9th Cir.1978)  (upholding the district court's decision to certify a class of workers

20 seeking overtime pay and finding that "[n]umerous individual actions would be

21 expensive and time-consuming and would create the danger of conflicting

22 decisions as to persons similarly situated").

23         As discussed above, Plaintiffs allege they and the Class Members suffered

24 the same injuries and common issues predominate.  Further, the Class consists of

25 approximately 3,200 current and former employees, making individual cases

26 impractical, as they would place a significant burden on the court system.  It is also

27 unlikely that Class Members would pursue individual cases given that the average

28 hourly pay rate for the class is relatively low, making it doubtful Class Members

1   would have the economic resources to pursue individual actions.  A class action

2   will preserve judicial resources, save time, and reduce waste and limit duplication

3   of evidence and effort.  Thus, class treatment is superior.

4   **VI.   THE COURT SHOULD APPROVE THE PROPOSED CLASS**

5   **NOTICE**

6   Adequate notice is critical to court approval of a class settlement under Rule

7   23(e).  *Hanlon*, 150 F.3d  at 1025.  The threshold requirement concerning the

8   sufficiency of class notice is whether the means employed to distribute the notice is

9   reasonably calculated to apprise the class of the pendency of the action, of the

10   proposed settlement, and of the class members' rights to opt out or object.  *Eisen v.*

11   *Carlisle & Jacquelin*, 417 U.S. 156, 173-74 (1974).  In this Circuit, notice is

12   satisfactory if it "generally describes the terms of the settlement in sufficient detail

13   to alert those with adverse viewpoints to investigate and to come forward and be

14   heard."  *Churchill Vill., L.L.C. v. GE*, 361 F.3d 566, 575 (9th Cir. 2004) (citing

15   *Mendoza v. United States*, 623 F.2d 1338, 1352 (9th Cir. 1980)).

16   The proposed Notice of Class Settlement satisfies these content

17   requirements.  The Notice of Class Settlement is written in simple, straightforward

18   language that, among other things, includes: (1) basic information about the Civil

19   Action; (2) a description of the benefits provided by Settlement; (3) an explanation

20   of how Class Members can obtain benefits under the Settlement; (4) an explanation

21   of how Class Members can exercise their right to request exclusion from or object

22   to the Settlement; (5) an explanation that any claims against Defendant that could

23   have been litigated in this action will be released if the Class Member does not

24   request exclusion from the Settlement; (6) the names of Class Counsel and

25   information regarding the requested attorneys' fees and expenses and Plaintiffs'

26   service payments; (7) the Final Approval Hearing date; (8) an explanation of

27   eligibility for appearing at the Final Approval Hearing; and (9) contact information

28   to obtain additional information.  *See* Stipulation, Exh. 2.

Thus, the Notice of Class Settlement provides Class Members with sufficient information to make an informed and intelligent decision about the Settlement. Accordingly, it satisfies the content requirements of Rule 23(e) and satisfies all due process requirements. *See In re Wells Fargo Loan Processor Overtime Pay Litig.*, 2011 U.S. Dist. LEXIS 84541 at *13 (N.D. Cal. Aug. 2, 2011); *Rodriguez*, 563 F.3d at 963 (where class notice communicated the essentials of the proposed settlement in a sufficiently balanced, accurate, and informative way, it satisfied due process concerns).

Additionally, the Settlement Administrator shall mail copies of the Notice Packet, in both English and Spanish, to all Class Members via regular First Class U.S. Mail. Stipulation ¶ 46(a)(i). Prior to the mailing, the Settlement Administrator shall perform a search based on the National Change of Address Database maintained by the United States Postal Service to update and correct any known or identifiable address changes. *Id.* Any Notice Packet returned to the Settlement Administrator as non-delivered on or before the Response Deadline shall be re-mailed to the forwarding address affixed thereto. Stipulation ¶ 46(a)(ii). If no forwarding address is provided, the Settlement Administrator shall promptly attempt to determine a correct address by the use of skip-tracing, or other type of automated search, using the name, address and/or Social Security number of the Class Member involved, and shall then perform a re-mailing to the Class Member whose Notice Packet was returned as non-delivered, assuming another mailing address is identified by the Settlement Administrator. *Id.* Direct mail notice to Class Members' last known addresses is the best notice possible under the circumstances. *See Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 319(1950) ; *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173-76 (1974) .

In sum, the contents and plan for dissemination of the Notice Packet constitute the best notice practicable under the circumstances and fully comply with the requirements of Rule 23.

## VII.   CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request the Court: (1) grant preliminary approval of the Settlement; (2) approve the content and plan for distribution of the Notice of Class Action; (3) provisionally certify the class described herein for settlement purposes only; (4) appoint Plaintiffs as representatives of the class; (5) appoint Matern Law Group as Class Counsel; and (6) schedule a Final Approval Hearing.

DATED: July 21, 2015                     Respectfully submitted,

                                         MATERN LAW GROUP


                              By:        /s/ Matthew J. Matern
                                         MATTHEW J. MATERN
                                         AUBRY WAND
                                         Attorneys for Plaintiffs