UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-9286 PSG (SSx) | Date | September 13, 2016 |
|---|---|---|---|
| Title | Luna *et al.* v. Universal City Studios, LLC | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge |
|---|---|
| Wendy Hernandez | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| Not Present | Not Present |

**Proceedings (In Chambers):** Order GRANTING the Motions for Final Approval of Class Action Settlement, Attorneys' Fees and Costs, and Class Representative Incentive Awards

Before the Court are Plaintiffs Uriel Luna, Carrie Gartin, Shaun Gartin, and Gregoria Ruiz's ("Plaintiffs") motions for final approval of class action settlement, and attorneys' fees, costs, and class representative incentive awards. Dkts. # 95, 96, 97. The Court held a final fairness hearing on September 12, 2016. Having considered the arguments in all of the submissions, the Court GRANTS Plaintiffs' motions.

I. Background

Plaintiffs worked as non-exempt employees for Defendant Universal City Studios, LLC. In October 2012, Plaintiff Uriel Luna filed a class action Complaint in the Superior Court for the County of Los Angeles, alleging various wage and hour violations under California law. Dkt. #1, Ex. A. Defendant removed the case to this Court pursuant to the Class Action Fairness Act of 2004 ("CAFA"), 28 U.S.C. § 1332(d). Dkt. #1. Following a series of amendments to the pleadings, Plaintiffs filed a Sixth Amended Complaint ("SAC"), which is the operative pleading in this case. Dkt. #49. The SAC included six wage and hour claims under California law: (1) failure to provide required meal periods; (2) failure to provide required rest periods; (3) failure to pay overtime wages; (4) failure to pay minimum wages; (5) failure to pay all wages due to discharged and quitting employees; and (6) failure to furnish accurate itemized statements. *SAC* ¶¶ 75–95. The SAC also included two derivative claims for unfair and unlawful business practices under California Business and Professions Code § 17200, and penalties under the California Labor Code Private Attorneys' General Act ("PAGA") § 2698, *et seq. SAC* ¶¶ 75–95.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-9286 PSG (SSx) | Date | September 13, 2016 |
|---|---|---|---|
| Title | Luna *et al.* v. Universal City Studios, LLC | | |

The case was actively litigated for over two and a half years. Class counsel successfully argued a motion to compel and defended the depositions of the four named Plaintiffs. *Motion for Final Approval of Class Action Settlement* ("*Mot. for Final Approval*") 2:25–27, 3:4–6. Class counsel also interviewed approximately 98 class members about their experiences working for Defendant and retained an expert statistician to analyze a sample of timekeeping and payroll records. *Id.* 3:6–9.

In April 2015, the parties participated in a mediation session that ultimately resulted in "an agreement in principle regarding the material terms for a proposed class action settlement that would fully resolve this matter." *Id.* 3:15–20. After additional negotiations, the parties executed a "Stipulation for Settlement of Civil Action." *Id.* 3:20–22. The Court granted preliminary approval of the Settlement Agreement in July 2015, finding that the terms fell within the range of possible approval. Dkts. #82, 92. In its Order granting preliminary approval, the Court certified, for settlement purposes only, a class of:

> Plaintiffs, as well as other Parking Lot Attendants who are or were members of Amusement Areas Employees Union, Local B-192, all Food Stand Attendants who are or were members of Unitehere, Local 11, and all Commissary members of Hotel Employees and Restaurant Employees Union, Unitehere, Local 11 AFL-CIO who work or have worked for Defendant at Universal City, California at any time during the [period from August 21, 2008 through the date of entry of the Preliminary Approval Order].

*Order Granting Plaintiffs' Motion for Preliminary Approval of Class Action Settlement*, ("*Preliminary Approval Order*") 2, 7, Dkt. #82. In compliance with CAFA, the Settlement Administrator mailed the Notice of Proposed Class Action Settlement to the appropriate federal and state officials, and mailed packets to 3,224 class members. *Schwartz Decl.*, ¶¶ 6–7.

In December 2015, the parties discovered that additional class members existed and sought the assistance of a mediator to determine what additional funds were needed to resolve the action. *Mot. for Final Approval* 4:3–5. On February 26, 2016, the parties reached an agreement regarding the material terms of a revised settlement. *Id.* 4:6–8. The parties executed and filed a Revised Stipulation for Settlement of Civil Action on March 31, 2016. Dkt. # 91. By Order dated April 5, 2016, the Court preliminarily approved the Revised Stipulation and all modifications made to the documents attached as exhibits to the Revised Stipulation. Dkt. # 92. Shortly thereafter, the Settlement Administrator mailed supplemental CAFA notices to the appropriate federal and state officials, and to 3,637 class members. *Mot. for Final Approval*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-9286 PSG (SSx) | Date | September 13, 2016 |
|---|---|---|---|
| Title | Luna *et al.* v. Universal City Studios, LLC | | |

4:15-20. As of July 28, 2016, the Settlement Administrator had received thirteen requests for exclusion and no objections. *Id.* 4:20–22.

Plaintiffs now seek final approval of the Settlement Agreement and the plan of allocation, as well as attorneys' fees, costs, and incentive awards. Dkts. # 95, 96, 97. Defendant does not oppose the motions.

II. Discussion

    A.    Final Approval of the Class Settlement

        *i.*    *Legal Standard*

A court may finally approve a class action settlement "only after a hearing and on finding that the settlement . . . is fair, reasonable and adequate." Fed. R. Civ. P. 23(e)(2). In determining whether a settlement is fair, reasonable, and adequate, the district court must "balance a number of factors: the strength of the plaintiffs' case; the risk, expense, complexity and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of proceedings; the experience and views of counsel; the presence of a government participant; and the reaction of the class members to the proposed settlement." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998); *see also Staton v. Boeing Co.*, 327 F.3d 938, 959 (9th Cir. 2003); *Officers for Justice v. Civil Serv. Comm'n of S.F.*, 688 F.2d 615, 625 (9th Cir. 1982) (noting that the list of factors is "by no means an exhaustive list").

The district court must approve or reject the settlement as a whole. *See Hanlon*, 150 F.3d at 1026 ("It is the settlement taken as a whole, rather than the individual component parts, that must be examined for overall fairness."). The Court may not delete, modify, or rewrite particular provisions of the settlement. *Id.* The district court is cognizant that the settlement "is the offspring of compromise; the question . . . is not whether the final product could be prettier smarter or snazzier, but whether it is fair, adequate and free from collusion." *Id.* The Ninth Circuit had noted that "there is a strong judicial policy that favors settlements, particularly where complex class action litigation is concerned." *In re Synocor ERISA Litig.*, 516 F.3d 1095, 1011 (9th Cir. 2008).

        *ii.*    *Discussion*

                *a.*    *Strength of Plaintiffs' Case*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-9286 PSG (SSx) | Date | September 13, 2016 |
|---|---|---|---|
| Title | Luna *et al.* v. Universal City Studios, LLC | | |

"An important consideration in judging the reasonableness of a settlement is the strength of plaintiffs' case on the merits balanced against the amount offered in the settlement." *See Vasquez v. Coast Valley Roofing, Inc.*, 266 F.R.D. 482, 488 (C.D. Cal. 2010) (internal quotation marks omitted). Although Plaintiffs believe that they have developed substantial evidence to support their claims, Plaintiffs also understand that the merits of their arguments remain vigorously contested. *Mot. for Final Approval* 10:15–18.

There remain a number of open questions as to almost all of Plaintiffs' claims. It remains undecided, for example, whether all class members are entitled to overtime pay, and whether class members are entitled to pay for time spent walking to and from their workstations and changing in and out of their uniforms. Class certification is also precarious as Plaintiffs hail from different service unions and worked for Defendant under different employment terms. The parties have provided the Court with confidential memoranda that outline their respective positions. Having reviewed the memoranda, the Court is confident that there remain ample areas of disagreement among the parties so as to counsel in favor of settlement.

Plaintiffs further point out that the proposed settlement award is a proper compromise between the risks of litigation and the guarantee of recovery. *Mot. for Final Approval* 10:22–25. The settlement requires the Settlement Administrator to distribute individual settlement payments within 24 days of the effective date of settlement. *Id.* Although Plaintiffs may not receive as much as they could have from a jury verdict, the expediency of the payment assures the Court that the settlement agreement is sound. Given the above considerations, the Court agrees with Plaintiffs that this factor weighs in favor of approving the Settlement Agreement.

          b.     *Risk, Expense, Complexity, and Duration of Further Litigation*

The second factor in assessing the fairness of the proposed settlement is the complexity, expense, and likely duration of the lawsuit if the parties had not reached a settlement agreement. *Officers for Justice*, 688 F.2d at 625. Where the parties reach a settlement before the commencement of class certification, expert witness discovery, and trial preparation, this factor generally favors settlement. *See Young v. Polo Retail, LLC*, C 02-4546 VRW, 2007 WL 951821, at *3 (N.D. Cal. Mar. 28, 2007). If the Court were to reject the settlement agreement, the parties promise more costly litigation, including motions for summary judgment, expert discovery, and trial. *Mot. for Final Approval* 11:18–21. This litigation has already been underway for more than three and a half years, including two years of active discovery, and additional discovery, trial, and a possible appeal would only push recovery further down the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-9286 PSG (SSx) | Date | September 13, 2016 |
|---|---|---|---|
| Title | Luna *et al.* v. Universal City Studios, LLC | | |

road. *Id.* 11:23–28. Given these considerations, the Court agrees with Plaintiffs that this factor also weighs in favor of approving the settlement.

### c. *Risk of Maintaining Class Action Status Through Trial*

Although the Court has certified a class, the certification was for settlement purposes only. Under Federal Rule of Civil Procedure 23(c)(1)(C), an "order that grants or denies class certification may be altered or amended before the final judgment." Fed. R. Civ. P. 23(c)(1)(C). Plaintiffs concede, and the Court concurs, that there is a risk that the Court would find that the variation in each Plaintiff's job responsibilities destroys commonality and predominance were Defendant to present the Court with a petition to decertify the class. *See* Dkt. #92. This factor thus also weighs in favor of final approval.

### d. *Amount Offered in Settlement*

The fourth factor in assessing the fairness of the proposed settlement is the amount of the settlement. "[T]he very essence of a settlement is compromise, 'a yielding of absolutes and an abandoning of highest hopes.'" *Officers for Justice*, 688 F.2d at 624. The Ninth Circuit has explained that "it is the very uncertainty of outcome in litigation and avoidance of wasteful and expensive litigation that induce consensual settlements. The proposed settlement is not to be judged against a hypothetical or speculative measure of what might have been achieved by the negotiators." *Id.* at 625 (citations omitted). Any analysis of a fair settlement amount must account for the risks of further litigation and trial, as well as expenses and delays associated with continued litigation.

The parties have agreed to settle all claims for $1.8 million. *Mot. for Final Approval* 5:7–16. This "Total Maximum Settlement Payment" includes individual settlement payments, class counsel awards, settlement administration costs, PAGA payments, and class members' share of employee payroll taxes. *Id.* Class counsel estimates that the class's maximum damages, based on a detailed review of time and payroll records, could have been as high as $4,122,037. *Matern Decl.*, ¶ 14. The settlement amount therefore represents 43 percent of the possible recovery. The Ninth Circuit has approved of settlements well within that range. *See Dunleavy v. Nadler (In re Mego Fin. Corp. Sec. Litig.)*, 213 F.3d 454, 459 (9th Cir. 2000) (affirming approval of class settlement which represented roughly one-sixth of the potential recovery). The average estimated individual settlement payment is $309.69, and the highest estimated settlement payment is $3,591.16. *Mot. for Final Approval* 10:25–27. The Court finds these amounts reasonable in light of the uncertainties associated with litigating this case through trial. Accordingly, this factor too counsels in favor of approving the settlement.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-9286 PSG (SSx) | Date | September 13, 2016 |
|---|---|---|---|
| Title | Luna *et al.* v. Universal City Studios, LLC | | |

    e.  *The Extent of Discovery Completed and the Stage of the Proceedings*

  This factor requires the Court to gauge whether Plaintiffs have sufficient information to make an informed decision about the merits of their case. *See Dunleavy*, 213 F.3d at 459. The more discovery that has been completed, the more likely it is that the parties have "a clear view of the strengths and weaknesses of their cases." *Young v. Polo Retail, LLC*, No. C 02-4546 VRW, 2007 WL 951821, at *4 (N.D. Cal. Mar. 28, 2007) (internal quotation marks and citations omitted).

  The discovery and investigation of this action included: written discovery, including interrogatories and requests for production of documents; a motion to compel, which resulted in Defendant's production of all relevant wage and hour policies, collective bargaining agreements, and a sample of time and payroll records; the depositions of the four named Plaintiffs; interviews with 98 other class members; and the analysis of an expert statistician, who reviewed the sample timekeeping and payroll records supplied by Defendant. *Mot. for Final Approval* 2:22-3:9. The parties actively litigated the case for two and a half years before turning to mediation. *Id.* 2:22. Given the amount of discovery completed, the Court finds that Plaintiffs had enough information to make an informed decision about settlement based on the strengths and weaknesses of their case. This factor weighs in favor of granting final approval.

    f.  *The Experience and Views of Class Counsel*

  The recommendations of Plaintiffs' counsel are given a presumption of reasonableness. *See, e.g.*, *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1043 (N.D. Cal. 2008) (citation omitted). "Parties represented by competent counsel are better positioned than courts to produce a settlement that fairly reflects each party's expected outcome in litigation." *In re Pac. Enter Sec. Litig.*, 47 F.3d 373, 378 (9th Cir. 1995).

  Here, class counsel has extensive class action experience in employment litigation. *Matern Decl.*, ¶¶ 18, 21–22. Class counsel has actively participated in every aspect of the litigation thus far, and finds the settlement to be fair, adequate, and reasonable. *Id.* ¶ 15. The Court sees no evidence to rebut the presumption that class counsel's recommendation should be regarded as reasonable. This factor thus weighs in favor of class approval.

    g.  *The Presence of Governmental Participant*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-9286 PSG (SSx) | Date | September 13, 2016 |
|---|---|---|---|
| Title | Luna *et al.* v. Universal City Studios, LLC | | |

Because no government entities are participants in this case, this factor is neutral. However, the Court observed that a notice of the settlement was provided to federal and state government officials. *See Schwartz Decl.*, ¶ 9. None have objected.

### h. Class Members' Reaction to the Proposed Settlement

In evaluating the fairness, adequacy, and reasonableness of settlement, courts also consider the reaction of the class to the settlement. *Molski v. Gleich*, 318 F.3d 937, 953 (9th Cir. 2003). "It is established that the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class action settlement are favorable to the class members." *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 528–29 (C.D. Cal. 2004).

Of the 3,637 employees in the class, none have objected to the settlement and only thirteen, or 0.35 percent of the class, requested exclusion. *Schwartz Decl.*, ¶¶ 10, 12–13. This response is an indicator that class members find the settlement to be fair, reasonable, and adequate. *See, e.g.*, *Hanlon*, 150 F.3d at 1027 ("[T]he fact that the overwhelming majority of the class willingly approved the offer and stayed in the class presents at least some objective positive commentary as to its fairness."). This factor thus weighs in favor of approval of the settlement.

### i. Fair and Honest Negotiations

Evidence that a settlement agreement is the result of genuine "arms-length, non-collusive, negotiated resolution" supports a conclusion that the settlement is fair. *Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 965 (9th Cir. 2009). Here, the parties negotiated the settlement with the assistance of Michael Dickstein, an experienced wage-and-hour mediator. *Matern Decl.*, ¶ 12. Further, the Court has already concluded that the negotiations were "adversarial, fair, and non-collusive." *Preliminary Approval Order* 10. The fact that the parties engaged in arms-length negotiations also counsels in favor of approval of the settlement.

### j. Conclusion

Having reviewed the relevant factors and found that none counsel against approval of final settlement, the Court accordingly GRANTS Plaintiffs' motion for final approval of the class action settlement.

B. <u>Plan of Allocation</u>

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-9286 PSG (SSx) | Date | September 13, 2016 |
|---|---|---|---|
| Title | Luna *et al.* v. Universal City Studios, LLC | | |

A plan of allocation under Rule 23 "is governed by the same standards of review applicable to the settlement as a whole; the plan must be fair, reasonable and adequate." *Vinh Nguyen v. Radient Pharma. Corp.*, SACV 11-406 DOC (MLGx), 2014 WL 1802293, at *5 (C.D. Cal. 2014). To be approved, the plan needs to have a reasonable, rational basis. *Id.*

The Settlement Agreement provides that each class member will receive a proportionate share of the settlement based on the number of weeks the class member worked for Defendant during the class period. *Matern Decl.*, Ex. A (Stipulation for Settlement of Civil Action), ¶¶ 9, 47(a)(i). Rust Consulting, Inc. ("Rust"), the settlement administrator, will determine the eligibility for, and the amounts of, each individual settlement payment. *Id.* ¶ 46(a)(iii). Rust plans to do this by dividing the net payment by the total number of compensable pay periods for all settlement class members, which will result in a "pay period value." *Id.* ¶ 47(a)(i). Rust will then take the number of pay periods for each individual class member and multiply that by the pay period value. *Id.* The average individual settlement payment is estimated at $309.69, and the highest estimated individual payment is $3,591.16. *Schwartz Decl.*, ¶ 14. Class members will not be required to submit a claim in order to share in the payment, and no portion of the net amount will revert back to Defendant. *Matern Decl.*, Ex. A, ¶ 47.

Once Defendant transfers the funds to Rust and Rust calculates the individual payments, Rust will mail the payments by first class mail to each class member's last known mailing address. *Id.* ¶ 47(a). Rust will allocate 20 percent of the payment as wages, subject to all applicable tax withholdings, and 80 percent as non-wages, not subject to tax withholdings. *Id.* The back of each check will contain a release of all claims. *Id.* ¶ 47(a)(iv). Rust will deposit all checks that remain uncashed after 180 days into the California Department of Industrial Relations Unclaimed Wages Fund. *Id.* ¶ 47(a)(iv)(1).

The Court finds that the plan of allocation is rationally grounded in a formula that will compensate class members for the weeks that they worked for Defendant and the amount that they earned during that time. The Court thus approves of the plan of allocation.

    C.    <u>Motions for Attorneys' Fees, Costs, and Incentive Award</u>

Plaintiffs request that the following be disbursed from the settlement amount: (1) $532,800 in attorneys' fees, which constitutes 29.6 percent of the settlement amount; (2) reimbursement for litigation costs and expenses in the amount of $73,382.82; and (3) a $10,000 incentive award for each of the four named Plaintiffs. *See Mot. for Final Approval* 5:17–6:17; *Motion for Attorneys' Fees and Costs* ("*Attorneys' Fees Mot.*") 1:2–8. Class counsel asserts that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-9286 PSG (SSx) | Date | September 13, 2016 |
|---|---|---|---|
| Title | Luna *et al.* v. Universal City Studios, LLC | | |

it is entitled to recover reasonable attorneys' fees under Labor Code § 1194, California Code of Civil Procedure § 1021.5, and the common fund doctrine. *Attorneys' Fees Mot.* 1:6–8.

      *i.*     *Legal Standard*

Awards of attorneys' fees in class action cases are governed by Federal Rule of Civil Procedure 23(h), which provides that after a class has been certified, the Court may award reasonable attorneys' fees and nontaxable costs. The Court "must carefully assess" the reasonableness of the fee award. *See Staton*, 327 F.3d at 963; *see also Browne v. Am. Honda Motor Co., Inc.*, No. CV 09-06750 MMM (DTBx), 2010 WL 9499073, at *3–5 (C.D. Cal. Oct. 5, 2010) (explaining that in a class action case, the court must scrutinize a request for fees when the defendant has agreed to not oppose a certain fee request as part of a settlement). Courts exercising diversity jurisdiction under CAFA should apply the substantive law of the state in which they sit to the calculation of the attorneys' fee award. *Mangold v. Cal. Pub. Util. Comm'n*, 67 F.3d 1470, 1478 (9th Cir. 1995).

Where litigation leads to the creation of a common fund, courts can determine the reasonableness of a request for attorneys' fees using either the common fund method or the lodestar method. *See In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 944–45 (9th Cir. 2011) (finding that when a settlement establishes a common fund for the benefit of a class, courts may use either method to gauge the reasonableness of a fee request, but encouraging courts to employ a second method as a cross-check after choosing a primary method). The Court will analyze counsel's fee request under both theories.

      *ii.*     *Discussion*

In its Order granting preliminary approval of the class action settlement, the Court raised concerns about what appeared to be unusually high requests for attorneys' fees and class representative service awards. *Preliminary Approval Order* 12–13. The Court has now had an opportunity to review counsel's time sheets, rates, and hours expended. Although the Court finds that class counsel's hourly rates exceed the standard of reasonableness in the Central District of California, it nonetheless concludes that counsel is entitled to recover the entire amount requested, given their diligence in pursuing this matter on behalf of the class. The Court first assesses fees under the common fund method and then, as a cross-check, turns to assess fees under the lodestar method.

      *a.*     *Percentage of the Common Fund*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-9286 PSG (SSx) | Date | September 13, 2016 |
|---|---|---|---|
| Title | Luna *et al.* v. Universal City Studios, LLC | | |

Under the percentage-of-recovery method, courts typically calculate 25 percent of the fund as a "benchmark" for a reasonable fee award. *See In re Bluetooth*, 654 F.3d at 942. The percentage can range, however, and courts have awarded more than 25 percent of the fund as attorneys' fees when the Court has found a higher award to be reasonable. *See Singer v. Becton Dickinson and Co.*, No. CV 08-821 IEG (BLMx), 2010 WL 2196104, at *8 (S.D. Cal. 2010) (finding an award of 33.3 percent of the common fund reasonable because class counsel took the case on a contingent basis and litigated for two years, courts routinely award between 20 to 50 percent of the total settlement amount, and no class member objected to the award); *Gardner v. GC Services, LP*, No. CV 10-997 IEG (CABx), 2012 WL 1119534, at *7 (S.D. Cal 2012) (finding that a departure from the 25 percent benchmark was reasonable where the results achieved were favorable, the risks of litigation were substantial, and the case was complex).

When assessing the reasonableness of a fee award under the common fund theory, courts consider "(1) the results achieved; (2) the risk of litigation; (3) the skill required and the quality of work; (4) the contingent nature of the fee and the financial burden carried by the plaintiffs; and (5) awards made in similar cases." *Viscaino v. Microsoft Corp.*, 290 F.3d 1043, 1048–50 (9th Cir. 2002). Plaintiffs request that the Court approve an attorneys' fee award of $532,800, which amounts to 29.6 percent of the settlement amount. *Attorneys' Fees Mot.* 11:11–13. Because Plaintiffs ask the Court to depart from the "benchmark" of 25 percent, the Court must carefully evaluate each of the five factors set out in *Viscaino*. *See Powers v. Eichen*, 229 F.3d 1249, 1256 (9th Cir. 2000).

Reviewing each *Viscaino* factor in turn, the Court first finds that the results achieved in this case were favorable to the class. Plaintiffs were able to recover approximately 43 percent of the maximum possible recovery, and no class member objected to the settlement terms. Second, as detailed elsewhere, the risks of the litigation, including the risks of class certification, were real and substantial. Third, the duration of the case—lasting now for over three years—counsels in favor of a larger attorneys' fees award. Fourth, class counsel took this case on a contingent fee basis. *Matern Decl.*, ¶ 39. Fifth, the request for attorneys' fees in the amount of 29.6 percent falls below the 30 to 33 percent range allowed in similar cases. *See, e.g.*, *Knight v. Red Door Salons, Inc.*, No. 08-1520 SC, 2009 WL 248367, at *17 (N.D. Cal. Feb. 2, 2009) ("nearly all common fund awards range around 30%"); *Ingalls v. Hallmark Mktg. Corp.*, CV 09-1662 OWW (MJSx), 2011 WL 2648879, at *28–29 (E.D. Cal. June 30, 2011) (awarding attorneys' fees amounting to 30 percent of a $2.25 million settlement); *Romero v. Producers Dairy Foods, Inc.*, No. CV 05-484 DLB, 2007 WL 3492841, at *4 (E.D. Cal. Nov. 13, 2007) (awarding 33 percent of the common fund); *Vasquez v. Coast Valley Roofing, Inc.*, 266 F.R.D. 482, 491–92 (E.D. Cal. 2010) (citing to wage and hour cases where courts approved awards ranging from 30 to 33 percent); *Singer*, 2010 WL 2196104, at *8 (approving an attorneys' fee award of 33.33 percent).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-9286 PSG (SSx) | | Date | September 13, 2016 |
|---|---|---|---|---|
| Title | Luna *et al.* v. Universal City Studios, LLC | | | |

Given the above considerations, the Court finds class counsel's attorneys' fees reasonable under the common fund theory. The Court grants an upward departure from the 25 percent benchmark in light of the results achieved, the risk of litigation, the contingent nature of the fee, and the financial burden carried by class counsel.

        b.     *Lodestar Cross-Check*

To determine attorneys' fees under the lodestar method, a court must multiply the reasonable hours expended by a reasonable hourly rate. *In re Washington Public Power Supply System Securities Litig.*, 19 F.3d 1291, 1294 n.2 (9th Cir. 1994). The Court may then enhance the lodestar with a "multiplier," if necessary, to arrive at a reasonable fee. *Id.*

        1.     *Reasonable Rate*

The reasonable hourly rate is the rate prevailing in the community for similar work. *See Gonzalez v. City of Maywood*, 729 F.3d 1196, 1200 (9th Cir. 2013) ("[T]he court must compute the fee award using an hourly rate that is based on the prevailing market rates in the relevant community." (citation omitted)); *Viveros v. Donahue*, CV 10-08593 MMM (Ex), 2013 WL 1224848, at *2 (C.D. Cal. 2013) ("The court determines a reasonable hourly rate by looking to the prevailing market rate in the community for comparable services."). The relevant community is the community in which the court sits. *See Schwarz v. Sec. of Health & Human Servs.*, 73 F.3d 895, 906 (9th Cir. 1995). If an applicant fails to meet its burden, the Court may exercise its discretion to determine reasonable hourly rates based on its experience and knowledge of prevailing rates in the community. *See, e.g.*, *Viveros*, 2013 WL 1224848, at *2; *Ashendorf & Assocs. v. SMI-Hyundai Corp.*, CV 11-02398 ODW (PLAx), 2011 WL 3021533, at *3 (C.D. Cal. 2011); *Bademyan v. Receivable Mgmt. Servs. Corp.*, CV 08-00519 MMM (RZx), 2009 WL 605789, at *5 (C.D. Cal. 2009).

Class counsel asserts that the eight attorneys who worked on this case had hourly rates ranging from $425 to $825. *See Matern Decl.*, ¶ 33. The Court turns to the Real Rate Report as a useful guidepost to assess the reasonableness of these hourly rates in the Central District. *See Eksouzian v. Albanese*, CV 13-728 PSG (AJWx), at *4–5 (C.D. Cal. Oct. 23, 2015); *Carbajal v. Wells Fargo Bank, N.A.*, CV 14-7851 PSG (PLAx), at *5 (C.D. Cal. July 29, 2015). As Judge Fisher explained in *Hicks v. Toys 'R' Us-Delaware, Inc.*, the Real Rate Report is persuasive because it:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-9286 PSG (SSx) | | Date | September 13, 2016 |
|---|---|---|---|---|
| Title | Luna *et al.* v. Universal City Studios, LLC | | | |

> identifies attorney rates by location, experience, firm size, areas of expertise, and industry, as well as the specific practice areas, . . . [and] it is based on actual legal billing, matter information, and paid and processed invoices from more than 80 companies—a much better reflection of true market rates than self-reported rates in all practice areas as part of a national survey of top firms.

No. CV 13-1302 DSF (JCGx), 2014 WL 4670896, at *1 (C.D. Cal. Sept. 2, 2014).

     The 2015 Real Rate Report offers a number of relevant data points for fees in the Central District. The hourly rate for a partner who practices labor and employment law in a Los Angeles firm with fifty or fewer attorneys ranges from $240 to $367. *Real Rate Report* 128. Across all Los Angeles firms, a labor and employment litigation partner makes an hourly rate between $275 and $625. *Id.* 110. Associates in Los Angeles firms with fifty or fewer attorneys make an hourly rate from $190.30 to $275. *Id.* 128. Across all Los Angeles firms, a labor and employment litigation associate makes an hourly rate between $240 and $443. *Id.* 110. Nationwide, litigation associates in labor and employment law with three to seven years' experience earn an hourly rate between $240 and $409.42, and labor and employment litigation associates with more than seven years' experience earn an hourly rate between $240 and $442.94. *Id.* 112.

     Class counsel seeks approval for the hourly rates of one litigation partner, Mr. Matthew Matern, and seven associates. All attorneys are employees of the Matern Law Group, a fifteen member firm in Manhattan Beach, California. *Matern Decl.*, ¶ 23. Mr. Matern requests approval of an hourly rate of $825. *Id.* ¶ 33. The Court finds this rate too high in light of the prevailing hourly rates for litigation partners in labor and employment law at firms with fifty or fewer employees. *See Real Rate Report* 128 (reporting an hourly rate between $240 and $367 for partners in equivalent positions). The Court nonetheless recognizes that Mr. Matern has considerable experience in class action litigation and has successfully practiced law for nearly twenty-five years, including founding his own firm. *Id.* ¶¶ 19-21. Given Mr. Matern's qualifications and his performance in this case, the Court approves of an hourly rate of $625, which is the rate in the third quartile of Los Angeles firms for labor and employment litigation partners. *See Real Rate Report* 112. For the associates, the Court adopts the national rate for the third quartile of litigation associates with similar experience levels. *Id.* Thus, the Court finds the following adjustments appropriate:

| Attorney Name | Experience Level | Requested Hourly Rate | Accepted Hourly Rate (2015 Real Rate Report) |
|---|---|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-9286 PSG (SSx) | Date | September 13, 2016 |
|---|---|---|---|
| Title | Luna *et al.* v. Universal City Studios, LLC | | |

| | | | |
|---|---|---|---|
| Matthew J. Matern | Partner, 21+ years | $825 | $625 |
| Launa Adolph | Senior Associate, 7+ years | $650 | $445 |
| Rania Habib | Senior Associate, 7+ years | $625 | $445 |
| Dalia Khalili | Senior Associate, 7+ years | $575 | $445 |
| Jennifer Newman | Associate, 3–7 years | $525 | $410 |
| Aubry Wand | Associate, 3–7 years | $450 | $410 |
| Nakkisa Akhavan | Associate, 3–7 years | $450 | $410 |
| Leanne Nguyen | Associate, 3–7 years | $425 | $410 |

*See Matern Decl.*, ¶¶ 18-34 (listing attorneys' experiences, hourly rates, and hours worked).

2.      *Reasonable Hours*

An attorneys' fees award should include compensation for all hours reasonably expended prosecuting the matter, but "hours that are excessive, redundant, or otherwise unnecessary" should be excluded. *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1135 (9th Cir. 2012). "[T]he standard is whether a reasonable attorney would have believed the work to be reasonably expended in pursuit of success at the point in time when the work was performed." *Moore v. Jas. H. Matthews & Co.*, 682 F.2d 830, 839 (9th Cir. 1982).

Here, the records demonstrate that class counsel spent 940.4 hours litigating this case. *See Matern Decl.*, ¶ 33. This case originated in 2012 and has been litigated for more than three years, with more than two years of active litigation. In those years, counsel conducted legal research on Defendant's wage and hour policies; drafted and amended Complaints; engaged in written discovery and submitted a motion to compel; defended the witness depositions for all four Plaintiffs and conducted interviews with nearly 100 members of the class; and attended mediations and drafted stipulations. *Id.* ¶ 34. Class counsel estimates that they will spend fifty additional hours overseeing the settlement administration process. *Id.* Counsel provided the Court with detailed time records for the attorneys who worked on the case. *Matern Decl.*, Ex. C. After reviewing these records, the Court finds 940.4 hours reasonable.

Based on the Court's adjustment of class counsel's hourly rates, the reasonable lodestar amount is $436,593.50. The Court adjusts the attorneys' fees request as follows:

| Attorney Name | Accepted Hourly Rate | Number of Hours Worked | Total Request |
|---|---:|---:|---:|
| Matthew J. Matern | $625 | 197.3 | $123,312.50 |
| Launa Adolph | $445 | 199.0 | $88,555.00 |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-9286 PSG (SSx) | | Date | September 13, 2016 |
|---|---|---|---|---|
| Title | Luna *et al.* v. Universal City Studios, LLC | | | |

| | | | |
|---|---|---|---|
| Rania Habib | $445 | 39.4 | $17,533.00 |
| Dalia Khalili | $445 | 7.6 | $3,382.00 |
| Jennifer Newman | $410 | 94.2 | $38,622.00 |
| Aubry Wand | $410 | 309.7 | $126,977.00 |
| Nakkisa Akhavan | $410 | 46.3 | $18,983.00 |
| Leanne Nguyen | $410 | 46.9 | $19,229.00 |
| | ***Revised Lodestar Amount*** | | $436,593.50 |

*See Matern Decl.*, ¶ 33 (listing hourly rates and hours worked for each attorney).

### 3. Multiplier

The lodestar amount in this case is $436,593.50. Class counsel requests $532,800 in attorneys' fees. *See Fees Mot.* 5:8-13. The request constitutes a positive multiplier of 1.22. *See Wershba v. Apple Computer, Inc.*, 91 Cal. App. 4th 244, 255 (2001) (observing that multipliers can range from 2 to 4 or even higher); *Sutter Health Uninsured Pricing Cases*, 171 Cal. App. 4th 495, 512 (2009) (affirming attorney fee award with 2.52 multiplier). Given the favorable outcome for class members, the duration of the litigation, and class counsel's diligence in pursuing the case, the Court finds that a multiplier of 1.22 is justified and that an attorneys' fees award of $532,800 is reasonable.

Having assessed the reasonableness of the hourly rates, the hours worked, and the multiplier, the Court finds that the requested fee amount is reasonable under both the common fund and lodestar theories and therefore GRANTS Plaintiffs' motion for attorneys' fees.

### c. Litigation Costs

In addition to attorneys' fees, class counsel requests reimbursement of expenses in the amount of $73,382.82. *Matern Decl.* ¶ 47. Because Plaintiffs' claim for attorneys' fees arises under California law, the Court applies California law on costs rather than Local Rule 54-4. *See Clausen v. M/V New Carissa*, 339 F.3d 1049, 1064 (9th Cir. 2003). Plaintiffs have provided the Court with a record of all costs incurred to date in this litigation. *See Matern Decl.*, Ex. D. The Court is satisfied that the costs are reasonable, and therefore, the Court GRANTS Plaintiffs' motion for costs in the amount of $73,382.82.

### C. Motion for Incentive Payment to Plaintiffs

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-9286 PSG (SSx) | Date | September 13, 2016 |
|---|---|---|---|
| Title | Luna *et al.* v. Universal City Studios, LLC | | |

Plaintiffs Uriel Luna, Carrie Gartin, Shaun Gartin, and Gregoria Ruiz also request that the Court award each Plaintiff a Class Representative Service Award in the amount of $10,000. *Motion for Class Representative Service Awards* ("*Service Awards Mot.*") 1:3-5. "Incentive awards are fairly typical in class action cases." *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 958 (9th Cir. 2009) (citations omitted); *see In re Toys R Us-Delaware, Inc. Fair and Accurate Credit Transactions Act (FACTA) Litig.*, 295 F.R.D. 438, 470 (C.D. Cal. 2014). Courts have found that incentive awards are particularly appropriate in the employment context, where employees may open themselves to retaliation by their employer or co-workers. *See Frank v. Eastman Kodak Co.*, 228 F.R.D. 174, 187 (W.D.N.Y. 2005). When considering requests for incentive awards, courts consider five factors:

> (1) the risk to the class representative in commencing suit, both financial and otherwise; (2) the notoriety and personal difficulties encountered by the class representative; (3) the amount of time and effort spent by the class representative; (4) the duration of the litigation; (5) the personal benefit (or lack thereof) enjoyed by the class representative as a result of the litigation.

*Van Vraken v. Atl. Richfield Co.*, 901 F. Supp. 294, 299 (N.D. Cal. 1995).

In its Order preliminarily approving of the class action settlement, the Court raised concerns about the amount of the service awards, given that Ninth Circuit precedent has struck down excessively high awards that appear to over-compensate Plaintiffs. *See Online DVD-Rental*, 779 F.3d at 947–48. At the time of the preliminary approval, the Court did not have before it the declarations of the four named Plaintiffs in this case. Having reviewed those declarations and the facts set out in the motion, the Court is no longer concerned that the requested service award is unreasonable. This is especially true given that the total settlement amount increased after the Court's preliminary approval and Plaintiffs' did not increase their requested service award. The service award now comprises 2.2 percent of the settlement amount, which is within the range found reasonable in *Staton*. *See* 327 F.3d at 976–77 (striking down a service award of 6 percent); *see also Bostick v. Herbalife Int'l of Am., Inc.*, No. CV 13-2488 BRO (RZx), 2015 WL 3830208, at *6 (C.D. Cal. June 17, 2015) ($10,000 for one named plaintiff); *Boyd v. Bank of Am. Corp.*, No. SACV 13-561 DOC, 2014 WL 6473804, at *7 (C.D. Cal. Nov. 18, 2014) ($15,000 for named plaintiff); *Gino Morena Enters., LLC*, No. CV 13-1332 JM (NLSx), 2014 WL 5606442, at *3 (S.D. Cal. Nov. 4, 2014) ($10,000 each for two named plaintiffs).

Plaintiffs performed critical litigation tasks, including assisting class counsel in investigating the case, communicating with other class members about the status of the litigation,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-9286 PSG (SSx) | Date | September 13, 2016 |
|---|---|---|---|
| Title | Luna *et al.* v. Universal City Studios, LLC | | |

and preparing and attending depositions. *Service Awards Mot.* 3:4–18. Plaintiffs also risked retaliation by their current employer or future employers who might later learn that Plaintiffs were involved in class action litigation. *Id.* 3:26–28. Because this litigation has now gone on for more than three years, and resulted in substantial recoveries for other members of the class, the Court looks favorably on the service award request. Accordingly, the Court GRANTS Plaintiffs' motion for incentive awards for the four named Plaintiffs.

III.     Conclusion

For the reasons stated above, Plaintiffs' motion for final approval of class settlement and the plan of allocation, and the motions for attorneys' fees, costs, and incentive awards are GRANTED. Accordingly, it is HEREBY ORDERED AS FOLLOWS:

1. The Court approves settlement of the action between Plaintiffs and Defendant, as set forth in the Settlement Agreement as fair, reasonable, and adequate. The Parties are directed to perform their settlement in accordance with the terms set forth in the Settlement Agreement;

2. Class counsel is awarded $532,800 in attorneys' fees and $73,382.82 in costs. Additionally, each named Plaintiff is awarded $10,000. The Court finds that these amounts are warranted and reasonable for the reasons set forth in the moving papers before the Court and the reasons stated in this Order;

3. The Court approves payment in the amount of $7,500 to the California Labor Workforce Development Agency for the settlement of PAGA penalty claims and payment in the amount of $24,000 to Rust Consulting, Inc., the settlement administrator, for settlement administration costs;

4. Rust is authorized to disburse funds pursuant to the terms of the Settlement Agreement and this Order;

5. Without affecting the finality of this judgment in any way, this Court hereby retains exclusive jurisdiction over Defendant and the Settlement Class Members for all matters relating to the Litigation, including the administration, interpretation, effectuation, or enforcement of the Settlement Agreement and this order.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-9286 PSG (SSx) | Date | September 13, 2016 |
|---|---|---|---|
| Title | Luna *et al.* v. Universal City Studios, LLC | | |